## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

THE BOARD OF REGENTS OF THE
UNIVERSITY OF TEXAS SYSTEM

               Plaintiff,

     vs.

ALNYLAM PHARMACEUTICALS INC.
AND ALNYLAM U.S., INC.

            Defendants

Civil Action No. 1:24-cv-1524-DAE

JURY TRIAL DEMANDED

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR IMPROPER VENUE
## OR IN THE ALTERNATIVE TRANSFER UNDER RULE 12(b)(3)

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     STATEMENT OF RELEVANT FACTS ............................................................. 1

        A.      Alnylam Does Not "Reside" in the District ........................................... 1

        B.      Alnylam Does Not Have a "Regular and Established Place of Business" in
                the District ............................................................................................. 1

III.    LEGAL STANDARD ......................................................................................... 2

IV.     VENUE IS NOT PROPER IN THE WESTERN DISTRICT OF TEXAS ........................ 3

        A.      Alnylam Does Not Reside in the Western District of Texas .................................. 3

        B.      Alnylam Does Not Have a "Regular and Established Place of Business" in
                the Western District of Texas ........................................................................ 3

                1.      The Presence of Employees within the District is Insufficient to
                        Create a "Regular and Established Place of Business" .............................. 4

                2.      Clinical Research on ONPATTRO® Within the District is
                        Insufficient to Create a "Regular and Established Place of
                        Business" .............................................................................................. 6

V.      IF THE COURT DOES NOT DISMISS FOR LACK OF VENUE, IT SHOULD
        TRANSFER THIS CASE TO THE DISTRICT OF MASSACHUSETTS ........................ 7

        A.      This Case Could Have Been Brought in The District of Massachusetts ............... 8

        B.      The Private Interest Factors Favor Transfer to The District of
                Massachusetts .............................................................................................. 9

                1.      The Cost of Attendance for Willing Witnesses Strongly Favors
                        Transfer ................................................................................................ 9

                2.      The Relative Ease of Access to Sources of Proof Strongly Favors
                        Transfer ................................................................................................ 10

                3.      The Availability of Compulsory Process Factor Favors Transfer ............. 11

                4.      The Other Practical Problems Factor Favors Transfer. ............................ 12

        C.      The Public Interest Factors Favor Transfer ................................................ 13

                1.      The Local Interest Factor Favors Transfer ............................................... 13

                2.      The Remaining Factors Are Neutral ........................................................ 14

VI.     CONCLUSION ................................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Action Indus., Inc. v. U.S. Fid. & Guar. Co.*,
  358 F.3d 337 (5th Cir. 2004) ...................................................................................8

*In re Adobe Inc.*,
  823 F. App'x 929 (Fed. Cir. 2020) .........................................................................14

*Affinity Labs of Tex., LLC v. Blackberry Ltd.*,
  No. 6:13-CV-362, 2014 WL 10748106 (W.D. Tex. June 11, 2014) .......................12

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020)...............................................................................10

*In re Apple*,
  581 F. App'x 886 (Fed. Cir. 2014) ..........................................................................12

*Bd. of Regents, The Univ. of Tex. Sys. v. Boston Sci. Corp.*,
  No. 1:17-cv-1103, D.I. 27 (W.D. Tex. Mar. 12, 2018)...........................................7

*In re BigCommerce, Inc.*,
  890 F.3d 978 (Fed. Cir. 2018)...................................................................................2

*Correct Transmission LLC v. ADTRAN, Inc.*,
  No. 6:20-cv-00669, 2021 WL 1967985 (W.D. Tex. May 17, 2021)........................5

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017)........................................................................3, 4, 5

*DataQuill, Ltd. v. Apple Inc.*,
  No. 13-CA-706, 2014 WL 2722201 (W.D. Tex. June 13, 2014) ...........................13

*Delta Elecs., Inc. v. Vicor Corp.*,
  724 F. Supp. 3d 645 (W.D. Tex. 2024)....................................................................3

*Fintiv, Inc.v. Apple Inc.*,
  No. 6:18-CV-00372-ADA, 2019 WL 4743678 (W.D. Tex. Sept. 13, 2019) .........11

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009)....................................................................9, 10, 14

*Gesture Tech. Partners, LLC v. Lenovo Grp. Ltd.*,
  No. W-21-CV-00122-ADA, 2021 WL 6205789 (W.D. Tex. Dec. 29, 2021) .................4, 5, 6

*In re Google LLC*,
    949 F.3d 1338 (Fed. Cir. 2020)................................................................6

*In re Google LLC*,
    58 F.4th 1379 (Fed. Cir. 2023) ..............................................................14

*In re Google LLC*,
    No. 2021-171, 2021 WL 4592280 (Fed. Cir. 2021) ...............................13

*In re Google LLC*,
    No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) .................11

*GreatGigz Sols., LLC v. ZipRecruiter, Inc.*,
    No. W-21-CV-00172-ADA, 2022 WL 432558 (W.D. Tex. Feb. 11, 2022)....................4, 5, 6

*Haptic, Inc. v. Apple, Inc*.,
    No. 1:23-CV-1351-DII, 2024 WL 2954194 (W.D. Tex. Apr. 15, 2024) ........................10, 11

*HD Silicon Sols. LLC v. Microchip Tech. Inc*.,
    No. W-20-CV-01092-ADA, 2021 WL 4953884 (W.D. Tex. Oct. 25, 2021).........................13

*IngenioShare, LLC v. Epic Games, Inc*.,
    No. W-21-CV-00663-ADA, 2022 WL 827808 (W.D. Tex. Mar. 18, 2022) ...........................4

*In re Meta Platforms, Inc.*,
    No. 2023-143, 2023 WL 7118786 (Fed. Cir. Oct. 30, 2023)...................14

*In re Nintendo Co., Ltd.*,
    589 F.3d 1194 (Fed. Cir. 2009)..............................................................10

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981) ..................................................................................8

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    581 U.S. 258 (2017)...................................................................................2

*Uniloc USA Inc. v. Box, Inc.*,
    No. 1:17-CV-754-LY, 2018 WL 2729202 (W.D. Tex. June 6, 2018).............................12, 14

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir.2004) ..............................................................8, 12

*In re Volkswagen of Am., Inc*.,
    545 F.3d 304 (5th Cir. 2008) .........................................................8, 11, 12

*XY, LLC v. Trans Ova Genetics, LC*,
    No. W-16-CA-00447-RP, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) ..............................10

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018)...................................................................................................3

**Statutes**

28 U.S.C. § 1400(b) ........................................................................................................2, 3, 8

28 U.S.C. § 1404(a) ...........................................................................................................1, 8

28 U.S.C. § 1406(a) ..............................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 45(c)(1)(A), (B) ..........................................................................................11

Federal Rule of Civil Procedure 12(b)(3) .........................................................................1, 3, 7

## I.    INTRODUCTION

Defendants Alnylam Pharmaceuticals Inc. and Alnylam U.S., Inc. ("Alnylam") do not reside in the Western District of Texas ("the District"), nor do they have a regular and established place of business here.  Because venue is not proper in this District, Alnylam moves that the Court dismiss all claims for improper venue under Federal Rule of Civil Procedure 12(b)(3).  In the alternative, Alnylam requests that the Court transfer this case to the United States District Court for Massachusetts ("D. Mass") under 28 U.S.C. § 1404(a).

## II.    STATEMENT OF RELEVANT FACTS

Plaintiff brought this suit against Alnylam alleging that Alnylam's life-saving drug ONPATTRO® infringes U.S. Patent No. 8,896,717 (the "'717 Patent").

### A.    Alnylam Does Not "Reside" in the District

Alnylam Pharmaceuticals Inc. is a corporation incorporated in the State of Delaware, with its principal place of business in Cambridge, Massachusetts.  D.I. 1 at ¶ 9; Declaration of Steve Bossone ("Bossone Decl.") at ¶ 6.  Alnylam U.S., Inc. is a wholly owned subsidiary of Alnylam Pharmaceuticals Inc.  *Id*. at ¶ 7.  Alnylam U.S., Inc. is incorporated in the State of Delaware and does not have a place of business in the State of Texas.  *Id.*

### B.    Alnylam Does Not Have a "Regular and Established Place of Business" in the District

Alnylam does not own, lease, or maintain any physical place of business or real property in the District.  Bossone Decl. at ¶ 8.  Alnylam's job listings, including the job listings Plaintiff identified in its Complaint (D.I. 1 at ¶ 14, Ex. 4), do not require that any Alnylam employee reside within the District.  Bossone Decl. at ¶ 13.

As of December 2024, of the over 2200 employees who work for Alnylam, only nine live in the District.  Bossone Decl. at ¶ 9. All nine employees work remotely and report into Alnylam

through its Cambridge, Massachusetts headquarters. *Id.* Any Alnylam employee who lives in the District has lived there by choice. *Id.* at ¶¶ 10-11. As with all remote workers, Alnylam reimburses for internet and basic remote office costs. *Id.* at ¶ 12. Alnylam does not pay for or subsidize remote employees' homes, home offices, or other expenses. *Id.* None of the eight employees identified by Plaintiff in its Complaint are required to live in the District or anywhere in the State of Texas. *Id.* at ¶¶ 10-11. Each holds a position that is based on territories extending beyond the State of Texas, including Arkansas, Illinois, Indiana, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Nebraska, New Mexico, Oklahoma, and Wisconsin. *Id.* at ¶ 10. Alnylam's policy simply requires that such employees reside within 30 miles of their territory. *Id.* at ¶ 11.

The research, development and testing of ONPATTRO® took place primarily in Massachusetts and all but one of the individuals involved in the development of ONPATTRO® reside outside the District. Bossone Decl. at ¶¶ 16-18. Alnylam contracts with third parties to administer clinical trials within the District. *Id.* at ¶ 22. Alnylam is not responsible for patient enrollment or administration of ONPATTRO®in the District. *Id.* Alnylam does not manufacture, store or distribute ONPATTRO® within the District. *Id.* at ¶ 14.

## III.    LEGAL STANDARD

In a patent case, venue is proper "[1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 261 (2017). Under the first prong of §1400(b), a defendant "resides" in a district only if the district is its place of incorporation or the location of its principal place of business. *Id.* at 262; *In re BigCommerce, Inc.*, 890 F.3d 978, 982 (Fed. Cir. 2018). Under the second prong, to find that a defendant has a regular and established place of business in the district "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it

must be the place of the defendant." *In re Cray Inc*., 871 F.3d 1355, 1360 (Fed. Cir. 2017).  All

three factors of the second prong must be met for venue to be proper in a specific district.  *Id.*

Once a defendant raises a Rule 12(b)(3) motion to dismiss for improper venue, the burden

of proving whether venue is appropriate shifts to plaintiff.  *In re ZTE (USA) Inc*., 890 F.3d 1008,

1013 (Fed. Cir. 2018); *Delta Elecs., Inc. v. Vicor Corp*., 724 F. Supp. 3d 645, 652 (W.D. Tex. 2024).

If venue is improper under Section 1400(b), the Court "shall dismiss, or if it be in the interest of

justice, transfer such case to any district or division in which it could have been brought."  28

U.S.C. § 1406(a).

## IV.    VENUE IS NOT PROPER IN THE WESTERN DISTRICT OF TEXAS

### A.    Alnylam Does Not Reside in the Western District of Texas

Venue is not proper under the first prong of Section 1400(b), as neither Defendant "resides"

in the District.  Alnylam Pharmaceuticals Inc. is a corporation incorporated in the State of

Delaware, with its principal place of business in Cambridge, Massachusetts.  Bossone Decl. at ¶

6.  Alnylam U.S., Inc. is a wholly owned subsidiary of Alnylam Pharmaceuticals Inc. and

incorporated in the State of Delaware.  *Id.* at ¶ 7.  Plaintiff has not alleged, nor can it establish, that

Alnylam "resides" in the Western District of Texas.

### B.    Alnylam Does Not Have a "Regular and Established Place of Business" in the Western District of Texas

Venue is not proper under the second prong of Section 1400(b). Plaintiff has failed to

establish that Alnylam has a regular and established place of business in the District, *i.e.*, that "(1)

there must be a physical place in the district; (2) it must be a regular and established place of

business; and (3) it must be the place of the defendant." *In re Cray*, 871 F.3d at 1360.  In order for

a location to be considered a "place of the defendant" courts analyze several non-exhaustive

factors, including: "(1) whether a defendant owns, leases, or rents any portion of its employees'

homes, (2) whether a defendant played a part in selecting the place's location, storing inventory or conducting demonstrations there, (3) conditioning employment or support on the maintenance of a location in the district, and (4) marketing or advertisements that indicate that the defendant itself holds out a place for its business." *IngenioShare, LLC v. Epic Games, Inc*., No. W-21-CV-00663-ADA, 2022 WL 827808, at *3 (W.D. Tex. Mar. 18, 2022) (citing *In re Cray*, 871 F.3d at 1365).

As explained above, Alnylam does not have a place of business in the District, much less a "regular and established place of business." Alnylam does not own, lease, or maintain any physical place of business or real property in the state of Texas. Bossone Decl. at ¶ 8.

The Complaint includes two statements in support of venue: (1) "Alnylam sales, patient education, medical education and other personnel work in this District and commit acts of infringement, including by using, instructing others to use, marketing, selling, and offering to sell ONPATTRO®, and inducing others to do the same;" and (2) "Alnylam conducts and controls clinical research in this District, including research relating to and involving the administration of ONPATTRO®." D.I. 1 at ¶ 14. Both allegations are insufficient to establish that Alnylam has a regular and established place of business in the District.

1. The Presence of Employees within the District is Insufficient to Create a "Regular and Established Place of Business"

It is well established that the presence of employees residing within a judicial district is insufficient to establish venue. *Gesture Tech. Partners, LLC v. Lenovo Grp. Ltd*., No. W-21-CV-00122-ADA, 2021 WL 6205789, at *4 (W.D. Tex. Dec. 29, 2021). *GreatGigz Sols., LLC v. ZipRecruiter, Inc.*, No. W-21-CV-00172-ADA, 2022 WL 432558, at *6 (W.D. Tex. Feb. 11, 2022). Plaintiff's reference to eight employee LinkedIn pages indicating that the employees choose to live in the District is insufficient to establish a "place of the defendant." Indeed, courts have found that the mere presence of an employee's home or the presence of remote employees within a district,

as shown through LinkedIn profiles is "too speculative" to show that the employees' homes are "regular and established places of business of the Defendants" within the District. *See e.g.*, *Gesture Tech.*, 2021 WL 6205789, at *3 (finding LinkedIn profiles of 12 employees residing within the district insufficient to establish employees' homes as a place of the defendant even where defendant paid a one-time stipend to set up employees' home offices); *GreatGigz Sols.*, 2022 WL 432558, at *6 (finding that the presence of 17 remote employees within the district was insufficient to establish venue).

Alnylam does not require that any employee live within the District or even within the State of Texas. Bossone Decl. at ¶ 10; *In re Cray*, 871 F.3d 1355 at 1363 ("[I]f an employee can move his or her home out of the district at his or her own instigation, without the approval of the defendant, that would cut against the employee's home being considered a place of business of the defendant"); *see also Correct Transmission LLC v. ADTRAN, Inc.*, No. 6:20-cv-00669, 2021 WL 1967985, at *4 (W.D. Tex. May 17, 2021) (defendant did not establish or ratify an employee's home where the company did not require the employee to work there).

Each of Alnylam's employees residing in Texas, including those who have chosen to live in the District, work remotely from their homes. Bossone Decl. at ¶ 11. Each reports into and is assigned to Alnylam's headquarters in Cambridge, Massachusetts. *Id*. at ¶ 10. Alnylam does not own or lease any portion of its employees' homes or pay any part of their rent within the District. *Id*. at ¶ 12. Alnylam's policy to reimburse fully remote and hybrid employees for internet as well as some basic office supplies is insufficient to establish venue. *In re Cray*, 871 F.3d at 1364 (reimbursing employees for phone, internet, and business-related travel expenses is insufficient). While Alnylam's remote employees are sometimes required to be located within 30 miles of their territory, the territory covering Texas also covers Arkansas, Illinois, Indiana, Iowa, Kansas,

Louisiana, Minnesota, Mississippi, Missouri, Nebraska, New Mexico, Oklahoma, and Wisconsin. Bossone Decl. at ¶ 10. Therefore, an employee assigned to the territory covering Texas can live anywhere that is within 30 miles of any of the above-listed states. *Id*. at ¶ 11.

Furthermore, none of Alnylam's job listings require residence in the District as a condition of employment. Bossone Decl. at ¶ 13. Courts have repeatedly found that the mere presence of remote employees who are not required to live in the District is insufficient to establish venue. *See e.g.*, *Gesture Tech.,* WL 6205789, at *3 (finding the homes of remote employees "too speculative" to be regular and established places of the defendant); *GreatGigz Sols.,* 2022 WL 432558, at *6 (finding the presence of remote employees inadequate for a regular and established place in the district).

2.  Clinical Research on ONPATTRO® Within the District is Insufficient to Create a "Regular and Established Place of Business"

The clinical trials Plaintiff identified in its Complaint (D.I. 1 at ¶ 14, Ex. 6) are also insufficient to establish a regular and established place of business of Alnylam in the District. "[A] regular and established place of business requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged place of business." *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020). Plaintiff cites no authority that finds the presence of clinical trials sufficient within a district to create a regular and established place of business.

Alnylam does not conduct the clinical trials. Bossone Decl. at ¶ 21. Rather, as is typical in the industry, it works with local medical centers and Clinical Research Organizations ("CROs") within the District and elsewhere to administer clinical trials. *Id*. at ¶ 22; *Gesture Tech.,* 2021 WL 6205789, at *4 (venue cannot be imputed to Defendants where "Defendants and the third-party

authorized service centers and resellers are independent corporations and companies" and "all third parties are independently owned and operated").

.   The clinical trials are administered entirely by third parties that are not owned or controlled by Alnylam.  *Id*.  None of the responsible employees are employed by Alnylam.  *Id*.

Alnylam does not manufacture or store ONPATTRO® within the District.  Bossone Decl. at ¶ 14.  Nor is Alnylam directly responsible for the distribution of ONPATTRO® in the District. *Id*.  Alnylam employees do not administer ONPATTRO® within the District.  *Id*. at ¶ 15.  As is typical in the industry, administration of ONPATTRO®, including home administration, is executed by nurses or other medical professionals employed by specialty pharmacies with whom Alnylam contracts, such as Accredo and CVS.  *Id*. at ¶ 23.  Alnylam does not advertise or own any locations for administration of ONPATTRO® within the District.  *Id*. at ¶ 8.

In sum, the facts pled by Plaintiff fail to demonstrate that venue in the Western District of Texas is proper.  In a similar scenario, this Court found that venue was improper where the defendant did "not own or lease any property" or "maintain any business address in the Western District of Texas" and its 46 remote employees (more than five times the number of remote employees at issue here), did "not work in locations that are owned, leased, or otherwise controlled by [defendant]").  *Bd. of Regents, The Univ. of Tex. Sys. v. Boston Sci. Corp.*, No. 1:17-cv-1103, D.I. 27 at 2 (W.D. Tex. Mar. 12, 2018) (J., Yeakel, *aff'd*, 936 F.3d 1365 (Fed. Cir. 2019)). Accordingly, Alnylam respectfully requests that the Court dismiss all claims for improper venue under Rule 12(b)(3).

## V.    IF THE COURT DOES NOT DISMISS FOR LACK OF VENUE, IT SHOULD TRANSFER THIS CASE TO THE DISTRICT OF MASSACHUSETTS

This case should be dismissed for lack of venue.  But if the Court elects not to dismiss Plaintiff's Complaint, the Court should transfer this case to the District of Massachusetts where

venue is proper under 28 U.S.C. § 1404(a). Alnylam is a Delaware corporation with its principal place of business in Cambridge, Massachusetts. This lawsuit could have been filed in the District of Massachusetts. The vast majority of the evidence and witnesses, including many non-party witnesses, are located in the District of Massachusetts. Considering the public and private factors as discussed below, the District of Massachusetts is clearly the more convenient forum for this case.

"[T]he preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc*., 545 F.3d 304, 312 (5th Cir. 2008) [hereinafter "*Volkswagen II*"]. If this requirement is met, the Fifth Circuit Court of Appeals has held that "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004) [hereinafter "*Volkswagen I*"] (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*.

### A.    This Case Could Have Been Brought in The District of Massachusetts

Alnylam is headquartered and has its principal place of business in Cambridge, Massachusetts. Therefore, venue would be proper in the District of Massachusetts under Section 1400(b). *Volkswagen II*, 545 F.3d at 312.

**B.      The Private Interest Factors Favor Transfer to The District of Massachusetts**

The private interest factors strongly favor transfer to the District of Massachusetts.  The relevant witnesses knowledgeable about the accused product and sources of proof are overwhelmingly located in Massachusetts.  *In re Genentech, Inc*., 566 F.3d 1338, 1343 (Fed. Cir. 2009) (The convenience of witnesses factor is "probably the single most important factor in [the] transfer analysis[.]").  Alnylam's development and leadership teams for the accused product identified in Plaintiff's Complaint are located in Cambridge, Massachusetts. Bossone Decl. at ¶ 19.  All but one of the inventors of patents related to the accused product are also located in Massachusetts.  *Id*. at ¶ 16.  The bulk of the relevant evidence and records is located in the District of Massachusetts.[1]  *Id*. at ¶ 18.   Although Plaintiff's office is located in the District, Plaintiff's likely witnesses and relevant documents for its patent infringement case involving The University of Texas M.D. Anderson Cancer Center ("MD Anderson") do not reside in this District.

1.  The Cost of Attendance for Willing Witnesses Strongly Favors Transfer

Alnylam is headquartered in Cambridge, Massachusetts.  Bossone Decl. at ¶ 6.  The individuals responsible for the leadership of the ONPATTRO® team are all located in the District of Massachusetts.  *Id*. at ¶ 19.  Furthermore, of the 13 then-Alnylam attendees at the alleged 2007 Meeting, two are still Alnylam employees and are presently located in the District of Massachusetts.  *Id*. at ¶ 27.   The current Alnylam employees involved in the development of ONPATTRO® are also located within the District of Massachusetts.  *Id*. at ¶ 19.

As Plaintiff concedes, while Plaintiff's office is located in the District, MD Anderson is located in Houston, Texas – outside the District.  D.I. 1 at ¶ 8.  As such, Plaintiff's likely key witnesses for its patent infringement case do not reside in this District.   None of the named

---

[1] The 2007 meeting alleged in Plaintiff's complaint to have been the origin of the parties' dispute also took place in Cambridge, Massachusetts (the "2007 Meeting").  D.I. 1 at ¶ 3.

inventors of the '717 Patent reside in this District.  Two of the four named inventors of the '717 Patent, Drs. Anil K. Sood and Gabriel Lopez-Berestein, appear to be located in Houston, Texas. Declaration of Sarah Columbia ("Columbia Decl."), Exs. A and B.  The remaining two inventors, Charles N. Landen and Arturo Chavez-Reyez, appear to be located in Alabama and Chile, respectively.  *Id.*, Exs. C and D.  Therefore, even assuming they are "willing witnesses," travel for these two individuals would be equally inconvenient to either district.

This factor clearly favors transfer as Alnylam's potentially relevant willing witnesses are all located in the District of Massachusetts while Plaintiffs have not identified any potentially relevant witnesses located in the District.  *In re Genentech*, 566 F.3d 1338 at 1345 (The question is not whether "all of the witnesses" reside in the transferee forum, but whether a "substantial number" are there.); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) ("This court has held and holds again in this instance that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer.").

2.  The Relative Ease of Access to Sources of Proof Strongly Favors Transfer

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *Genentech*, 566 F.3d at 1345; *see also In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020); *Haptic, Inc. v. Apple, Inc.*, No. 1:23-CV-1351-DII, 2024 WL 2954194, at *3 (W.D. Tex. Apr. 15, 2024).  "In determining the ease of access to sources of proof, the Court will look to the location where the allegedly infringing products were researched, designed, developed and tested."  *XY, LLC v. Trans Ova Genetics, LC*, No. W-16-CA-00447-RP, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017).

The bulk of Alnylam's U.S. documents related to the research and development of ONPATTRO® are located at its headquarters in Cambridge, Massachusetts or are digitized. Bossone Decl. at ¶ 18. Further, documents related to the 2007 Meeting that took place in Cambridge, Massachusetts are also located in Cambridge or digitized. *Id*. at ¶ 28. Although many of the records are currently digitized, this factor still weighs in favor of transfer since these electronic sources are "more readily available" in the District of Massachusetts and "because most of the custodians of the relevant records are located there." *Haptic*, 2024 WL 2954194, at *4; *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021) (When documents are stored electronically, courts should consider both "the location of servers where documents are stored" as well as "the#location of document custodians and location where documents are created and maintained.").

To the extent Plaintiff argues that its own records are located in Texas, Plaintiff's likely relevant documents for its patent infringement case involve the work of MD Anderson and its research scientists located in Houston – which is not part of the District.

3.  The Availability of Compulsory Process Factor Favors Transfer

The compulsory process factor focuses on "non-party witnesses whose attendance may need to be secured by a court order." *Fintiv, Inc.v. Apple Inc*., No. 6:18-CV-00372-ADA, 2019 WL 4743678, at *5 (W.D. Tex. Sept. 13, 2019) (citing *Volkswagen II*, 545 F.3d at 316). Under the Federal Rules, a court may subpoena a witness to trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A), (B).

The majority of individuals who contributed to the development and invention of ONPATTRO® are no longer Alnylam employees and are not, therefore, "willing" witnesses. Most

are known to live in the District of Massachusetts and would be subject to subpoena in the District

of Massachusetts.  Bossone Decl. at ¶ 16.  Specifically, all but one of the 13 inventors involved in

the development of ONPATTRO® are located in Massachusetts.  *Id*.  Furthermore, many non-

inventor former Alnylam employees that were involved in the research and development of

ONPATTRO® are located in Massachusetts.  *Id*. at ¶ 19.  All but one of the five of the individuals

responsible for running Alnylam's ONPATTRO development are former Alnylam employees, and

all currently reside in the district of Massachusetts.  *Id*.  Of the attendees of the 2007 Meeting, 11

out of 13 of these individuals are former Alnylam employees, and each still resides in the District

of Massachusetts. The remaining two individuals who attended the 2007 Meeting reside in Europe

where either forum would be equally inconvenient.  *Id*. at ¶ 27; *In re Apple*, 581 F. App'x 886, 889

(Fed. Cir. 2014) (compulsory-process factor "will weigh heavily in favor of transfer when more

third-party witnesses reside within the transferee venue"); *Affinity Labs of Tex., LLC v. Blackberry

Ltd.*, No. 6:13-CV-362, 2014 WL 10748106, at *5 (W.D. Tex. June 11, 2014) ("[T]his factor will

weigh more heavily in favor of transfer when more third-party witnesses reside within the

transferee venue.") (quoting *Volkswagen II*, 545 F.3d at 316).

    This factor favors transfer as most of the known non-party witnesses (more than 31

witnesses) are located in the District of Massachusetts.

    4.  <u>The Other Practical Problems Factor Favors Transfer.</u>

    The final private interest considerations include "all other practical problems that make

trial of a case easy, expeditious and inexpensive."  *Uniloc USA Inc. v. Box, Inc.*, No. 1:17-CV-754-

LY, 2018 WL 2729202, at *4 (W.D. Tex. June 6, 2018) (citing *Volkswagen I*, 371 F.3d at 203).  As

discussed above, the expense and ease of getting potential witnesses from the District of

Massachusetts to this District would be more challenging than if this case were in the District of

Massachusetts.  Furthermore, this case is in its early stages and there are no practical problems that would deter this Court from transferring to the District of Massachusetts.

### C.    The Public Interest Factors Favor Transfer

The public interest factors favor transfer to the District of Massachusetts or are neutral.

1.    <u>The Local Interest Factor Favors Transfer</u>

Local interests favor the District of Massachusetts.  "A local interest is demonstrated by a relevant factual connection between the events and the venue." *HD Silicon Sols. LLC v. Microchip Tech. Inc.*, No. W-20-CV-01092-ADA, 2021 WL 4953884, at *6 (W.D. Tex. Oct. 25, 2021).  The "focus is on where the events forming the basis for infringement occurred and not the parties' generalized connections to the forum." *Id*.  The "most relevant considerations are therefore where the design, development, and sale of the accused products occurred." *Id.*

The design and development of the accused product - ONPATTRO® - occurred in Massachusetts and the vast majority of Alnylam's potentially relevant employees and former employees are also residents of that district.  Bossone Decl. at ¶¶ 18-19.  The 2007 Meeting alleged in Plaintiff's complaint to have been the origin of the parties' dispute took place in Cambridge, Massachusetts.  *Id*. at ¶ 26.  The vast majority of the Alnylam attendees at that meeting, whether or not still employed by Alnylam, are living in Massachusetts. *Id*. at ¶ 27.  Although Plaintiff does have a presence in this District, few, if any, of the events giving rise to the alleged infringement claim occurred in this District.  Plaintiff's patent infringement allegations "call[s] into question the work and reputation of residents [in the District of Massachusetts], not the Western District of Texas." *DataQuill, Ltd. v. Apple Inc.*, No. 13-CA-706, 2014 WL 2722201, at *4 (W.D. Tex. June 13, 2014).  Thus, the local interest factor weighs in favor of transfer because the District of Massachusetts has significant connections to the events forming the basis for the infringement allegations. *In re Google LLC*, No. 2021-171, 2021 WL 4592280, at *5 (Fed. Cir. 2021) ("what is

required is that there be 'significant connections between a particular venue and the events that gave rise to a suit.'").

    2.  <u>The Remaining Factors Are Neutral</u>

       The remaining public interest factors are neutral. The court congestion factor is "the most speculative" and given little weight compared to the other transfer factors. *Genentech*, 566 F.3d at 1347. Indeed, the Federal Circuit has "questioned whether the court congestion factor was relevant under the circumstances and held…where 'several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district should not alone outweigh all of those other factors.'" *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020) (citing *Genentech*, 566 F.3d at 1347). Here, there is not an appreciable difference in docket congestion between the forums. Average time to trial statistics indicate that cases reach trial less than three months sooner in the Western District of Texas as compared to the District of Massachusetts and both districts have a relatively high caseload. Columbia Decl. at ¶ 6, Ex. E. Even if this Court has the ability to resolve the case more quickly, the difference in time is marginal and not sufficient to deny transfer "with several factors favoring transfer and nothing else favoring retaining this case in Western Texas." *In re Adobe Inc.*, 823 F. App'x at 932. Furthermore, this factor "should not weigh against transfer when the patentee 'is not engaged in product competition in the marketplace and is not threatened in the market in a way that . . . might add urgency to case resolution.'" *In re Meta Platforms, Inc.*, No. 2023-143, 2023 WL 7118786, at *2 (Fed. Cir. Oct. 30, 2023) (quoting *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023)).

       Both districts are familiar with the governing federal patent law and Alnylam is not aware of any applicable conflicts of law or foreign law. *See Uniloc.*, 2018 WL 2729202, at *5.

## VI.    CONCLUSION

For the foregoing reasons, this case should be dismissed for improper venue. In the alternative, Alnylam moves that the Court transfer this case to the District of Massachusetts.


Dated: February 5, 2025                                Respectfully submitted,

                                                       */s/ Samoneh Schickel*
                                                       Samoneh Schickel
                                                       Texas Bar No. 24097911
                                                       McDermott Will & Emery LLP
                                                       300 Colorado Street, Suite 2200
                                                       Austin, TX  78701
                                                       Tel.: (512) 726-2600
                                                       Fax: (512) 532-0002

                                                       William G. Gaede, III *(Admitted Pro Hac Vice)*
                                                       McDermott Will & Emery LLP
                                                       415 Mission Street, Suite 5600
                                                       San Francisco, CA 94105
                                                       (650) 815-7400

                                                       Sarah Chapin Columbia *(Admitted Pro Hac Vice)*
                                                       Sarah J. Fischer *(Admitted Pro Hac Vice)*
                                                       McDermott Will & Emery LLP
                                                       200 Clarendon Street, Floor 58
                                                       Boston, MA 02116-5021
                                                       (617) 535-4000

                                                       Mandy H. Kim *(Pro Hac Vice Pending)*
                                                       McDermott Will & Emery LLP
                                                       18585 Jamboree Road, Suite 250
                                                       Irvine, CA 92612-2565
                                                       (949) 757-6061

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), counsel for the parties conferred on February 4, 2025.

Plaintiff opposes Alnylam's motion.

By: */s/ Samoneh Schickel*
Samoneh Schickel

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing is being served via the Court's CM/ECF system on

February 5, 2025, on all counsel of record who consent to electronic service.

By: */s/ Samoneh Schickel*
Samoneh Schickel