# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM<br><br>Plaintiff,<br><br>vs.<br><br>ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.<br><br>Defendants | Civil Action No. 1:24-cv-1524-DAE<br><br>JURY TRIAL DEMANDED |

**DECLARATION OF STEVE BOSSONE IN SUPPORT OF ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.'S MOTION TO DISMISS FOR IMPROPER VENUE OR IN THE ALTERNATIVE TRANSFER UNDER RULE 12(b)(3)**

I, Steve Bossone, declare as follows:

1. I am currently the Senior Vice President and General Counsel for Intellectual Property at Alnylam Pharmaceuticals, Inc.

2. I am an attorney admitted into practice in the Commonwealth of Massachusetts.

3. I have worked at Alnylam since 2010, and I am familiar with the development of ONPATTRO®.

4. I have personal knowledge of the matters stated in this Declaration or have knowledge as a result of my routine activities performed as part of my general job responsibilities and could testify competently thereto if called upon to do so.

5. I submit this declaration in support of Alnylam Pharmaceuticals, Inc. and Alnylam U.S. Inc.'s (hereafter, "Alnylam") Motion to Dismiss the Complaint for Improper Venue or in the Alternative Transfer under Rule 12(b)(3).

6. Alnylam Pharmaceuticals, Inc. is a corporation incorporated in the State of Delaware and headquartered at 675 West Kendall Street, Termeer Square, Cambridge, MA.

7. Alnylam U.S. Inc. is a wholly owned subsidiary of Alnylam Pharmaceuticals, Inc. and is incorporated in the state of Delaware. Alnylam U.S. Inc. does not have a place of business in the State of Texas.

8. Alnylam does not own or lease any property in the State of Texas, including in the Western District of Texas ("the District"). Nor does it maintain any physical address in Texas.

9. According to Alnylam's employee records, there are about 2279 employees worldwide. Of those employees, only nine employees lived in the Western District of Texas as of December 2024. These employees work from home and not from an Alnylam office. According to Alnylam company policy, any employees who lived in the Western District of Texas as of December 2024 could leave the Western District of Texas and remain employed with Alnylam.

10. Alnylam does not require any of its employees to live in the state of Texas. The eight employees identified by Plaintiff in Exhibit 3 of its Complaint (D.I. 1; Ben Johnson, Jane Regan, Andrew Do, Kimberly McAlarney, Heather Smith, Prassan Soanker, Minzhao Liu, and Mahesh Tawney) hold positions that are based on territory or reside in Texas of their own choosing. The territory covering Texas also includes Arkansas, Illinois, Indiana, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Nebraska, New Mexico, Oklahoma, and Wisconsin. None of the listed employees are required to live in the District, nor are they required to live anywhere in the State of Texas. Each of these individuals are categorized as assigned to Alnylam's headquarters in Cambridge, Massachusetts.

11. Alnylam has a policy that some employees must reside within 30 miles of their territory, *i.e.*, within 30 miles of one or more of the states listed above as it relates to the territory which includes the state of Texas. Therefore, any employee living within the District has lived there by choice.

12. Alnylam has a number of employees who work fully remotely as well as a number of hybrid employees who come into an Alnylam office 2-3 days per week and work remotely the other days. Alnylam has a policy which reimburses all fully remote and hybrid employees for charges that may include the cost of internet as well as some basic office supplies that would be provided if they were located at an Alnylam facility. Alnylam does not pay any part of the rent of remote employees.

13. None of Alnylam's job advertisements list residence in the District as a requirement. Nor is there a job listing requiring professional licenses in the District. The job listings identified by Plaintiff in Exhibit 4 of its Complaint (D.I. 1) do not require the employee to live within the District.

14. Alnylam does not manufacture or store ONPATTRO® within the District. Nor is Alnylam directly responsible for the distribution of ONPATTRO® within the District.

15. Alnylam employees do not administer ONPATTRO® to any patients within the District.

16. The former or current Alnylam inventors involved in the development of ONPATTRO® as listed in patents in the Orange Book are Dinah Sah, Gregory Hinkle, Rene Alvarez, Stuart Milstein, Qingmin Chen, Akin Akinc, Joseph Robert Dorkin, Xiaojun Qin, William Cantley, Muthiah Manoharan, Kallanthottathil G. Rajeev, Jayaprakash Nair, Muthusamy Jayaraman. Mr. Alvarez left Alnylam in 2011, and according to his LinkedIn profile, is currently located in San Antonio Texas. It is my understanding that all of the remaining individuals listed above are located within the District of Massachusetts.

17. It is my understanding that the following individuals from Acuitas were also involved in the development of ONPATTRO®: Jianxin Chen and Steven Ansell. To my knowledge, neither of these individuals are currently located in the Western District of Texas. The following individuals from Tekmira were also involved in the development of ONPATTRO®: Edward Yaworski, Kieu Lam, Lorne Palmer, and Ian MacLachlan. To my knowledge, none of these individuals are currently located in the Western District of Texas.

18. The development and testing of ONPATTRO® took place primarily in Cambridge, Massachusetts. The Alnylam documents relevant to this development and testing, including lab notebooks and communications, are either digitized or located in Cambridge, Massachusetts.

19. Leadership of Alnylam's ONPATTRO® development was run primarily by Rena Denoncourt, Jared Gollob, John Vest, Sara Nochur and Eric Green at various times. Of these

individuals, John Vest is the only remaining current Alnylam employee, and to my knowledge, all of the aforementioned individuals still reside in the District of Massachusetts.

20. The Alnylam employees currently responsible for leading Alnylam's TTR Franchise (including drugs which target the transthyretin gene such as AMVUTTRA) are Dan Schoen, David Danese, Hollis Lin, John Kennedy, Justin Pierson, Kaylynn Yoon, Priya Govekar, Sameer Bansilal, and Sarah Schmidt. Four of these Alnylam employees reside in Cambridge, Massachusetts or surrounding towns, one in New Hampshire, one in Illinois, one in New Jersey, one in New York and one in the UK. None of them reside or work in the District.

21. Alnylam's clinical trials within the District were and are administered by third parties.

22. The clinical trials identified by Plaintiff in Exhibit 6 (ALN-TTR02-012, ALN-TTR02-013, ALN-AGT01-007, and ALN-BCAT-001) are administered by Clinical Research Organizations ("CROs"). ALN-TTR02-12 was completed in 2022. D.I. 1 Ex. 6 at 6. Alnylam employees are not responsible for their enrollment or administration. Alnylam receives data regarding these trials from the CROs.

23. Home administration of ONPATTRO® within the District is administered by nurses and other professionals employed by specialty pharmacies. For example, Alnylam contracts with specialty pharmacies such as Accredo and CVS.

24. Alnylam is not currently aware of any patients being treated with ONPATTRO® at Paragon Austin Infusion Center, BioScrip Infusion Services, or NuCara Pharmacy Vital Care-Austin. D.I. 1 ¶ 14, Exhibit 5 at 3. Sites that have opted-in to the ONPATTRO® treatment directory can administer ONPATTRO®. Alnylam has no ownership interest in these sites, and they are not staffed by Alnylam personnel.

25. Plaintiff's complaint alleges that a meeting occurred between Alnylam and Drs. Sood and Lopez-Bernstein in 2007 at which their research was discussed ("2007 Meeting"). D.I. at ¶ 3.

26. The 2007 Meeting took place at Alnylam's offices in Cambridge, Massachusetts.

27. The individuals in attendance at the 2007 Meeting on behalf of Alnylam were Akshay Vaishnaw, Nagesh Mahanthappa, Sara Nochur, Christina Gamba-Vitalo, Victor Kotelianski, Mano Manoharan, Hans-Peter Vornlocher, Tony de Fougerolles, Dinah Sah, David Bumcrot, Kevin Fitzgerald, Martin Maier, and Akin Akinc. Of these individuals, only Mano Manoharan and Kevin Fitzgerald are presently employed by Alnylam. Both work at Alnylam's office in Cambridge, Massachusetts. To the best of my knowledge and understanding, with the exception of Hans-Peter Vornlocker, who is located in Germany, and Antonin de Fougerolles, who is located in the UK, the remaining Alnylam attendees at the 2007 Meeting are currently located in the District of Massachusetts.

28. Alnylam's records regarding the 2007 Meeting are either located in Cambridge, Massachusetts or digitized.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 5th day of February, 2025.

_____
Steve Bossone

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing is being served via the Court's CM/ECF system on February 5, 2025, on all counsel of record who consent to electronic service.

By: */s/ Samoneh Schickel*
Samoneh Schickel