IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM<br><br>Plaintiff,<br><br>vs.<br><br>ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.<br><br>Defendants | Civil Action No. 1:24-cv-1524-DAE<br><br>JURY TRIAL DEMANDED |

### JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rules 16(c) and 16(d), Plaintiff the Board of Regents of the University of Texas System ("Plaintiff," the "University," or "MD Anderson") and Defendants Alnylam Pharmaceuticals Inc. and Alnylam U.S., Inc. (collectively, "Alnylam" or "Defendants," and together with Plaintiff, the "Parties") jointly submit this Report of their initial Rule 26(f) Conference held on March 12, 2025 and continued thereafter by email.[1]

**1.   Causes of Action, Defenses, and Counterclaims**

Plaintiff asserts a claim for patent infringement of U.S. Patent No. 8,896,717 (the "'717 Patent"). *See* Dkt. 1. Plaintiff seeks statutory damages, up to treble damages for willful infringement under 35 U.S.C. § 284, and reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285 as appropriate. *Id.*

---

[1] Defendants conferred with Plaintiff regarding this Rule 26(f) report as required by Local Rules 16(c) and (d). Defendants do not agree that submitting this report or having conferred with Plaintiff in any way opens fact discovery or allows either party to serve discovery on the other.

Defendants filed a motion to dismiss the Complaint under Rule 12(b)(3) for improper venue, or, in the alternative, to transfer this case to the District of Massachusetts. *See* Dkt. 21. Plaintiff's opposition and Defendants' reply can be found in Dkts. 24 and 25, respectively. In addition, Plaintiff filed a motion for leave to file a sur-reply in opposition to Defendants' motion, which is Dkt. 27. Defendants filed an opposition to Plaintiff's motion for leave on March 13, 2025. Dkt. 28. Because Defendants filed a motion to dismiss, Defendants have not yet filed an answer to the allegations in the Complaint. Defendants will include their defenses and counterclaims in its pleadings at the appropriate time.

2. **Outstanding Jurisdictional Issues**

There are no outstanding jurisdictional issues. The parties agree that the Court has subject matter jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1338. The parties further agree that the Court has personal jurisdiction over Defendants for purposes of this action only. While the parties do not have any outstanding jurisdictional disputes, they do dispute the dates in the scheduling order, including whether those dates should be keyed off of when the Court issues its ruling on Defendants' motion to dismiss for improper venue or, in the alternative, transfer this case to the District of Massachusetts. The parties' positions are below.

<u>Plaintiff's Position</u>

Defendants refuse to provide discovery or proceed with a schedule until the Court rules on their motion to dismiss. This is a stay. Defendants avoid the word "stay" below—instead referring to "case management that prioritizes resolution of the Motion to Dismiss and/or Transfer <u>before discovery formally opens</u>" (emphasis added)—because they know a stay is toxic: "[T]his Court views stays pending a motion to dismiss with disfavor [and] has noted that 'in practice such stays are very rare, and almost never wise.'" *Fund Texas Choice v. Deski*, No. 1:22-CV-859-RP, 2024

WL 3223685, at *3 (W.D. Tex. May 1, 2024) (quoting *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16–CV–663 RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016)); *Byteweavr, LLC v. Cloudera, Inc.*, No. 1:24-cv-00261, Dkt. No. 55 at 1 (W.D. Tex. Aug. 5, 2024) ("This Court rarely grants a stay pending resolution of a motion to dismiss, except in unusual circumstances where there is good cause to do so."). Deferring all discovery and case deadlines is a stay.

Defendants recognize that they have not shown a stay is warranted (they scrubbed the word "stay" from their argument). They have not identified any unique circumstances or prejudice from this case proceeding. And, "[a]bsent such details," there is "no reason to justify a rare departure from this Court's usual reluctance to grant such a stay under these circumstances." *GoSecure, Inc. v. CrowdStrike, Inc.*, No. 1:24-cv-526, 2024 WL 5274526, at *1 (W.D. Tex. Sept. 10, 2024).

Indeed, a stay will prejudice the University—and without a corresponding benefit. It will deprive the University of venue discovery. It will delay this case. And the parties will engage in the same discovery regardless of the ultimate trial forum. Defendants point to small differences between the <u>number</u> of discovery requests that the default Massachusetts Local Rules provide for versus what they <u>agreed to</u> here, but the <u>scope</u> of discovery will be in the same in either forum.

Defendants point out that their venue motion should have priority over resolving merits disputes. But this argument (which applies to <u>every</u> venue motion) does not justify a stay. And the Federal Circuit has found that courts are within their discretion to enter a schedule and proceed with discovery so long as venue-based motions are prioritized before the *Markman* hearing (under the University's proposal, that date is seven months from now). *See, e.g., In re Netflix, Inc.*, No. 2021-190, 2021 WL 4944826, at *2 (Fed. Cir. Oct. 25, 2021) (non-precedential) (denying writ of mandamus seeking to "stay all proceedings pending resolution of its motion to dismiss or transfer"); *In re ADTRAN, Inc.*, 840 F. App'x 516, 517 (Fed. Cir. 2021) (non-precedential)

3

("ADTRAN has identified no authority establishing a clear legal right to a stay of all non-venue-related deadlines under circumstances where the venue-related motion is still in briefing and the *Markman* hearing is months away[,] . . . [and] which plausibly allows time for the court to resolve the venue issues before the *Markman* hearing, or grant the stay motion and postpone the hearing.").

Reflecting the weakness in their actual proposal, Defendants defend a "compromise" proposal they are not making—pushing out the proposed dates by "approximately 3 months" to allegedly match up this case with the *Softex*, *Network Systems*, and *Factor2* schedules. Critically, unlike those cases, Defendants still request that the Court stay all discovery for at least three months. They do not propose simply extending the case schedule. And if they had requested such extensions, the University would have agreed to reasonable accommodations so long as discovery opened. The "compromise" is not about the case schedule (and Defendants do not provide dates). It is about staying all discovery (including venue discovery) for at least three months.

To argue for a stay, Defendants blame the University for not immediately filing suit. But any alleged delay is not a defense to infringement and does not justify a stay of discovery. And it would shield from discovery Defendants' pending venue motion—which hinges on a declaration that admittedly contains false statements. Regardless, there is a "strong public policy favoring expeditious resolution of litigation," *Impinj, Inc. v. NXP USA, Inc.*, No. 6:21-CV-00530, 2023 WL 7476358, at *2 (W.D. Tex. May 18, 2023), and there is no reason to depart from that practice.

Last, the University's proposed schedule is not "fast tracked." The University based its schedule on *IFPower Co., Ltd. v. Asustek Computer Inc.*, No. 1:24:cv-00131-DAE, Dkt. 25 (Sept. 13, 2024), which provided for approximately six weeks from the entry of the scheduling order to serve initial infringement contentions. *See id.* at 2. Each of the University's other proposed deadlines similarly mirror the pacing set out in *IFPower*. For example, the University proposes 25

4

weeks between the initial infringement contentions and reply *Markman* brief deadlines, as does *IFPower*. This is roughly the same as *Network Sys Techs.* (27 weeks) (No. 1:22-cv-1331, Dkt. 73), *Factor 2* (29 weeks) (No. 1:24-cv-00337-DAE, Dkt. 27), and *Softex* (the parties proposed 29 weeks and the Court entered 31 weeks) (No. 1:22-cv-1311, Dkt. 31 (proposing schedule), Dkt. 58 (scheduling order)). The University was open to negotiating on these timetables, and Defendants' focus on when a defendant was <u>served</u> misses the point: the schedule is forward-looking and starts when the parties have their Rule 26(f) conference and submit a proposed schedule (and is not based on the time that has passed from service until the Rule 26(f) conference). Regardless, Defendants insist on a "compromise" that will stay discovery, an approach that this Court disfavors, will prejudice the University, and will only delay the discovery the parties will need to engage in.

**Defendants' Position**

Plaintiff mischaracterizes Defendants' position as seeking a stay in this case. Defendants are not seeking a stay, but rather common-sense case management that prioritizes resolution of the Motion to Dismiss and/or Transfer before discovery formally opens. This is consistent with both Federal Circuit and the Fifth Circuit law that have encouraged district courts to prioritize transfer motions and to address transfer before addressing other substantive issues. *In re Apple*, 979 F.3d 1332, 1337 (Fed. Cir. Nov. 9, 2020) ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority."); *In re Google*, No. 15-138, 2015 WL 5294800 at *1–2 (Fed. Cir. July 16, 2015) ("We, like other courts, have [] stressed the importance of addressing motions to transfer at the outset of litigation" because "[i]n the context of transfer of venue motions, lengthy delays have the ability to frustrate 28 U.S.C. § 1404(a)'s intent to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense")

(citations omitted); *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir. July 1, 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top priority . . . ."). Defendants' scheduling order proposal follows the Federal Circuit's and Fifth Circuit's directive by allowing the Court time to address Defendants' motion to dismiss before resources are expended in this District that may prove to be wholly-unnecessary.

Plaintiff cites to a number of cases to suggest that a stay is not appropriate when a motion to dismiss for improper venue is pending. Those cases are inapposite because they do not deal with a stay in the context of improper venue. *Fund Texas Choice v. Deski*, No. 1:22-CV-859-RP, 2024 WL 3223685, at *3 (W.D. Tex. May 1, 2024) (not dealing with a stay in the context of improper venue); *Byteweavr, LLC v. Cloudera, Inc.*, No. 1:24-cv-00261, Dkt. No. 55 at 1 (W.D. Tex. Aug. 5, 2024) (same); *GoSecure, Inc. v. CrowdStrike, Inc.*, No. 1:24-cv-526, 2024 WL 5274526, at *1 (W.D. Tex. Sept. 10, 2024) (same). And in the two cases Plaintiff cites that do deal with a stay in the context of improper venue, the Federal Circuit noted that a "stay of merits proceedings is appropriate relief if the district court cannot decide a venue motion quickly enough to avoid burdening the moving party with unnecessary expense and prejudice." *See, e.g., In re Netflix, Inc.*, No. 2021-190, 2021 WL 4944826, at *2 (Fed. Cir. Oct. 25, 2021) (denying a writ of mandamus seeking to stay deadlines in the case because the magistrate judge had already issued a ruling denying Netflix's venue motion); *see also In re ADTRAN, Inc.*, 840 F. App'x 516 (Fed. Cir. 2021)[2] (denying writ of mandamus seeking to stay deadlines in the case when the court had granted venue-related discovery and venue briefing was on-going, finding "that the district court's failure

---

[2] Plaintiff ignores that this case was on appeal from Judge Albright, who does not allow fact discovery until after *Markman*. Plaintiff, here, is seeking fact discovery before the *Markman*.

6

to promptly act on the stay motion or its delay in ruling on the venue issues once fully briefed might tip the balance in favor of mandamus relief upon reapplication in the future").

Plaintiff also argues that opening discovery now will permit venue discovery to proceed. That argument seeks to circumvent its burden of establishing the necessity of venue discovery. "As the party opposing transfer and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery." *ICharts LLC v. Tableau Software, LLC*, 2024 WL 2305214, *4 (W.D. Tex. May 21, 2024) (citing *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014)). As briefed in the Motion to Dismiss and/or Transfer, Defendants have not met their burden for venue discovery and should not be permitted to avoid that burden by contending that venue discovery should simply open in the context of this Rule 26 Report. *See* D.I. 25, 9-10.

Defendants scheduling order proposal allows the Court time to rule on Defendants' motion to dismiss for improper venue, or in the alternative, to transfer this case to the District of Massachusetts consistent with the foregoing authorities. While Defendants propose a scheduling order keyed off of the Court's ruling on Defendants' motion to dismiss, in an effort to reach a compromise on the scheduling order and to allow the Court time to rule on Defendants' motion to dismiss, Defendants proposed agreeing to a schedule that would push Plaintiff's proposed dates—including fact discovery—out by approximately 3 months, with revisions to certain dates that don't allow Defendants sufficient time to meet a deadline. Plaintiff refused this proposal, even though it would put the scheduling order dates in line with other scheduling orders this Court previously entered. *See, e.g., Softex, LLC v. HP, Inc.*, No. 1:22-cv-1311, Dkt. 58 (Aug. 4, 2023); *IFPower Co., Ltd. v. Asustek Computer Inc.*, No. 1:24:cv-00131-DAE, Dkt. 25 (Sept. 13, 2024); *Network*

*Sys. Techs, LLC v. Qualcomm Inc.*, No. 1:22-cv-1331, Dkt. 73 (Oct. 5, 2023); *Factor2 Multimedia Sys., LLC v. Snap Inc.*, No. 1:24-cv-00337-DAE, Dkt. 27 (Nov. 26, 2024).

More specifically, Alnylam was served with the complaint on December 16, 2024. Dkts. 10. Plaintiff proposes that dispositive motion briefing be completed on July 12, 2026—about 3-6 months faster than this court has entered in other cases. In *Softex, LLC v. HP, Inc.*, No. 1:22-cv-1311, for example, HP was served with the complaint on December 16, 2022, and this Court entered a scheduling order where the dispositive motion briefing was scheduled to be completed on October 4, 2024—about three months later than Plaintiff proposes in this case. *Softex*, No. 1:22-cv-1311 at Dkts. 8, 58. In *IFPower Co.*, Defendants were served on March 12, 2024, and this Court entered a scheduling order where the dispositive motion briefing was scheduled to be completed on January 15, 2026—about three to four months later than Plaintiff proposes in this case. *IFPower Co. Ltd. v. Asustek Computer Inc.*, No. 1:24:cv-00131-DAE, Dkt. 25 (Sept. 13, 2024). In *Network Sys.*, Defendants were served on December 19, 2022, and this Court entered a scheduling order where the dispositive motion briefing was scheduled to be completed on January 8, 2025—about 6 months later than Plaintiff proposes in this case. *Network Sys. Techs, LLC v. Qualcomm Inc.*, No. 1:22-cv-1331, Dkts. 10-11, 73. In *Factor2*, the defendant was served on June 24, 2024, and this Court entered a scheduling order where the *Markman* hearing was scheduled for October 3, 2025—about 16 months after service of the defendant.[3] *Factor2 Multimedia Sys., LLC v. Snap Inc.*, No. 1:24-cv-00337-DAE, Dkts. 8, 27. Here, Plaintiff proposes that the *Markman* hearing be scheduled on November 20, 2025—about 11 months after service of Alnylam and 5

---

[3] Alnylam uses the *Markman* hearing date because the parties in *Factor2* agreed that dispositive motion briefing would be due 34 weeks after the *Markman* order was issued. Because Plaintiff proposed an actual date for dispositive motion briefing here, it is difficult to assess how that compares to the dispositive motion briefing date in *Factor2*.

8

months sooner than the *Markman* hearing scheduled in *Factor2*. Plaintiff focuses on intermediary case deadlines from these cases to suggest that their case deadlines mirror those previously entered by this Court. But Plaintiff fails to acknowledge that Plaintiff's overall proposed dates in this case are 3-6 months faster than the overall proposed dates this Court has entered in other cases. Plaintiff fails to provide any reasoning for why this case should be fast-tracked.

Finally, while Plaintiff contends that it is seeking to "timely" enforce its patent rights, Plaintiff has sat on its patent rights for over 5 years—Plaintiff's patent issued in 2015, Defendants' accused product has been on the market since at least 2019, and Plaintiff waited until late-2024 to file this suit. [4] Given the circumstances of this case, there is no legitimate need to move forward on the fast-tracked schedule Plaintiff proposes here.

3.  **Unserved Parties**

    There are no unserved parties.

4.  **Agreements or Stipulations That Can Be Made About Any Facts or Elements**

    There are no agreements or stipulations between the Parties at this time.

5.  **Legal Issues That Can Be Narrowed by Agreement or by Motion**

    Except for Defendants' motion to dismiss the Complaint under Rule 12(b)(3) for improper venue, or in the alternative, to transfer this case to the District of Massachusetts, Plaintiff's Motion

---

[4] Plaintiff during the meet and confer process has contended that discovery will need to happen regardless of the outcome of the Motion to Dismiss and therefore should proceed now. That contention lacked merit because Plaintiff has not and cannot show that discovery is necessary to be opened now before the Motion is resolved given their delay in bringing the suit. It also fails to acknowledge that the rules on discovery are different in Massachusetts than they are here. *See, e.g.*, Local Rule for the U.S. District Court of Massachusetts 26.1(c)_(limiting discovery to 10 depositions, 25 interrogatories, 25 requests for admission, and 2 separate sets of requests for production).

9

for leave to file a sur-reply in opposition to Defendants' motion, and Defendants' opposition to Plaintiff's motion for leave to file a sur-reply, there are no other legal issues at this time.

**6.     Issues About Preservation of Discoverable Information**

None at this time.

**7.     Issues About Disclosure or Discovery of Electronically Stored Information.**

The Parties will discuss an ESI protocol for submission to the Court. The Parties agree to work together in good faith to prepare and submit a proposed order for the collection and production of ESI.

See Sections 2 above and 10 below regarding the parties' respective positions on the opening of discovery in this case.

**8.     Subjects on Which Discovery May Be Needed**

The Parties anticipate discovery on all issues and subjects relevant to the asserted claims, forthcoming affirmative defenses and counterclaims, if any, which may include, without limitation and without waiving any objections or assertions of privilege, the following: the alleged infringement of the asserted patent; the alleged invalidity and/or unenforceability of the asserted patent; Plaintiff's claim for damages; and Defendants' forthcoming affirmative defenses and counterclaims, if any. Plaintiff also seeks venue discovery in relation to Defendants' Motion to Dismiss and Plaintiff's Opposition. Defendants assert that venue discovery is not warranted.

**9.     Initial Disclosures**

Initial disclosures have not been made as of the date of this Report. Plaintiff proposes that the Parties shall exchange initial disclosures fourteen (14) days from the Parties' submission of this Report. Defendants propose that the Parties shall exchange initial disclosures pursuant to the scheduling order entered by the Court.

**10.    Discovery Progress**

No discovery has occurred as of the date of this Report. The parties disagree on the scheduling of discovery, as detailed above in Section 2. The parties, however, agree on the following discovery limits:

- Interrogatories: 30 per side
- Requests for Admission: 45 per side[5]
- Requests for Production: 75 per side
- Fact Depositions: 70 hours per side (for both party and non-party witnesses combined)
- Expert Depositions: 7 hours per report[6]

**Plaintiff's Position on the Opening of Discovery**

As further discussed above in Section 2, discovery should open upon entry of this Rule 26(f) report and accompanying schedule, including venue discovery. Plaintiff has requested venue discovery and believes venue discovery is appropriate here, as laid out in the briefing. Plaintiff believes that discovery should not be stayed until after the Court resolves Defendants' motion.

**Defendants' Position on the Opening of Discovery**

Defendants disagree that discovery should open upon entry of this Rule 26(f) report and accompanying schedule, including venue discovery. As mentioned above in Section 2, Defendants filed a motion to dismiss the Complaint under Rule 12(b)(3) for improper venue, or in the alternative, to transfer this case to the District of Massachusetts. Dkts. 21 and 25. As such, Defendants proposed dates for the scheduling order (including for fact discovery) that are based

---

[5] The Parties agree to unlimited Requests for Admission to authenticate documents.

[6] To the extent an expert opines in more than one expert report, the parties will meet and confer to discuss the deposition time of that expert.

11

on when the Court rules on Defendants' motion to dismiss. Both the Federal Circuit and the Fifth Circuit have encouraged district courts to prioritize transfer motions and to address transfer before addressing other substantive issues. *In re Apple*, 979 F.3d 1332, 1337 (Fed. Cir. Nov. 9, 2020) ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority."); *In re Google*, No. 15-138, 2015 WL 5294800 at *1–2 (Fed. Cir. July 16, 2015) ("We, like other courts, have [] stressed the importance of addressing motions to transfer at the outset of litigation" because "[i]n the context of transfer of venue motions, lengthy delays have the ability to frustrate 28 U.S.C. § 1404(a)'s intent to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense") (citations omitted); *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir. July 1, 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top priority . . . ."). This is particularly appropriate here where there is no legitimate need to move forward quickly on full blown discovery when Plaintiff's patent issued in 2015, Defendants' accused product has been on the market since at least 2019, Plaintiff waited until late-2024 to file this suit, and the parties are not competitors.

## 11. Discovery Disputes

The Parties disagree whether venue-related discovery is necessary. The parties also disagree as to the opening of fact discovery—specifically, whether fact discovery should open upon entry of this Rule 26(f) report and accompanying schedule, including venue discovery, as plaintiff contends, or whether fact discovery should open after the Court issues a ruling on Defendants' motion to dismiss, as Defendants contend.

**12.   Proposed Order pursuant to Federal Rule of Evidence 502**

As set forth below under Item 14, the Parties anticipate confidential information will be exchanged in this case and will, therefore, discuss a Protective Order that will be submitted to the Court for consideration. The Parties agree that the proposed Protective Order will include a section addressing the procedure for asserting claims of privilege and work product protection after production pursuant to Federal Rule of Evidence 502.

**13.   Mediation**

The Parties intend to exchange offers in accordance with the scheduling order entered by the Court. Even though Defendants' motion to dismiss the complaint is pending before this Court, the Parties agree to continue discussing early resolution of this case.

**14.   Confidentiality, Privilege, Protective Order, and Scheduling or Discovery Items**

<u>Confidentiality, Privilege, Protective Order:</u> The Parties anticipate exchanging confidential information in this case and will discuss a Protective Order that will be submitted to the Court for consideration. As set forth above under Item 12, the Parties agree that the proposed Protective Order will include a section addressing the procedure for asserting claims of privilege and work product protection after production pursuant to Federal Rule of Evidence 502. The Parties are hopeful that they will be able to reach agreement on the terms of a Protective Order and will seek the Court's assistance if they cannot reach agreement.

<u>Scheduling:</u> The Parties will submit their Joint Proposed Scheduling order by separate motion on the date of this Report.

Dated: March 21, 2025

**MCKOOL SMITH, P.C.**

/s/ *Christian J. Hurt*
Christian J. Hurt
Texas Bar No. 24059987
churt@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: (214) 978-4060
Telecopier: (214) 978-4044

Jamie Levien *(Admission Pending)*
New York Bar No. 6161970
jlevien@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1717 K Street NW, Suite 1000
Washington, DC 20006
Telephone: 202-370-8300
Telecopier: 202-370-8344

Jennifer Truelove
Texas Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Saif Askar *(Admission Pending)*
New York Bar No. 5833181
saskar@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

*ATTORNEYS FOR PLAINTIFF THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM*

14

**McDermott Will & Emery LLP**

*/s/* Samoneh Schickel
Samoneh Schickel
Texas Bar No. 24097911
McDermott Will & Emery LLP
300 Colorado Street, Suite 2200
Austin, TX 78701
Tel.: (512) 726-2600
Fax: (512) 532-0002

William G. Gaede, III (Admitted Pro Hac Vice)
McDermott Will & Emery LLP
415 Mission Street, Suite 5600
San Francisco, CA 94105 (650) 815-7400

Sarah Chapin Columbia (Admitted Pro Hac Vice)
Sarah J. Fischer (Admitted Pro Hac Vice)
McDermott Will & Emery LLP
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
(617) 535-4000

Mandy H. Kim (Admitted Pro Hac Vice)
McDermott Will & Emery LLP
18585 Jamboree Road, Suite 250
Irvine, CA 92612-2565
(949) 757-6061

*Attorneys for Defendants Alnylam Pharmaceuticals Inc. and Alnylam U.S., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on March 21, 2025.

*/s/ Christian Hurt*
Christian Hurt
