**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM<br><br>Plaintiff,<br><br>vs.<br><br>ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.<br><br>Defendants | Civil Action No. 1:24-cv-1524-DAE<br><br>JURY TRIAL DEMANDED |

**PROPOSED JOINT SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 16 and W.D. Tex. Loc. CV-16, Plaintiff the Board of Regents of the University of Texas System ("Plaintiff," the "University," or "MD Anderson") and Defendants Alnylam Pharmaceuticals Inc. and Alnylam U.S., Inc. (collectively, "Alnylam" or "Defendants,"[1] and together with Plaintiff, the "Parties") jointly submit the following scheduling recommendations. Disputed dates or language that one party seeks to add to the proposed schedule is noted in **[brackets in bold].** Plaintiff's proposals that are not agreed to by Defendants are **highlighted in blue**. Defendants' proposals that are not agreed to by Plaintiff are **highlighted in yellow**.[2]

**Parties' Positions on Scheduling Order Dates**

[1] Defendants submit this joint scheduling order to comply with the federal rules and local rules. As set forth in the parties joint Rule 26(f) Report, Defendants contend that this case, including fact discovery, should be keyed off the Court's ruling on Defendants' motion to dismiss the Complaint under Rule 12(b)(3) for improper venue, or in the alternative, to transfer this case to the District of Massachusetts ("Motion to Dismiss"). *See* Dkt. 21.

**Plaintiff's Position**: As explained in the Rule 26(f) statement, Plaintiff's proposed dates are similar to the pacing of scheduling orders previously entered by this Court, including *Factor2*, which was entered while a motion to transfer was pending. *See Factor2 Multimedia Sys., LLC v. Snap Inc.*, No. 1:24-cv-00337-DAE, Dkt. 27 (Nov. 26, 2024). Defendants' "compromise" position should not be adopted for the reasons the University explained in the Rule 26(f) statement, specifically Defendants still refuse to open discovery (including venue discovery) even if the dates are extended (and Defendants do not provide any specific "compromise" dates).

**Defendants' Position**: Plaintiff's proposed dates are fast-tracked and do not mirror the scheduling orders previously entered by Judge Ezra. Here, Alnylam was served with the complaint on December 16, 2024. Dkts. 10. Plaintiff proposes that dispositive motion briefing be completed on July 12, 2026—about 3-6 months faster than this court has entered in other cases. For example, in *Softex, LLC v. HP, Inc.*, No. 1:22-cv-1311, HP was served with the complaint on December 16, 2022, and this Court entered a scheduling order where the dispositive motion briefing was scheduled to be completed on October 4, 2024—about three months later than Plaintiff proposes in this case. *Softex*, No. 1:22-cv-1311 at Dkts. 8, 58. In *IFPower Co.,* Defendants were served on March 12, 2024, and this Court entered a scheduling order where the dispositive motion briefing was scheduled to be completed on January 15, 2026—about three to four months later than Plaintiff proposes in this case. *IFPower Co. Ltd. v. Asustek Computer Inc.*, No. 1:24:cv-00131-DAE, Dkt. 25 (Sept. 13, 2024). In *Network Sys.*, Defendants were served on December 19, 2022, and this Court entered a scheduling order where the dispositive motion briefing was scheduled to be completed on January 8, 2025—about 6 months later than Plaintiff proposes in this case. *Network Sys. Techs, LLC v. Qualcomm Inc.*, No. 1:22-cv-1331, Dkts. 10-11, 73. And in *Factor2*, the defendant was served on June 24, 2024, and this Court entered a scheduling order where the

*Markman* hearing was scheduled for October 3, 2025—about 16 months after service of the defendant.[3] *Factor2 Multimedia Sys., LLC v. Snap Inc.*, No. 1:24-cv-00337-DAE, Dkts. 8, 27. Here, Plaintiff proposes that the *Markman* hearing be scheduled on November 20, 2025—about 11 months after service of Alnylam. On the whole, Plaintiff's proposed dates in this case that are 3-6 months faster than the proposed dates this Court has entered in other cases.

In an effort to reach a compromise on the scheduling order, Defendants proposed agreeing to a schedule that would push Plaintiff's proposed dates out by approximately 3 months, with revisions to certain dates that don't allow Defendants sufficient time to meet a deadline. Not only is this on the faster end of the scheduling orders this Court entered in the aforementioned cases, but Defendants proposed pushing out Plaintiff's schedule by approximately 3 months to allow time for the Court to issue a final ruling on Defendants' motion to dismiss. Plaintiff rejected Defendants offer. Given that the asserted patent issued on November 25, 2014, the accused product has been on the market since at least 2019, Plaintiff waited to file suit until December 2024, and the parties are not competitors, Plaintiff's proposed fast-tracked schedule that would not allow time for the Court to rule on Defendants' motion to dismiss and places overall compressed timelines on

[3] Alnylam uses the *Markman* hearing date because the parties in *Factor2* agreed that dispositive motion briefing would be due 34 weeks after the *Markman* order was issued. Because Plaintiff proposed an actual date for dispositive motion briefing here, it is difficult to assess how that compares to the dispositive motion briefing date in *Factor2*.

Defendants, including on discovery deadlines, that deviate from the general practice in this District is not warranted.[4]

**Proposed Scheduling Order**

1. The Parties shall complete ADR in compliance with Local Rule CV-88 no later than **[July 17, 2025]** **[14 weeks after the Court issues a ruling on Defendants' Motion to Dismiss.[5] A motion objecting to ADR must be filed not later than 60 days before that deadline.]**

2. The Parties asserting claims for relief shall submit a written offer of settlement to opposing parties **[by June 25, 2025]** **[18 weeks after the Court issues a ruling on Defendants' Motion to Dismiss]**, and each opposing party shall respond, in writing, **[by July 3, 2025]** **[20 weeks after the Court issues a ruling on Defendants' Motion to Dismiss]**.

3. Fact discovery shall commence and the parties shall exchange initial disclosures **[on March 26, 2025]** **[2 weeks after the Court issues a ruling on Defendants' Motion to Dismiss]**.

---

[4] Plaintiff contended during the meet and confer process that discovery will need to happen regardless of the outcome of the Motion to Dismiss and therefore should proceed now. That contention lacks merit. It lacks merit because Plaintiff has not and cannot show that discovery is necessary to be opened now before the Motion is resolved given their delay in bringing the suit. It also fails to acknowledge that the rules on discovery are different in Massachusetts than they are here. *See, e.g.*, Local Rule for the U.S. District Court of Massachusetts 26.1(c)_(limiting discovery to 10 depositions, 25 interrogatories, 25 requests for admission, and 2 separate sets of requests for production).

[5] **This date and the dates that follow tied to the final ruling on Defendants' Motion to Dismiss are in force only if the Court denies the motion. If the Court orders the case dismissed or transferred to Massachusetts, this Scheduling Order and the dates identified in it are vacated.**

4. The Parties shall file all motions to amend or supplement pleadings or to join additional parties **[by April 8, 2025]** **[32 weeks after the Court issues a ruling on Defendants' Motion to Dismiss].**

5. Plaintiff shall serve its preliminary infringement contentions **[by April 24, 2025]** **[6 weeks after the Court issues a ruling on Defendants' Motion to Dismiss].** These contentions should be in the form of claim charts setting forth where in the accused product(s) each element of the asserted claim(s) is found. Plaintiff shall also identify the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.

6. Defendants shall serve preliminary invalidity contentions **[by June 12, 2025]** **[14 weeks after the Court issues a ruling on Defendants' Motion to Dismiss].** These contentions should be in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations that Defendants contend are indefinite or lack written description or enablement support under section 112, and (3) an identification of any claims the Defendants contend are directed to ineligible subject matter under section 101. Defendants shall also produce all prior art referenced in the invalidity contentions and technical documents, including software where applicable, sufficient to show the operation of the accused product(s).

7. The following schedule shall apply to claim construction proceedings in this case:

   a. **[On August 7, 2025]** **[26 weeks after the Court issues a ruling on Defendants' Motion to Dismiss],** the Parties shall concurrently exchange a list of claim terms a party believes should be construed by the Court.

b. **[On August 14, 2025]** **[30 weeks after the Court issues a ruling on Defendants' Motion to Dismiss],** the Parties shall concurrently exchange proposed claim constructions.

c. **[On August 14, 2025]** **[30 weeks after the Court issues a ruling on Defendants' Motion to Dismiss],** the Parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction. With respect to any expert identified, the Parties shall identify the scope of the topics for the witness's expected testimony.[6] With respect to items of extrinsic evidence, the Parties shall identify each such item by production number or produce a copy of any such item if not previously produced.

d. **[On or before August 27, 2025]** **[By 33 weeks after the Court issues a ruling on Defendants' Motion to Dismiss],** the Parties shall meet and confer to narrow terms in dispute and exchange revised list of terms/constructions.

e. **[On September 4, 2025]** **[38 weeks after the Court issues a ruling on Defendants' Motion to Dismiss]**, Defendants shall file their Opening claim construction brief and any declarations of expert witnesses in support of their positions. The page limit for the Opening Claim Construction Brief shall be 25 pages, exclusive of the caption, signature block, any certificate, and exhibits.

---

[6] Any party may submit rebuttal witness or expert evidence in response to a brief where such evidence is relied upon by the other party.

f. **[On October 2, 2025]** **[43 weeks after the Court issues a ruling on Defendants' Motion to Dismiss]**, Plaintiff shall file its Responsive claim construction brief with supporting evidence, including any declarations of expert witnesses in support of its responsive positions. The page limit for the Responsive Claim Construction Brief shall be 25 pages, exclusive of the caption, signature block, any certificate, and exhibits.

g. **[On October 16, 2025]** **[46 weeks after the Court issues a ruling on Defendants' Motion to Dismiss]**, Defendants shall file their Reply Claim Construction Briefs, including any responsive declarations of expert witnesses in support of their responsive positions. The page limit for the Reply Claim Construction Brief shall be 10 pages, exclusive of the caption, signature block, any certificate, and exhibits.

h. **Sur-Reply:**

1) **Plaintiff's Proposal:** On October 23, 2025, Plaintiff shall file its Sur-Reply Claim Construction Brief, including any responsive declaration of expert witnesses in support of its responsive positions. The page limit for the Sur-Reply Claim Construction Brief is 10 pages, exclusive of the caption, signature block, any certificate, and exhibits.

2) **Defendants' Proposal**: Plaintiff is not permitted to file a sur-reply.

i. The parties shall file a Joint Claim Construction Statement by **[October 30, 2025]** **[48 weeks after the Court issues a ruling on Defendants' Motion to Dismiss]**.

j. Claim Construction Hearing:

1) **Plaintiff's Proposal:** The *Markman* hearing will be conducted at 9:00 AM on November 20, 2025.

2) **Defendants' Proposal:** The *Markman* hearing is to be set by the Court after claim construction briefing is complete and the Parties have submitted their Joint Claim Construction Statement.

8. Final Infringement Contentions and Final Invalidity Contentions. The deadline for serving Final Infringement Contentions shall be four weeks after the claim construction order is issued. After this date, leave of Court is required for any amendment to infringement contentions. The deadline for serving Final Invalidity Contentions shall be six weeks after the claim construction order is issued. After this date, leave of Court is required for any amendment to invalidity contentions. These deadlines do not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions.

9. The Parties shall complete all fact discovery **[on or before February 19, 2026]** **[14 weeks after the claim construction order is issued]**.

10. All Parties with the initial burden of proof shall exchange opening expert reports (and all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) **[on or before March 12, 2026]** **[20 weeks after the claim construction order is issued]**.

11. The Parties shall exchange rebuttal expert reports (and all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) **[on or before April 9, 2026]** **[26 weeks after the claim construction order is issued]**.

12. The Parties shall exchange reply expert reports (and all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) **[on or before April 30, 2026]** [**30 weeks after the claim construction order is issued**].

13. The Parties shall complete all expert discovery **[on or before May 27, 2026]** **[34 weeks after the claim construction order is issued]**.

14. All motions for summary judgment ("MSJs") and motions to strike expert testimony (including *Daubert* motions) shall be filed **[no later than June 10, 2026]** **[38 weeks after the claim construction order is issued]**. Responses thereto shall be filed **[by July 8, 2026]** **[43 weeks after the claim construction order is issued]**. Replies in support of such motions shall be filed **[by July 22, 2026, but the Court need not wait for the reply before ruling on the motion]** **[46 weeks after the claim construction order is issued]**. The number of MSJs or motions to strike expert testimony (including *Daubert* motions) is not limited. However, opening MSJs and motions to strike expert testimony (including *Daubert* motions) shall be limited to 30 pages total (regardless of the number of motions).[7] Responses shall be limited to 30 pages total for responding to all motions. Replies shall be limited to 15 pages total for replying to all motions.

15. The hearing on MSJs and motions to strike expert testimony (including *Daubert* motions) will be set by the Court after all replies have been filed.

16. The Court will set this case for final pretrial conference and trial at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The Parties shall consult Local Rule CV-16(f)-(g) regarding matters to be filed in advance of the final pretrial conference. After the pretrial

---

[7] For clarity, if a party files 5 motions to strike expert testimony (including *Daubert* motions) and 6 MSJs, that party is limited to 30 pages total for the 5 motions to strike expert testimony (including *Daubert* motions) and 6 MSJs. In other words, each party is limited to 30 pages total for both motions to strike expert testimony (including *Daubert* motions) and MSJs, regardless of the number of motions to strike expert testimony (including *Daubert* motions) and MSJs that party files.

conference has been set, the parties shall meet and confer prior to the final pretrial conference to agree upon and submit a schedule for the exchange of pretrial materials.

17. The Parties may request that this Court extend any deadline set in this Order by filing a motion on the docket.

Dated: _________, 2025

______________________________________

THE HONORABLE DAVID A. EZRA
UNITED STATES DISTRICT JUDGE

Dated: March 21, 2025

**MCKOOL SMITH, P.C.**

/s/ *Christian J. Hurt*

Christian J. Hurt
Texas Bar No. 24059987
churt@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: (214) 978-4060
Telecopier: (214) 978-4044

Jamie Levien *(Admission Pending)*
New York Bar No. 6161970
jlevien@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1717 K Street NW, Suite 1000
Washington, DC 20006
Telephone: 202-370-8300
Telecopier: 202-370-8344

Jennifer Truelove
Texas Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000

Telecopier: (903) 923-9099

Saif Askar *(Admission Pending)*
New York Bar No. 5833181
saskar@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

*ATTORNEYS FOR PLAINTIFF THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM*

McDermott Will & Emery LLP

*/s/ Samoneh Schickel*
Samoneh Schickel
Texas Bar No. 24097911
McDermott Will & Emery LLP
300 Colorado Street, Suite 2200
Austin, TX 78701
Tel.: (512) 726-2600
Fax: (512) 532-0002

William G. Gaede, III (Admitted Pro Hac Vice)
McDermott Will & Emery LLP
415 Mission Street, Suite 5600
San Francisco, CA 94105 (650) 815-7400

Sarah Chapin Columbia (Admitted Pro Hac Vice)
Sarah J. Fischer (Admitted Pro Hac Vice)
McDermott Will & Emery LLP
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
(617) 535-4000

Mandy H. Kim (Admitted Pro Hac Vice)
McDermott Will & Emery LLP
18585 Jamboree Road, Suite 250
Irvine, CA 92612-2565
(949) 757-6061

*Attorneys for Defendants Alnylam Pharmaceuticals Inc. and Alnylam U.S., Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on March 21, 2025.

/s/ *Christian Hurt*
Christian Hurt