# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM<br><br>Plaintiff,<br><br>vs.<br><br>ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.<br><br>Defendants | Civil Action No. 1:24-cv-1524-DAE<br><br>JURY TRIAL DEMANDED |

**AMENDED PROPOSED JOINT SCHEDULING ORDER**

Pursuant to Dkt. No. 33, Fed. R. Civ. P. 16 and W.D. Tex. Loc. CV-16, Plaintiff the Board of Regents of the University of Texas System ("Plaintiff," the "University," or "MD Anderson") and Defendants Alnylam Pharmaceuticals Inc. and Alnylam U.S., Inc. (collectively, "Alnylam" or "Defendants,"[1] and together with Plaintiff, the "Parties") jointly submit the following amended scheduling recommendations. Disputed dates or language that one party seeks to add to the proposed schedule is noted in **[brackets in bold].** Plaintiff's proposals that are not agreed to by Defendants are **highlighted in blue**. Defendants' proposals that are not agreed to by Plaintiff are **highlighted in yellow**.[2]

**Parties' Positions on Scheduling Order Dates**

---

[1] Defendants submit this joint scheduling order to comply with the federal rules and local rules. As set forth in the parties joint Rule 26(f) Report, Defendants contend that this case, including fact discovery, should be keyed off the Court's ruling on Defendants' motion to dismiss the Complaint under Rule 12(b)(3) for improper venue, or in the alternative, to transfer this case to the District of Massachusetts ("Motion to Dismiss"). *See* Dkt. 21.

1

**Plaintiff's Position**:

As laid out in the Rule 26(f) statement (Dkt. 30) and the first proposed scheduling order (Dkt. 31), the University believes that discovery should open and that this case should not be stayed pending resolution of Defendants' venue motion. The parties met-and-conferred on April 14, 2025, and the University offered to adjust the schedule to accommodate any issues by Defendants so long as discovery opened. The University even extended its schedule by about one month to account for the time that has passed since the parties initially met-and-conferred under Rule 26(f). Defendants refused to agree to any schedule that opened discovery before the Court's ruling on its venue motion—even under their "compromise" proposal. As further explained in the Rule 26(f) statement and the Proposed Scheduling Order, *see* Dkts. 30-31, Defendants' approach is one that this Court disfavors, will prejudice the University, and will delay the discovery the parties will need to engage in regardless of where this case is ultimately tried.

**Defendants' Position**: Alnylam disagrees that discovery, including venue discovery, should open without the Court first ruling on Alnylam's motion to dismiss for improper venue, or in the alternative transfer to Massachusetts ("Motion to Dismiss"). As initially explained in the March 21, 2025, Joint Rule 26(f) Report, Plaintiff's position seeks to circumvent its burden of establishing the necessity of venue discovery. D.I. 30, 7. "As the party opposing transfer and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery." *ICharts LLC v. Tableau Software*, LLC, 2024 WL 2305214, *4 (W.D. Tex. May 21, 2024) (citing *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014)). As briefed in the Motion to Dismiss, Plaintiff has not met its burden for venue discovery and should not be permitted to avoid that burden by contending that venue discovery should simply open before the Court rules on whether Plaintiff has met its burden. See D.I. 25, 9-10. Alnylam communicated to Plaintiff during the

2

April 14 meet and confer that it could not accept Plaintiff's proposal because it circumvented Plaintiff's burden under the forgoing authorities and discussion in the Motion to Dismiss and the Joint Rule 26(f) Report. D.I. 25, 9-10; D.I. 30, 5-9.

Moreover, Alnylam's proposed schedule—which prioritizes resolution of the Motion to Dismiss before discovery formally opens—is consistent with the Federal Circuit and Fifth Circuit's directives encouraging district courts to prioritize transfer motions and to address transfer before addressing other substantive issues. *In re Apple*, 979 F.3d 1332, 1337 (Fed. Cir. Nov. 9, 2020) ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority."); *In re Google*, No. 15-138, 2015 WL 5294800 at *1-2 (Fed. Cir. July 16, 2015) ("We, like other courts, have [] stressed the importance of addressing motions to transfer at the outset of litigation" because "[i]n the context of transfer of venue motions, lengthy delays have the ability to frustrate 28 U.S.C. 1404(a)'s intent to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense") (citations omitted); *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir. July 1, 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top priority. . . .").

Finally, while Plaintiff contends that it will be prejudiced by waiting on the Court to rule on Alnylam's Motion to Dismiss, Plaintiff has sat on its patent rights for over 5 years—Plaintiff's patent issued in 2015, Defendants' accused product has been on the market since at least 2019,

and Plaintiff waited until late-2024 to file this suit.  Given the circumstance of this case, there is no legitimate need to move forward on the fast-tracked[3] schedule Plaintiff proposes here.[4]

**Proposed Scheduling Order**

1. The Parties shall complete ADR in compliance with Local Rule CV-88 no later than **[August 27, 2025]** **[14 weeks after the Court issues a ruling on Defendants' Motion to Dismiss.[5]  A motion objecting to ADR must be filed not later than 60 days before that deadline.]**

2. The Parties asserting claims for relief shall submit a written offer of settlement to opposing parties **[by August 6, 2025]** **[18 weeks after the Court issues a ruling on Defendants' Motion to Dismiss]**, and each opposing party shall respond, in writing, **[by August 13, 2025]** **[20 weeks after the Court issues a ruling on Defendants' Motion to Dismiss]**.

3. Fact discovery shall commence and the parties shall exchange initial disclosures **[on May 7, 2025]** **[2 weeks after the Court issues a ruling on Defendants' Motion to Dismiss]**.

4. The Parties shall file all motions to amend or supplement pleadings or to join additional parties **[by May 20, 2025]** **[32 weeks after the Court issues a ruling on Defendants' Motion to Dismiss]**.

---

[3] Plaintiff's proposed dates in the original, proposed scheduling order (Dkt. No. 31), were fast-tracked by about 3-6 months compared to other scheduling orders entered by Judge Ezra. Plaintiff's proposed dates in this amended scheduling order are now 1-4 months faster than this court has entered in other cases.  *See* Dk. No. 21 at 2-3.

[4] While Plaintiff attempts to paint Alnylam as refusing to compromise on the scheduling order, Alnylam compromised on numerous disputes, including agreeing to Plaintiff having the last word (*i.e.*, a sur-reply) for claim construction briefing.

[5] **This date and the dates that follow tied to the final ruling on Defendants' Motion to Dismiss are in force only if the Court denies the motion.  If the Court orders the case dismissed or transferred to Massachusetts, this Scheduling Order and the dates identified in it are vacated.**

5. Plaintiff shall serve its preliminary infringement contentions **[by June 4, 2025] [6 weeks after the Court issues a ruling on Defendants' Motion to Dismiss].** These contentions should be in the form of claim charts setting forth where in the accused product(s) each element of the asserted claim(s) is found.  Plaintiff shall also identify the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.

6. Defendants shall serve preliminary invalidity contentions **[by July 23, 2025] [14 weeks after the Court issues a ruling on Defendants' Motion to Dismiss].** These contentions should be in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations that Defendants contend are indefinite or lack written description or enablement support under section 112, and (3) an identification of any claims the Defendants contend are directed to ineligible subject matter under section 101.  Defendants shall also produce all prior art referenced in the invalidity contentions and technical documents, including software where applicable, sufficient to show the operation of the accused product(s).

7. The following schedule shall apply to claim construction proceedings in this case:

    a. **[On September 17, 2025] [26 weeks after the Court issues a ruling on Defendants' Motion to Dismiss],** the Parties shall concurrently exchange a list of claim terms a party believes should be construed by the Court.

    b. **[On September 24, 2025] [30 weeks after the Court issues a ruling on Defendants' Motion to Dismiss],** the Parties shall concurrently exchange proposed claim constructions.

    c.    **[On September 24, 2025] [30 weeks after the Court issues a ruling on Defendants' Motion to Dismiss],** the Parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction. With respect to any expert identified, the Parties shall identify the scope of the topics for the witness's expected testimony.[6] With respect to items of extrinsic evidence, the Parties shall identify each such item by production number or produce a copy of any such item if not previously produced.

    d.    **[On or before October 7, 2025] [By 33 weeks after the Court issues a ruling on Defendants' Motion to Dismiss],** the Parties shall meet and confer to narrow terms in dispute and exchange revised list of terms/constructions.

    e.    **[On October 15, 2025] [38 weeks after the Court issues a ruling on Defendants' Motion to Dismiss]**, Defendants shall file their Opening claim construction brief and any declarations of expert witnesses in support of their positions. The page limit for the Opening Claim Construction Brief shall be 25 pages, exclusive of the caption, signature block, any certificate, and exhibits.

    f.    **[On November 12, 2025] [43 weeks after the Court issues a ruling on Defendants' Motion to Dismiss]**, Plaintiff shall file its Responsive claim construction brief with supporting evidence, including any declarations of

---

[6] Any party may submit rebuttal witness or expert evidence in response to a brief where such evidence is relied upon by the other party.

   expert witnesses in support of its responsive positions. The page limit for the Responsive Claim Construction Brief shall be 25 pages, exclusive of the caption, signature block, any certificate, and exhibits.

g. **[On December 1, 2025] [46 weeks after the Court issues a ruling on Defendants' Motion to Dismiss]**, Defendants shall file their Reply Claim Construction Brief, including any responsive declarations of expert witnesses in support of their responsive positions. The page limit for the Reply Claim Construction Brief shall be 10 pages, exclusive of the caption, signature block, any certificate, and exhibits.

h. **Sur-Reply:** On **[December 8, 2025] [48 weeks after the Court issues a ruling on Defendants' Motion to Dismiss]**, Plaintiff shall file its Sur-Reply Claim Construction Brief, including any responsive declaration of expert witnesses in support of its responsive positions. The page limit for the Sur-Reply Claim Construction Brief is 10 pages, exclusive of the caption, signature block, any certificate, and exhibits.

i. The parties shall file a Joint Claim Construction Statement by **[December 12, 2025] [49 weeks after the Court issues a ruling on Defendants' Motion to Dismiss]**.

j. Claim Construction Hearing:

  1) **Plaintiff's Proposal:** The *Markman* hearing will be conducted at 9:00 AM on January 6, 2026.

        2) **Defendants' Proposal:** The *Markman* hearing is to be set by the Court after claim construction briefing is complete and the Parties have submitted their Joint Claim Construction Statement.

8. Final Infringement Contentions and Final Invalidity Contentions. The deadline for serving Final Infringement Contentions shall be four weeks after the claim construction order is issued. After this date, leave of Court is required for any amendment to infringement contentions. The deadline for serving Final Invalidity Contentions shall be six weeks after the claim construction order is issued. After this date, leave of Court is required for any amendment to invalidity contentions. These deadlines do not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions.

9. The Parties shall complete all fact discovery **[on or before April 21, 2026]** **[14 weeks after the claim construction order is issued]**.

10. All Parties with the initial burden of proof shall exchange opening expert reports (and all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) **[on or before May 12, 2026]** **[20 weeks after the claim construction order is issued]**.

11. The Parties shall exchange rebuttal expert reports (and all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) **[on or before June 9, 2026]** **[26 weeks after the claim construction order is issued]**.

12. The Parties shall exchange reply expert reports (and all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) **[on or before June 30, 2026]** [**30 weeks after the claim construction order is issued**].

13. The Parties shall complete all expert discovery **[on or before July 28, 2026]** **[34 weeks after the claim construction order is issued]**.

14. All motions for summary judgment ("MSJs") and motions to strike expert testimony (including *Daubert* motions) shall be filed **[no later than August 12, 2026] [38 weeks after the claim construction order is issued]**. Responses thereto shall be filed **[by September 9, 2026] [43 weeks after the claim construction order is issued]**. Replies in support of such motions shall be filed **[by September 23, 2026, but the Court need not wait for the reply before ruling on the motion] [46 weeks after the claim construction order is issued]**. The number of MSJs or motions to strike expert testimony (including *Daubert* motions) is not limited. However, opening MSJs and motions to strike expert testimony (including *Daubert* motions) shall be limited to 30 pages total (regardless of the number of motions).[7] Responses shall be limited to 30 pages total for responding to all motions. Replies shall be limited to 15 pages total for replying to all motions.

15. The hearing on MSJs and motions to strike expert testimony (including *Daubert* motions) will be set by the Court after all replies have been filed.

16. The Court will set this case for final pretrial conference and trial at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The Parties shall consult Local Rule CV-16(f)-(g) regarding matters to be filed in advance of the final pretrial conference. After the pretrial conference has been set, the parties shall meet and confer prior to the final pretrial conference to agree upon and submit a schedule for the exchange of pretrial materials.

---

[7] For clarity, if a party files 5 motions to strike expert testimony (including *Daubert* motions) and 6 MSJs, that party is limited to 30 pages total for the 5 motions to strike expert testimony (including *Daubert* motions) and 6 MSJs. In other words, each party is limited to 30 pages total for both motions to strike expert testimony (including *Daubert* motions) and MSJs, regardless of the number of motions to strike expert testimony (including *Daubert* motions) and MSJs that party files.

17. The Parties may request that this Court extend any deadline set in this Order by filing a motion on the docket.

Dated: _____, 2025

_____

THE HONORABLE DAVID A. EZRA
UNITED STATES DISTRICT JUDGE

Dated: April 21, 2025

**MCKOOL SMITH, P.C.**

/s/ *Christian J. Hurt*
Christian J. Hurt
Texas Bar No. 24059987
churt@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: (214) 978-4060
Telecopier: (214) 978-4044

Jamie Levien *(Admitted to W.D. Tex.)*
New York Bar No. 6161970
jlevien@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1717 K Street NW, Suite 1000
Washington, DC 20006
Telephone: 202-370-8300
Telecopier: 202-370-8344

Jennifer Truelove
Texas Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Saif Askar *(Admission Pending)*
New York Bar No. 5833181

10

saskar@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

*ATTORNEYS FOR PLAINTIFF THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM*

McDermott Will & Emery LLP

*/s/ Samoneh Schickel*
Samoneh Schickel
Texas Bar No. 24097911
McDermott Will & Emery LLP
300 Colorado Street, Suite 2200
Austin, TX 78701
Tel.: (512) 726-2600
Fax: (512) 532-0002

William G. Gaede, III (Admitted Pro Hac Vice)
McDermott Will & Emery LLP
415 Mission Street, Suite 5600
San Francisco, CA 94105 (650) 815-7400

Sarah Chapin Columbia (Admitted Pro Hac Vice)
Sarah J. Fischer (Admitted Pro Hac Vice)
McDermott Will & Emery LLP
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
(617) 535-4000

Mandy H. Kim (Admitted Pro Hac Vice)
McDermott Will & Emery LLP
18585 Jamboree Road, Suite 250
Irvine, CA 92612-2565
(949) 757-6061

*Attorneys for Defendants Alnylam Pharmaceuticals Inc. and Alnylam U.S., Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on April 21, 2025.

/s/ *Christian Hurt*  
Christian Hurt
