IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.<br><br>　　　　Defendants | Civil Action No. 1:24-cv-1524-DAE<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO ALNYLAM'S OPPOSED MOTION TO
STAY DISCOVERY PENDING RESOLUTION OF ITS
<u>MOTION TO DISMISS AND/OR TRANSFER</u>**

**I.      INTRODUCTION**

The Board of Regents of The University of Texas System ("The University," "MD Anderson," or "Plaintiff") opposes Defendants' Alnylam Pharmaceuticals Inc. and Alnylam U.S., Inc. (collectively, "Defendants" or "Alnylam") Motion to Stay ("Motion" or "Dkt. 38").

Defendants attempted to stay this case when they opposed entry of a Scheduling Order. Dkts. 30 and 31.  Over Defendants' objections, the Court entered a Scheduling Order and opened discovery.  Undeterred, Defendants again move to stay this case and refuse to provide discovery. But just as before, Defendants do not show that the Court should stay this case pending the resolution of Defendants' Motion to Dismiss for Improper Venue or in the Alternative to Transfer this Case to the District of Massachusetts ("Venue Motion" or "Dkt. 21").

As the Court surmised when it rejected Defendants' first stay attempt, Defendants failed to show any prejudice from having to engage in discovery—discovery that will need to occur regardless of the forum in which this case is ultimately tried.  Dkt. 38-3 (Apr. 23, 2025 Hr'g Tr.) at 18:11-20.  There is also no indication that the Court will not prioritize the Venue Motion.  To the contrary, Defendants themselves anticipate a ruling by the end of this month—long before the *Markman* hearing (scheduled for next January).  A stay will also prejudice The University, including by depriving it of deposing Defendants' declarant (Steve Bossone)—a deposition Defendants previously told the Court they had offered.  Defendants' Venue Motion hinges on Mr. Bossone's declaration, but the declaration contains statements that Defendants admit are false and contradictory.  This underscores why discovery is necessary.  At bottom, this Motion is just another attempt to delay the case and shield Mr. Bossone from a deposition.  It should be rejected.

**II.     APPLICABLE LAW**

"District courts have broad discretion in all discovery matters. However, the issuance of a stay is by no means automatic." *Best Glide Aviation Survival Equip., Inc. v. Tag-Z, LLC*, No. 1:23-

CV-1080-DAE, 2025 WL 1011778, at *1 (W.D. Tex. Feb. 26, 2025) (internal quotations omitted) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006); *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008)). A district court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c).[1] Good cause may exist if the party seeking the stay demonstrates that "annoyance, embarrassment, oppression, or undue burden or expense" would result absent the stay. Fed. R. Civ. P. 26(c). A stay "may [also] be appropriate where the disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense." *Best Glide Aviation*, 2025 WL 1011778, at *1 (quoting *United States ex rel. Gonzalez*, 571 F. Supp. 2d at 768). Under Rule 26(c)'s good cause requirement, the movant has the burden "to show the necessity of [the stay's] issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Preston Hollow Cap., LLC v. Cottonwood Dev. Corp.*, No. 1:20-CV-00978-LY-SH, 2021 WL 1199628, at *1 (W.D. Tex. Mar. 30, 2021) (quoting *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)).

### III.   DEFENDANTS FAIL TO SHOW GOOD CAUSE FOR A STAY

#### A.   A Stay Will Not Simplify This Case—It Will Only Delay It

A stay will not simplify this case, and Defendants do not meaningfully contend otherwise. They generically conclude that a stay will "avoid wasting time, energy, and money," Mot. at 6, but do not point to any actual savings from a stay. A stay will only delay this case: the parties will engage in the same merits discovery regardless of the outcome of the Venue Motion.

---

[1] Defendants rely on a three-factor test that addresses aspects of good cause, *see* Dkt. 38 at 4 (citing *YETI Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-CV-342-RP, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018) for the three-factor test it describes).

2

Indeed, the lack of simplification here stands in contrast to where a motion to dismiss has the potential to avoid wasting time, energy, and money (*e.g.*, result in disposing of the case). Under those circumstances, a stay might be appropriate. *See, e.g.*, *Lowery v. Mills*, No. 1:23-CV-129-DAE, 2023 WL 9958230, at *2 (W.D. Tex. Aug. 9, 2023) (staying discovery pending a motion to dismiss for, among other grounds, lack of subject matter jurisdiction on ripeness, standing, and sovereign immunity); *Best Glide Aviation*, 2025 WL 1011778, at *2 (staying discovery pending a second motion to dismiss for failure to state a claim). But even in those circumstances—where the motion to dismiss could dispose of the case and eliminate the need for discovery—courts were still reluctant to issue a stay and imposed a high bar to obtain one: "[T]his Court views stays pending a motion to dismiss with disfavor [and] has noted that 'in practice such stays are very rare, and almost never wise.'" *Fund Texas Choice v. Deski*, No. 1:22-CV-859-RP, 2024 WL 3223685, at *2 (W.D. Tex. May 1, 2024) (denying motion to stay pending motions to dismiss, for judgment on the pleadings, and for summary judgment) (quoting *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663-RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016) (denying motion to stay pending a motion to dismiss that defendant claimed "could very well dispose of this case in its entirety")); *see also Byteweavr, LLC v. Cloudera, Inc.*, No. l:24-cv-00261, Dkt. 55 at 1 (W.D. Tex. Aug. 5, 2024) (denying motion to stay pending motion to dismiss for failure to state a claim and noting that "[t]his Court rarely grants a stay pending resolution of a motion to dismiss, except in unusual circumstances where there is good cause to do so.").

Defendants do not even attempt to meet that high bar here—despite knowing since March that The University would rely on these cases to oppose a stay. *See* Dkt. 30 at 2–3 (citing cases to oppose Defendants' request for a stay in the Rule 26(f) statement). And the Venue Motion does not have the potential to simplify the issues or eliminate discovery. If the Court denies Defendants'

3

Venue Motion, the parties will continue to litigate the case here. If the Court grants Defendants' Venue Motion, the parties will continue to litigate this case in another forum. In either case, a stay will have only delayed this case—it will not have simplified the case.

> **B.     Defendants Fail to Show that the Court Will Not Prioritize the Venue Motion Before the January 2026 *Markman* Hearing**

Defendants argue for a stay because there are cases reciting that the court should prioritize venue motions before proceeding to substantive case issues (*e.g.*, ruling on claim-construction or summary-judgment). Mot. at 6–8. But that argument applies to every venue motion, and the Federal Circuit has held that a court is not required to stay discovery pending a venue motion. *See, e.g.*, *In re ADTRAN, Inc.*, 840 F. App'x 516, 517 (Fed. Cir. 2021) (non-precedential) ("[W]e [are not] presently persuaded that [the defendant] is unable to obtain a decision on its venue motion before a *Markman* hearing without our help."). Nor is a stay appropriate when there is no indication that the court will delay deciding a venue motion. *See, e.g.*, *In re Netflix, Inc.*, No. 2021-190, 2021 WL 4944826, at *2 (Fed. Cir. Oct. 25, 2021) (non-precedential) (denying writ of mandamus seeking to stay all proceedings because "the [venue] motion has been pending for a shorter time than in past cases, and the district court has not issued other substantive orders in the case").

Instead, the cases Defendants cite issued a stay only when it appeared that the venue motion did not have priority and the court had instead prioritized and moved forward with substantive issues. *See*, *e.g.*, *In re Apple Inc.*, 52 F.4th 1360, 1337 (Fed. Cir. 2022) (district court delayed consideration of a venue motion by a full year without reason and "the parties agree[d] that no additional discovery or briefing is necessary" to decide venue); *In re Google Inc.*, No. 2015-138, 2015 WL 5294800 (Fed. Cir. July 16, 2015) (district court delayed by eight months); *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (a stay was necessary because "the district court barreled ahead on the merits in significant respects . . . before [it] issued its transfer order").

Defendants do not allege that the Court has not prioritized (or will not prioritize) the Venue Motion such that a stay might be appropriate.  To the contrary, Defendants proposed a schedule at the April 23, 2025 hearing that forecasted the Court would decide the Venue Motion by the end of this month—before *any* major case deadline under the current schedule.  Ex. A at 1 (emphases added); Dkt. 38-3 (Apr. 23, 2025 Hr'g Tr.) at 8:23-9:4.

|  | Defendants' Proposal (May 30 Decision Date) | Plaintiff's Proposal |
|---|---|---|
| ADR | 09/05/2025 | 08/27/2025 |
| Written offer of Settlement | 10/03/2025 | 08/06/2025 |
| Respond to Written Offer of Settlement | 10/17/2025 | 08/13/2025 |
| Fact Discovery Opens and Exchange Initial Disclosures | 06/13/2025 | 05/07/2025 |
| Motions to Amend/Supplement Pleadings and Join Additional Parties | 01/09/2026 | 05/20/2025 |
| Preliminary Infringement Contentions | 07/11/2025 | 06/04/2025 |
| Preliminary Invalidity Contentions | 09/05/2025 | 07/23/2025 |

In addition, the Court will not address merits issues until it prepares for the *Markman* hearing next January—eight months from now (with the case then progressing to pretrial motion practice seven months later).  Dkt. 37 at 3–4.  Defendants fail to cite a case in which a court issued a stay under these circumstances, and their own schedule shows that the Court will prioritize the Venue Motion.

### C.   Defendants Will Not Be Prejudiced Absent a Stay

Continuing with the case—including discovery—will not prejudice Defendants.  Indeed, Defendants themselves proposed at the hearing a case schedule in which discovery would open in mid-June.  Ex. A at 1.  They also represented to the Court that they proposed allowing venue discovery to proceed, including a deposition of their venue declarant.  Dkt. 25 at 10 ("Alnylam

5

was amenable to reasonable venue discovery which would, of course, have included the deposition of Alnylam's declarant."). This undercuts Defendants' claim of prejudice from having to proceed with discovery. And Defendants will need to engage in the same merits discovery whether this case is here or in another forum, as the Court recognized. *See* Dkt. 38-3 at 18:11-20.

Defendants' Motion fails to show prejudice, just as Defendants were unable to at the hearing. *Id.* The <u>only</u> prejudice Defendants claimed at the hearing was based on the location of witnesses for depositions (*id.* at 8:6-14), which the Court exposed for what it was (*id.* at 18:11-20):

> And just to really sum it all up, Mr. Gaede, I just didn't hear any real prejudice. I understand the principles you're espousing, but the depositions will be taken in Boston or Houston or Austin, where some of these executives may have been. And so that's going to happen either way in that location, and the documents that are going to be exchanged, they're going to be exchanged whether you're doing it here in Austin or you're doing it in Massachusetts.

Defendants abandon that "prejudice" and now pivot to alleged prejudice that they manufactured. They first contend that they will be "forced to expend resources litigating other substantive matters in this Court where the rules differ from those used by the potential transferee court." Dkt. 38 at 7. But the difference in rules is a *five-interrogatory* difference between the <u>default</u> Massachusetts Local Rules and what they <u>agreed</u> to here. *Compare* Dkt. 30 at ¶ 10 (parties' agreement to 30 interrogatories) *with* Mass. L.R. 26.1(c) (limiting parties to 25 interrogatories by default); *see also* Mass. L.R. 26.2(b) (allowing additional interrogatories). Defendants never proposed following the Massachusetts discovery limits here. And, regardless, the <u>scope</u> of discovery will be the same in either venue because the same claims and defenses will be at issue.

Defendants then contend that they are prejudiced because they will have to expend resources toward "negotiating scheduling orders," specifically for <u>one</u> deadline: the deadline to amend pleadings. Mot. at 9 & n.3. But the Scheduling Order has already been entered—and

6

Defendants never proposed adjusting that deadline in the two-month negotiations over the Scheduling Order. And, of course, The University would have accommodated any reasonable change. Defendants just never made such a proposal when the parties conferred.

Defendants similarly catastrophize the alleged duplication and burden of expending judicial resources here, but all fall flat. Mot. at 8. First, Defendants themselves forecast that the Court will rule on the Venue Motion by the end of this month—before any of these deadlines occur. The earliest deadline that Defendants mention (invalidity contentions) is not until late July. *See* Dkt. 37 at ¶ 6. And the claim-construction proceedings are even further away, with the first deadline (exchanging lists of terms to be construed) in mid-September. *See id.* at ¶ 7. Second, the work Defendants complain about is not "duplicative"—it will port over to Massachusetts should the Court transfer this case (that District has Local Patent Rules with the same contention and claim-construction practice as the Scheduling Order). The *Markman* hearing is set for next January, *id.*, and Defendants do not allege that the Venue Motion will be pending at that time.

Defendants' complaints reduce to having to litigate this case—which they have to do whether the case stays here or moves to another forum. "These typical costs associated with discovery and defending a suit do not warrant a stay" because "[o]rdinary discovery deadlines, without more, does not give rise to an undue burden." *WSOU Invs. LLC v. ZTE Corp.*, No. 6:20-CV-00487-ADA, 2022 WL 479131, at *2 (W.D. Tex. Feb. 16, 2022) (quoting *Kaneka Corp. v. JBS Hair, Inc.*, No. 3:10-CV-1430, 2011 WL 13167931, at *1 (N.D. Tex. Mar. 30, 2011)); *see also cf. Best Glide Aviation*, 2025 WL 1011778, at *2 (finding that the defendant, a small business unlike Defendants, showed it would bear undue burden or expense in responding to discovery requests). And, here, Defendants themselves are at fault for their alleged prejudice (*e.g.*, failing to

7

negotiate specific dates or provide a case schedule to The University or the Court before the April 23 hearing and agreeing to the discovery limits in the Rule 26(f) statement).

### D.     A Stay Will Prejudice The University

A stay will prejudice The University.  It will delay The University's ability to obtain discovery, including critical venue discovery, without a corresponding benefit.  It will only delay resolution of this case.  Indeed, this case has effectively been stayed for two months based on Defendants' refusal to enter an agreed Scheduling Order.  Defendants' refusal to accept the Court's Scheduling Order hampers The University's ability to develop its case prior to contentions and the *Markman* proceedings.

Instead of accepting the case schedule, Defendants blame The University for not immediately filing suit. But any alleged delay is not a defense to infringement.  Defendants do not point to any claim or defense to which The University's alleged delay is relevant.  Indeed, in *WSOU*, the Court noted, that "a stay would harm [the plaintiff] by delaying [its] ability to enforce its patent rights [because a] stay will destroy the current case schedule, thereby delaying discovery and [the plaintiff's] right to timely enforce its patents." *WSOU Invs. LLC v. ZTE Corp.*, No. 6:20-CV-00487-ADA, 2022 WL 479131, at *2 (W.D. Tex. Feb. 16, 2022) (collecting cases). The same is true here. The Court has entered a scheduling order to govern these proceedings, and they should move forward accordingly. There is also "strong public policy favoring expeditious resolution of litigation," *Impinj, Inc. v. NXP USA, Inc.*, No. 6:21-CV-00530-ADA, 2023 WL 7476358, at *2 (W.D. Tex. May 18, 2023), and there is no reason to depart from that practice.

Indeed, The University has a need for discovery—including venue discovery—and will be prejudiced if it cannot conduct that discovery.  The thrust of Defendants' efforts (including this Motion) is to prevent venue discovery, particularly a deposition of Defendants' venue declarant

8

(Mr. Bossone). Indeed, the Motion even falsely claims that The University inquired "whether Alnylam would consider a stay to just venue discovery." Mot. at 1.

The root of that misstatement—suggesting that The University offered to forgo venue discovery—lies in Defendants' strong desire to shield The University from deposing Mr. Bossone. The reason for that strong desire is because Mr. Bossone's declaration undisputedly contains false and contradictory statements. Those statements are about material facts on which the Venue Motion hinges.

For example, Alnylam claimed in Mr. Bossone's first declaration that it "does not require any of its employees to live in the state of Texas." In Mr. Bossone's second declaration, however, he states that that Alnylam does require employees to live in this District, as shown below.

| **First Bossone Declaration** | **Second Bossone Declaration** |
|---|---|
| "Alnylam ***does not require*** any of its employees to live in the state of Texas. . . . None of the listed employees are required to live in the District, nor are they required to live anywhere in the State of Texas." (Dkt. 21-1, ¶ 10) (emphasis added). | "Alnylam's Business Account Executives, including Heather Smith and Kimberly McAlarney, ***are required*** to live in their respective territories. The assigned territory for Ms. Smith is Austin, Texas and the assigned territory for Ms. McAlarney is San Antonio, Texas." (Dkt. 25-1, ¶ 9) (emphasis added). |

These were false statements on central venue facts. The Venue Motion heavily relied on the "fact" that Alnylam "does not require that any employee live within the District or even within the State of Texas" (Dkt. 21 at 5): it asserted that "[c]ourts have repeatedly found that the mere presence of remote employees who are not required to live in the District is insufficient to establish venue." *Id.* at 6 (emphasis added). Defendants even disparaged The University's contrary evidence as "LinkedIn profiles" that "courts have found . . . [are] 'too speculative'" to establish venue. *Id.* at 4–5. Defendants now admit that this "fact" is not true. And the conflicting testimony necessitates a deposition of Mr. Bossone and related discovery, if not outright denial of the Venue

9

Motion. *Intell. Ventures II LLC v. BITCO Gen. Ins. Corp.*, 2015 WL 11616297, at *2 (E.D. Tex. Sept. 15, 2015) (denying motion to transfer where a deposition of the declarant unearthed that the motion contained false statements). The Court should stop Defendants' tactic of submitting false and contradictory statements and then trying to block discovery around those statements.

Now that discovery is open, The University is entitled to discovery, including Mr. Bossone's deposition. Indeed, Defendants previously represented that they were "amenable to reasonable venue discovery which would, of course, have included the deposition of Alnylam's declarant [Mr. Bossone]." Dkt. 25 at 10. But Defendants refuse to provide that discovery even though discovery is open—depriving The University and the Court of the full venue picture. The University is prejudiced by Defendants' repeated refusal to move this case forward, and a stay will continue that prejudice.

### IV. CONCLUSION

For the foregoing reasons, The University respectfully request that the Court deny Defendants' Motion to Stay.

| | |
|---|---|
| Dated: May 13, 2025 | **MCKOOL SMITH, P.C.**<br><br>/s/ *Christian J. Hurt*<br>Christian J. Hurt<br>Texas Bar No. 24059987<br>churt@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>300 Crescent Court, Suite 1200<br>Dallas, TX 75201<br>Telephone: (214) 978-4060<br>Telecopier: (214) 978-4044<br><br>Jamie Levien *(Admitted to W.D. Tex.)*<br>New York Bar No. 6161970<br>jlevien@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>1717 K Street NW, Suite 1000<br>Washington, DC 20006<br>Telephone: 202-370-8300<br>Telecopier: 202-370-8344<br><br>Jennifer Truelove<br>Texas Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street, Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Telecopier: (903) 923-9099<br><br>Saif Askar *(Admission Pending)*<br>New York Bar No. 5833181<br>saskar@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>600 Travis Street, Suite 7000<br>Houston, Texas 77002<br>Telephone: (713) 485-7300<br>Telecopier: (713) 485-7344<br><br>*ATTORNEYS FOR PLAINTIFF THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM* |

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on May 13, 2025.

/s/ *Christian Hurt*
Christian Hurt
