# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM<br><br>Plaintiff,<br><br>vs.<br><br>ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.<br><br>Defendants | Civil Action No. 1:24-cv-1524-DAE<br><br>JURY TRIAL DEMANDED |

**ALNYLAM'S REPLY REGARDING ITS OPPOSED MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS AND/OR TRANSFER**

### I. THIS COURT'S/PARTIES' RESOURCES WOULD BE WASTED ABSENT A STAY

Plaintiff's fundamental contention that a stay would only delay this case, which will proceed on the merits regardless of the outcome of Alnylam's Motion to Dismiss and/or Transfer, is not only incorrect, but misses at least two key points. Dkt. 46, 1 & 3.

First, it fails to recognize that the Massachusetts Court should be ruling on any disputes or merits proceedings that arise in this case, not this Court. *In re Apple Inc.*, 52 F.4th 1360, 1363 (Fed. Cir. 2022) (noting that judicial "economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and ***such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit***. . . .") (citation omitted) (emphasis added). That is why the Federal Circuit has instructed parties seeking a motion to transfer to also file a motion to stay. *In re Fusion-IO, Inc.*, 489 F. App'x 465, 466 (Fed. Cir. 2012) ("We fully expect . . . for Fusion–IO to promptly request transfer in the lead case along with a motion to stay proceedings pending disposition of the transfer motion. . . .").

Second, it misses that the parties and this Court would be forced to waste time, energy, and money absent a stay due to Plaintiff's conduct undermining Judge Ezra's Article III power to resolve *first* the Motion to Dismiss and/or Transfer with Plaintiff's attendant venue discovery request. "As the party opposing transfer and requesting discovery, [plaintiff] bear[s] the burden of demonstrating the necessity of discovery." *ICharts LLC v. Tableau Software, LLC*, 2024 WL 2305214, *4 (W.D. Tex. May 21, 2024). Plaintiff requested Judge Ezra to grant it venue discovery as part of its Venue Motion opposition, which Alnylam opposed. *See* Dkt. 24 at 16; Dkt. 25, 9-10. Judge Ezra has not ruled on this opposed request, nor has it been referred to this Court. Yet, when substantive fact discovery opened on May 7, 2025, Plaintiff helped itself and served venue

1

discovery comprising five deposition notices, four interrogatories, and at least ten requests for production. Ex. 4. Plaintiff's venue-related conduct undermines Judge Ezra's Article III power to address and prioritize the Motion to Dismiss and already is wasting time, energy and money.

Worse, Alnylam now also must respond to at least 30 additional exceedingly broad merits document requests plus 12 merits interrogatories that Plaintiff served related to Alnylam's breakthrough accused drug Onpattro developed over many years and sold since 2019. *See, e.g.*, Ex. 4 at 58 ("All documents relating to marketing the Accused Products . . . ."). Alnylam further has been compelled to seek agreed leave to amend the Scheduling Order that set May 20, 2025, as a date to file amended pleadings, when Alnylam properly under Rule 12(c) has not filed its Answer to the Complaint. Dkt. 47, n.1 (notifying Court further relief to amend pleadings may be required).

These continuing burdens and inequities absent a stay are palpable. Plaintiff is wrong that such substantive and venue burdens Plaintiff inflicted do not warrant the stay relief sought. Dkt. 38, 1; *see In re Netflix, Inc.*, 2021 WL 4944826, at *1 (Fed. Cir. Oct. 25, 2021) ("***Delays in resolving transfer motions***, coupled with ***ongoing discovery***, claim construction, ***and other proceedings, frustrate the purpose of § 1404(a)*** by forcing defendants to expend resources litigating substantive matters in an inconvenient venue while a motion to transfer lingers unnecessarily on the docket.")[1]; *In re SK hynix Inc.,* 835 F. App'x 600, 600-601 (Fed. Cir. 2021)

---

[1] Plaintiff's contention that a party only wastes time, energy, and money if the case can be disposed of on the merits but the court refuses to enter a stay is incorrect. Dkt. 46, 3. The cases Plaintiff cites are inapposite, where one court faulted the party for not filing the motion to stay early enough, the other court found that the party was likely to lose on its motion to dismiss, and the issues before the third court were not venue related. *Fund Texas Choice v. Deski*, 2024 WL 3223685, at *2 (W.D. Tex. May 1, 2024) ("Defendants have had a year since the suit began to file a motion to stay pending resolution of their jurisdictional arguments. . . . It would be tremendously inefficient to undergo an entire year of litigation only to stay the case at the close of discovery."); *YETI Coolers, LLC v. Magnum Solace, LLC*, 2016 WL 10571903, at *2 (W.D. Tex. Oct. 19, 2016) ("Suffice it to say that Magnum's motion to dismiss does not have a sufficient likelihood of success to warrant staying discovery while that motion is pending."); *Byteweavr, LLC v. Cloudera, Inc.*, No. l:24-cv-

(finding it was an "egregious delay and blatant disregard for precedent" by the court in not ruling on a transfer motion for over eight months and in the meantime denying a stay, scheduling a Markman hearing, **and ordering the parties to continue discovery**); *In re Apple Inc.*, 979 F.3d 1332, 1337–38 (Fed. Cir. 2020) (noting that the district court "barreled ahead" on discovery disputes and the Markman hearing rather than make the venue motion resolution a "top priority").[2]

The reality here is simple—neither party knows when the Court will rule on Alnylam's Motion to Dismiss but already this Court and the parties are wasting resources. More is likely. Statistics show that it takes Judge Ezra 10.2 months on average (with 32.4 months being the max) to rule on a motion to transfer from the time the complaint was filed. Ex. 5.[3] Letting the case go forward will only enmesh the Court and the parties into wasting time, energy, and money by litigating substantive matters in an inconvenient forum, thereby frustrating the "purpose of § 1404(a)." *In re Netflix, Inc.*, 2021 WL 4944826, at *1.

This does not even account for the scenario where Judge Ezra potentially grants Plaintiff's request for venue discovery. And if so, requiring Alnylam to also simultaneously litigate the substance with venue will only further enmesh the Court and the parties into the substance before

---

00261, Dkt. 55 at 1 (W.D. Tex. Aug. 5, 2024) (denying motion to stay pending a motion to dismiss for failure to state a claim). By contrast, Alnylam quickly and timely opposed immediately opening discovery during the Scheduling Order proceedings, and then immediately filed a motion to stay once a Scheduling Order had been entered. *Cf.* Dkt. 37 & 38.

[2] Plaintiff also contends that a stay would not simplify or dispose of this case. But whether or not a stay would simplify or dispose of the case is a factor considered when determining to grant a stay pending an IPR, not a venue motion. *See, e.g., Impinj, Inc. v. NXP USA, Inc.*, 2023 WL 7476358, at *2 (W.D. Tex. May 18, 2023). For the case law on evaluating a stay in the context of a venue motion, *see* Dkt. 38 at 4.

[3] Plaintiff wrongly asserts that Alnylam has not contended "that the Court has not prioritized" the Motion to Dismiss, citing the Scheduling Conference. Dkt. 46, 5. Alnylam's illustration of a possible schedule tied to a possible May 30 Motion resolution date per se ensured prioritization, and in any event, Alnylam's opening stay brief makes this point repeatedly. Dkt. 38, *e.g.*, 1, 4, 6.

3

the Motion to Dismiss is decided—contrary to governing authority set forth here and in Alnylam's Opening brief. Dkt. 38 at 1 (citing cases).

Plaintiff attempts to minimize Alnylam's arguments that the Massachusetts rules differ from those here, that the scheduling order would need to be amended, and that work would need to be redone if the case is transferred. But the Federal Circuit recognizes that these issues are real and waste party and judicial resources. *In re Apple Inc.*, 52 F.4th at 1363 (citing cases showing that once the case even proceeds after the exchange of initial disclosures and the start of fact discovery, party and judicial resources are wasted).

Now is the time to stay the case. *In re Netflix*, 2021 WL 4944826, at *2 ("A stay of merits proceedings is appropriate relief if the district court cannot decide a venue motion quickly enough to avoid burdening the moving party with unnecessary expense and prejudice."); *Univ. of S. Fla. Rsch. Found. Inc. v. Fujifilm Med. Sys. U.S.A.*, 2017 WL 4155344, at *1 (M.D. Fla. Aug. 29, 2017) (staying deadlines until the motion to dismiss for improper venue is resolved); *B.E. Tech., v. Sony Computer Ent. Am.*, 2013 WL 524893, at *1 (W.D. Tenn. Feb. 11, 2013) (staying the case until the Court rules on the motion to transfer).

## II.   A STAY WOULD NOT PREJUDICE PLAINTIFF

Plaintiff contends that a stay would prejudice it by denying venue discovery. But as discussed above, Plaintiff is not entitled to venue discovery unless and until Judge Ezra rules on its request for venue discovery. If Plaintiff were entitled to venue discovery, it would not have requested venue discovery from Judge Ezra in the first place. Dkt. 24 at 16.

Plaintiff also contends that it would be prejudiced because it would not be able to timely enforce its patent rights. But Plaintiff cannot credibly cry foul over a stay when Plaintiff waited 5 years to file suit against Alnylam. *See* Dkt. 38, 5. The cases Plaintiff cites to the contrary are not applicable here, because they deal with evaluating stays in the context of an appeal and an IPR,

4

where different factors and analyses are applied than in the context of a stay pending a venue motion. *See, e.g.*, *WSOU Invs. LLC v. ZTE Corp.*, 2022 WL 479131, at *2 (W.D. Tex. Feb. 16, 2022) (setting forth a four factor test for evaluating a stay in the context of an appeal); *Impinj*, 2023 WL 7476358, at *2 (setting forth the three factor test used for staying pending an IPR).[4]

Finally, Plaintiff alleges that Alnylam has a pattern of submitting false statements and, as a result, is trying to shield its venue declarant from a deposition. This is far from the truth.[5] First, Alnylam submitted a second declaration from Mr. Bossone to correct a mistake found in his first declaration—namely, that two Alnylam employees who live in Austin and San Antonio are required to live there (instead of they are not required to live there). That Mr. Bossone corrected his declaration demonstrates that Alnylam is "forthcoming" and is not the "fraud or misconduct" that courts contemplate when granting venue discovery. *DH Int'l Ltd. v. Apple Inc.*, 2024 WL 3748039, at *2 n.1 (W.D. Tex. July 18, 2024) (finding that the fact that Apple put forth two declarants who "reside and work in this district" show that "Apple has been forthcoming" in its venue motion and "cut[s] against any plausible inference of fraud or misrepresentation."). Plaintiff cites to *Intell. Ventures II LLC v. BITCO Gen. Ins. Corp.* and argues that the court denied a motion to transfer after finding that the motion contained false statements. 2015 WL 11616297, at *1-2 (E.D. Tex. Sept. 14, 2015). While the court there allowed the party to file another transfer motion, the court found that the attorneys had mischaracterized venue facts that the declarant testified he never made. *Id.* Those are not the facts here and, in any event, are for Judge Ezra to address.

For the foregoing reasons, this Court should grant Alnylam's motion and enter a stay here.

---

[4] The parties in *Impinj* were also competitors, which is not the case here. These cases are also from Judge Albright, which this Court recognized handles cases differently. Dkt. 38-3 at 17:4-15.
[5] While Plaintiff contends that the statement "whether Alnylam would consider a stay to just venue discovery" is false, that was Alnylam's understanding from the meet and confer. The parties resolved this, Ex. 6 at 3, and it's unfortunate that Plaintiff is now using it to create a false narrative.

| | |
|---|---|
| Date: May 20, 2025 | Respectfully submitted,<br><br>/s/ *Samoneh Schickel*<br>Samoneh Schickel<br>Texas Bar No. 24097911<br>Syed K. Fareed<br>Texas Bar No. 24065216<br>McDermott Will & Emery LLP<br>300 Colorado Street, Suite 2200<br>Austin, TX  78701<br>Tel.: (512) 726-2600<br>Fax: (512) 532-0002<br><br>William G. Gaede, III *(Admitted Pro Hac Vice)*<br>McDermott Will & Emery LLP<br>415 Mission Street, Suite 5600<br>San Francisco, CA 94105<br>(650) 815-7400<br><br>Sarah Chapin Columbia *(Admitted Pro Hac Vice)*<br>Sarah J. Fischer *(Admitted Pro Hac Vice)*<br>McDermott Will & Emery LLP<br>200 Clarendon Street, Floor 58<br>Boston, MA 02116-5021<br>(617) 535-4000<br><br>Mandy H. Kim *(Admitted Pro Hac Vice)*<br>McDermott Will & Emery LLP<br>18585 Jamboree Road, Suite 250<br>Irvine, CA 92612-2565<br>(949) 757-6061 |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing is being served via the Court's CM/ECF system on May 20, 2025, on all counsel of record who consent to electronic service.

By: */s/ Samoneh Schickel*
Samoneh Schickel