# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM<br><br>    Plaintiff,<br><br>  vs.<br><br>ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.<br><br>    Defendants | Civil Action No. 1:24-cv-1524-DAE<br><br>JURY TRIAL DEMANDED |

**ALNYLAM'S OPPOSED MOTION FOR PROTECTIVE ORDER ON DEPOSITIONS AND DISCOVERY REQUESTS**

**I.     INTRODUCTION**

Defendants Alnylam Pharmaceuticals Inc. and Alnylam U.S. Inc. ("Alnylam") seek a protective order quashing Plaintiff The Board of Regents of the University of Texas System's ("Plaintiff") venue-related discovery requests that Plaintiff served on May 7, 2025, and June 3, 2025.

The issue before the Court is simple—in the face of a motion to dismiss for lack of venue, should Plaintiff be allowed to help itself to venue discovery before the Court has ruled on Plaintiff's (opposed) request for venue discovery? Alnylam urges that the answer is "no."

Alnylam's motion to dismiss this case for improper venue or transfer to the District of Massachusetts ("Motion to Dismiss") and motion to stay this case ("Motion to Stay") are both pending before this Court. Dkts. 21 & 38. While Plaintiff requested leave for venue discovery in its February 19, 2025 opposition to Alnylam's February 5, 2025, Motion to Dismiss, the Court has not ruled on Plaintiff's request. Rather than wait for the Court, Plaintiff switched gears and contended in April that it was entitled to venue discovery by right once fact discovery opened on May 7, 2025. That position has already necessitated Alnylam filing its April 29, 2025, Motion to Stay. Dkt. 38. Plaintiff's insistence on forcing Alnylam to file a motion for a protective order against unauthorized venue discovery and raising the specter of Rule 37 if Alnylam failed to comply is exactly the type of prejudice and burden that further supports Alnylam's Motion to Stay. *See* Dkt. 38 and authorities therein.

Plaintiff should not be permitted to pursue venue discovery when the Court has not yet ruled on Plaintiff's request for venue discovery. Plaintiff's attempt to circumvent a ruling on its request for venue discovery is prejudicial to Alnylam, and Alnylam will suffer undue burden by the additional cost, time, and energy it will take to engage in venue discovery, if the Court

1

determines that no such discovery is warranted. As such, Alnylam respectfully requests that the Court grant its motion for a protective order.

## II.   BACKGROUND

Plaintiff filed its complaint on December 12, 2024. Dkt. 1. On February 5, 2025, Alnylam moved to dismiss the complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3) or in the alternative to transfer the case to the United States District Court for Massachusetts under 28 U.S.C. § 1404(a). Dkt. 21. While Plaintiff has not filed a motion seeking leave for venue discovery, Plaintiff requested such discovery in its Opposition to Plaintiff's Motion to Dismiss. Dkt. 24 at 15-16. Alnylam contends in its reply that venue discovery is not warranted because Plaintiff had not met its burden to establish the necessity for venue discovery under the standards articulated in the cited caselaw. Dkt. 25 at 9-10.[1] As of the filing of this motion, the Court has not ruled on Alnylam's Motion to Dismiss.

Given that the Court has not ruled on Alnylam's Motion to Dismiss, and Plaintiff's subsequent position that it is entitled to unbridled discovery under the April 24, 2025, Scheduling Order, Alnylam filed on April 29, 2025, a Motion to Stay, including fact discovery. Dkt. 38. Alnylam's Motion to Stay this case is pending before this Court.

The Scheduling Order stated that fact discovery may open on May 7, 2025, and is scheduled to close on April 21, 2026. Dkt. 37 at 1, 3. When fact discovery opened, Plaintiff immediately served 40 requests for production and 16 interrogatories along with five venue-related deposition notices. Ex. 1. Of the 40 requests for production, 11 seek venue discovery. *Id.* at 19-22. Of the 16 interrogatories, 4 seek venue discovery. *Id.* at 16-17. Alnylam's response to Plaintiff's requests for production and interrogatories by extension are due July 7, 2025. Ex. 2 at

---

[1] Plaintiff also filed a motion for leave to file a sur-reply, Dkt. 27, to which Alnylam filed an opposition. Dkt. 28.

6-7. The parties initially agreed to continue the venue deposition dates to between June 10, 2025 and June 13, 2025. *Id.* After meeting and conferring on May 30, 2025, Plaintiff subsequently refused to continue the deposition dates to the week of July 8, 2025, unless Alnylam provided venue-related documents and other documents on June 24, 2025. *Id.* at 2. Plaintiff further raised Rule 37 despite its request for venue discovery still pending in the Motion to Dismiss and Alnylam's pending Motion to Stay. *Id.* at 1.

On June 3, 2025, Plaintiff re-served the same 5 deposition notices—one 30(b)(6) notice and four 30(b)(1) notices. Ex. 3. The 30(b)(6) notice seeks testimony on 12 topics that all relate to venue discovery. *Id.* The four 30(b)(1) deposition notices seek the depositions of Alnylam employees for venue discovery—one who is the declarant Alnylam relies upon in its Motion to Dismiss to show that venue in this district is improper and three who Plaintiff points to in its complaint as supposedly establishing venue in this district. Plaintiff's notices seek the depositions of Alnylam's employees starting June 10, 2025 and going to June 13, 2025. *Id.*

Counsel for both parties met and conferred in good faith on May 30, 2025, and thereafter to resolve Alnylam's motion for a protective order. Plaintiff's counsel stated that it opposed Alnylam's motion for a protective order. Alnylam now files this motion for a protective order.

### III.   LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure permit a district court to issue an order protecting a party or witness from whom discovery is sought. Fed. R. Civ. P. 26(c). "A party seeking a Rule 26(c) protective order prohibiting deposition testimony and document production must establish good cause and a specific need for protection." *Real Est. Training Int'l, LLC v. The Nick Vertucci Companies, Inc.*, No. 8:14-CV-00546-AG-DFM, 2015 WL 12748172, at *1 (W.D. Tex. Dec. 22, 2015) (citations omitted). The court "may issue an order to protect a party or person from 'annoyance, embarrassment, oppression, or undue burden or expense,' including 'forbidding

3

inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.* (*citing* Fed. R. Civ. P. 26(c)). "In deciding whether to grant a motion for a protective order, the court has significant discretion." *Id.* (citations omitted).

## IV. A MOTION FOR A PROTECTIVE ORDER IS APPROPRIATE

As argued in Alnylam's Motion to Dismiss, this case should be dismissed for lack of venue or transferred to the District of Massachusetts. Dkts. 21 and 28. In its opposition to Alnylam's Motion to Dismiss, Plaintiff specifically requested venue discovery from this Court: "[T]he University respectfully ***requests that the Court grant the University's request for jurisdictional discovery*** to test the veracity of those [Alnylam's venue declarant's] statements." Dkt. 24 at 17 (emphasis added). Alnylam opposed Plaintiff's request, arguing that Plaintiff had not met its burden to establish the "necessity" for venue discovery under the standards articulated in the caselaw in its briefing, which is also below. Dkt. 25 at 9-10.

Despite specifically requesting venue discovery from this Court, Plaintiff asserts that it need not wait for the Court to grant its request, arguing that it was entitled to venue discovery by right under the Scheduling Order. *See, e.g.*, Ex. 2 at 1. That issue is already pending in the Motion to Stay (Dkt. 38), and Plaintiff has cited no authority for its position. Nor can it. Venue discovery does not just open on the day fact discovery opens; rather, plaintiff bears the burden of showing the necessity of venue discovery. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) ("As the party opposing dismissal and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery."); *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *4 (W.D. Tex. June 19, 2020) (stating the same and further noting that venue discovery should be denied "when there is no indication of fraud or misconduct in the defendant's affidavits, and there is no reason to believe that additional information would alter the outcome").

4

The cases Plaintiff cites in its briefing requesting venue discovery set forth the same proposition. Dkt. 24 at 15 (citing *Parus Holdings* and *Pinn*); *Parus Holdings Inc. v. Google LLC*, No. W-19-CV-00432-ADA, 2020 U.S. Dist. LEXIS 267235, at *9 (W.D. Tex. Feb. 27, 2020) ("[I]f the movant is 'unable to state how the discovery he requested would change the jurisdictional determination,' the Court may deny the motion for venue discovery."); *Pinn, Inc. v. Xiaomi Corp.*, No. 6:24-cv-00013, Dkt. 32 at 5 (W.D. Tex. Oct. 10, 2024) ("Jurisdictional discovery is appropriate if a party demonstrates factual issues related to jurisdictional allegations that can be supplemented through discovery.") (citations omitted).

Plaintiff also contends that Alnylam is not substantially justified in withholding discovery under Federal Rule of Civil Procedure ("FRCP") 37. But FRCP 37's sanctions for refusing to engage in discovery only applies when a party refuses to engage in discovery to which the other party is entitled. In other words, FRCP 37 would potentially apply if the Court were to grant Plaintiff's request for venue discovery and Alnylam were to refuse to cooperate in that discovery.[2] Those are not the facts here. And Plaintiff's suggestion that Alnylam could be sanctioned for refusing to engage in discovery under FRCP 37 only further highlights the need for this Court to grant Alnylam's timely and pending Motion to Stay (Dkt. 38) and this Motion for Protective Order.

Until this Court rules on Alnylam's motions and/or grants Plaintiff's informal request for venue discovery, Plaintiff should not be permitted venue discovery through 4 interrogatories, 11 requests for production, and 5 deposition notices.[3] Not only is Plaintiff's attempt to circumvent a ruling on its request for venue discovery prejudicial to Alnylam, but Alnylam will suffer undue

---

[2] Even if FRCP 37 did apply, which it does not, FRCP 37(d)(2) would protect Alnylam from sanctions given Alnylam's motion for a protective order.
[3] Plaintiff noticed the depositions for next week—starting June 10, 2025 and going to June 13, 2025, and Alnylam's response and objections to Plaintiff's requests for production and interrogatories is due July 7, 2025, by extension.

5

burden by the additional cost, time, and energy it will take to engage in venue discovery, if the Court rightfully determines that no such discovery is warranted here.

## V. CONCLUSION

For the foregoing reasons, Alnylam respectfully requests that the Court grant Alnylam's motion for a protective order.

Date: June 5, 2025

Respectfully submitted,

/s/ Samoneh Schickel
Samoneh Schickel
Texas Bar No. 24097911
Syed K. Fareed
Texas Bar No. 24065216
McDermott Will & Emery LLP
300 Colorado Street, Suite 2200
Austin, TX  78701
Tel.: (512) 726-2600
Fax: (512) 532-0002

William G. Gaede, III *(Admitted Pro Hac Vice)*
McDermott Will & Emery LLP
415 Mission Street, Suite 5600
San Francisco, CA 94105
(650) 815-7400

Sarah Chapin Columbia *(Admitted Pro Hac Vice)*
Sarah J. Fischer *(Admitted Pro Hac Vice)*
McDermott Will & Emery LLP
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
(617) 535-4000

Mandy H. Kim *(Admitted Pro Hac Vice)*
McDermott Will & Emery LLP
18585 Jamboree Road, Suite 250
Irvine, CA 92612-2565
(949) 757-6061

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing is being served via the Court's CM/ECF system on June 5, 2025, on all counsel of record who consent to electronic service.

By: */s/ Samoneh Schickel*
Samoneh Schickel