# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM<br><br>        Plaintiff,<br><br>vs.<br><br>ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.<br><br>        Defendants | Civil Action No. 1:24-cv-1524-DAE<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S NOTICE OF DEPOSITION OF
<u>BEN JOHNSON PURSUANT TO FED. R. CIV. P. 30(b)(1)</u>**

**PLEASE TAKE NOTICE THAT** pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiff the Board of Regents of The University of Texas System ("Plaintiff" or "The University of Texas") by and through its counsel, will take the deposition of Ben Johnson.  The deposition will take place on May 28, 2025 at 9:00 AM local time at the offices of McKool Smith, 303 Colorado Street, Suite 2100, Austin, TX 78701, or such other time or location agreed to by the parties, before a Notary Public or other officer duly authorized to administer oaths.  Notice is further given that the deposition testimony will be recorded by stenographic means, by videotape, and real time transcription services may be utilized.

1

**Exhibit 1
Page 1**

Dated: May 7, 2025

**MCKOOL SMITH, P.C.**

*/s/ Christian Hurt*
Christian Hurt
Texas Bar No. 24059987
churt@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: 214-978-4000
Telecopier: 214-978-4044

Jamie Levien (*Admission Pending*)
New York Bar No. 6161970
jlevien@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1717 K Street NW, Suite1000
Washington, DC 20006
Telephone: 202-370-8300
Telecopier: 202-370-8344
Jennifer Truelove
Texas Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Saif Askar (*Admission Pending*)
New York Bar No. 5833181
saskar@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

***ATTORNEYS FOR PLAINTIFF THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM***

**Exhibit 1**
**Page 2**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on May 7, 2025.

/s/ *Christian Hurt*
Christian Hurt

**Exhibit 1**
**Page 3**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM<br><br>            Plaintiff,<br><br>vs.<br><br>ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.<br><br>            Defendants | Civil Action No. 1:24-cv-1524-DAE<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S NOTICE OF DEPOSITION OF
HEATHER SMITH PURSUANT TO FED. R. CIV. P. 30(b)(1)**

    **PLEASE TAKE NOTICE THAT** pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiff the Board of Regents of The University of Texas System ("Plaintiff" or "The University of Texas") by and through its counsel, will take the deposition of Heather Smith. The deposition will take place on May 29, 2025 at 9:00 AM local time at the offices of McKool Smith, 303 Colorado Street, Suite 2100, Austin, TX 78701, or such other time or location agreed to by the parties, before a Notary Public or other officer duly authorized to administer oaths. Notice is further given that the deposition testimony will be recorded by stenographic means, by videotape, and real time transcription services may be utilized.

**Exhibit 1
Page 4**

Dated: May 7, 2025

**MCKOOL SMITH, P.C.**

*/s/ Christian Hurt*
Christian Hurt
Texas Bar No. 24059987
churt@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: 214-978-4000
Telecopier: 214-978-4044

Jamie Levien (*Admission Pending*)
New York Bar No. 6161970
jlevien@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1717 K Street NW, Suite1000
Washington, DC 20006
Telephone: 202-370-8300
Telecopier: 202-370-8344
Jennifer Truelove
Texas Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Saif Askar (*Admission Pending*)
New York Bar No. 5833181
saskar@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

***ATTORNEYS FOR PLAINTIFF THE***
***BOARD OF REGENTS OF THE***
***UNIVERSITY OF TEXAS SYSTEM***

**Exhibit 1**
**Page 5**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on May 7, 2025.

/s/ *Christian Hurt*

Christian Hurt

**Exhibit 1**
**Page 6**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM | |
| Plaintiff, | Civil Action No. 1:24-cv-1524-DAE |
| vs. | JURY TRIAL DEMANDED |
| ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC. | |
| Defendants | |

**PLAINTIFF'S NOTICE OF DEPOSITION OF**
**JANE REGAN PURSUANT TO FED. R. CIV. P. 30(b)(1)**

**PLEASE TAKE NOTICE THAT** pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiff the Board of Regents of The University of Texas System ("Plaintiff" or "The University of Texas") by and through its counsel, will take the deposition of Jane Regan. The deposition will take place on May 30, 2025 at 9:00 AM local time at the offices of McKool Smith, 303 Colorado Street, Suite 2100, Austin, TX 78701, or such other time or location agreed to by the parties, before a Notary Public or other officer duly authorized to administer oaths. Notice is further given that the deposition testimony will be recorded by stenographic means, by videotape, and real time transcription services may be utilized.

**Exhibit 1**
**Page 7**

Dated: May 7, 2025

**MCKOOL SMITH, P.C.**

*/s/ Christian Hurt*
Christian Hurt
Texas Bar No. 24059987
churt@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: 214-978-4000
Telecopier: 214-978-4044

Jamie Levien (*Admission Pending*)
New York Bar No. 6161970
jlevien@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1717 K Street NW, Suite1000
Washington, DC 20006
Telephone: 202-370-8300
Telecopier: 202-370-8344
Jennifer Truelove
Texas Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Saif Askar (*Admission Pending*)
New York Bar No. 5833181
saskar@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

***ATTORNEYS FOR PLAINTIFF THE
BOARD OF REGENTS OF THE
UNIVERSITY OF TEXAS SYSTEM***

**Exhibit 1
Page 8**

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on May 7, 2025.

/s/ *Christian Hurt*           
Christian Hurt

**Exhibit 1**
**Page 9**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM | |
| Plaintiff, | Civil Action No. 1:24-cv-1524-DAE |
| vs. | JURY TRIAL DEMANDED |
| ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC. | |
| Defendants | |

**PLAINTIFF'S NOTICE OF DEPOSITION OF**
**STEVE BOSSONE PURSUANT TO FED. R. CIV. P. 30(b)(1)**

**PLEASE TAKE NOTICE THAT** pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiff the Board of Regents of The University of Texas System ("Plaintiff" or "The University of Texas") by and through its counsel, will take the deposition of Steve Bossone. The deposition will take place on May 27, 2025 at 9:00 AM local time at the offices of McKool Smith, 303 Colorado Street, Suite 2100, Austin, TX 78701, or such other time or location agreed to by the parties, before a Notary Public or other officer duly authorized to administer oaths. Notice is further given that the deposition testimony will be recorded by stenographic means, by videotape, and real time transcription services may be utilized.

**Exhibit 1**
**Page 10**

Dated: May 7, 2025

**MCKOOL SMITH, P.C.**

*/s/ Christian Hurt*
Christian Hurt
Texas Bar No. 24059987
churt@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: 214-978-4000
Telecopier: 214-978-4044

Jamie Levien (*Admission Pending*)
New York Bar No. 6161970
jlevien@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1717 K Street NW, Suite1000
Washington, DC 20006
Telephone: 202-370-8300
Telecopier: 202-370-8344
Jennifer Truelove
Texas Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Saif Askar (*Admission Pending*)
New York Bar No. 5833181
saskar@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

***ATTORNEYS FOR PLAINTIFF THE***
***BOARD OF REGENTS OF THE***
***UNIVERSITY OF TEXAS SYSTEM***

2

**Exhibit 1**
**Page 11**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on May 7, 2025.

/s/ *Christian Hurt*
Christian Hurt

**Exhibit 1**
**Page 12**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM**<br><br>**Plaintiff,**<br><br>vs.<br><br>**ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.**<br>**Defendants.** | **Civil Action No. 1:24-cv-1524-DAE**<br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S FIRST NOTICE OF DEPOSITION
### OF DEFENDANTS PURSUANT TO FED. R. CIV. P. 30(b)(6)

**PLEASE TAKE NOTICE THAT** pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff the Board of Regents of The University of Texas System ("Plaintiff" or "The University of Texas") by and through its counsel, will take the deposition of Defendants Alnylam Pharmaceuticals, Inc. and Alnylam U.S., Inc. ("Alnylam" or "Defendants") by oral examination of witness(es) designated by Alnylam to testify on its behalf concerning the matters listed in Attachment A. The deposition will take place on May 27, 2025 at 9:00 AM local time at the offices of McKool Smith, 300 Crescent Court, Suite 1200, Dallas, TX 75201, or such other time or location agreed to by the parties, before a Notary Public or other officer duly authorized to administer oaths. Notice is further given that the deposition testimony will be recorded by stenographic means, by videotape, and real time transcription services may be utilized.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to Rule 30(b)(6) of the Federal Rule of Civil Procedure, Alnylam is required to designate one or more appropriate person(s) to testify fully on its behalf with respect to each of the topics listed in Attachment A, and the person(s) so designated shall be required to testify as to each of those matters known or reasonably available

1

**Exhibit 1**
**Page 13**

to Alnylam.  Please provide notice of the identity of the witness(es) Alnylam designates to

Plaintiff's counsel no later than ten (10) days prior to the date of the deposition.


Dated: May 7, 2025                                    **MCKOOL SMITH, P.C.**

                                                      */s/ Christian Hurt*
                                                      Christian Hurt
                                                      Texas Bar No. 24059987
                                                      churt@mckoolsmith.com
                                                      **MCKOOL SMITH, P.C.**
                                                      300 Crescent Court, Suite 1200
                                                      Dallas, TX 75201
                                                      Telephone: 214-978-4000
                                                      Telecopier: 214-978-4044

                                                      Jamie Levien (*Admission Pending*)
                                                      New York Bar No. 6161970
                                                      jlevien@mckoolsmith.com
                                                      **MCKOOL SMITH, P.C.**
                                                      1717 K Street NW, Suite1000
                                                      Washington, DC 20006
                                                      Telephone: 202-370-8300
                                                      Telecopier: 202-370-8344
                                                      Jennifer Truelove
                                                      Texas Bar No. 24012906
                                                      jtruelove@mckoolsmith.com
                                                      **MCKOOL SMITH, P.C.**
                                                      104 East Houston Street, Suite 300
                                                      Marshall, TX 75670
                                                      Telephone: (903) 923-9000
                                                      Telecopier: (903) 923-9099

                                                      Saif Askar (*Admission Pending*)
                                                      New York Bar No. 5833181
                                                      saskar@mckoolsmith.com
                                                      **MCKOOL SMITH, P.C.**
                                                      600 Travis Street, Suite 7000
                                                      Houston, Texas 77002
                                                      Telephone: (713) 485-7300
                                                      Telecopier: (713) 485-7344

                                                      ***ATTORNEYS FOR PLAINTIFF THE
                                                      BOARD OF REGENTS OF THE
                                                      UNIVERSITY OF TEXAS SYSTEM***

**Exhibit 1
Page 14**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on May 7, 2025.

/s/ *Christian Hurt*
Christian Hurt

**Exhibit 1**
**Page 15**

**ATTACHMENT A**

**DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be given their usual meaning and shall be interpreted in their common, ordinary sense. As used in the topics for examination below, the terms set forth below shall be defined as follows:

1.      "You" or "Your" refers to the specific Defendant responding to these discovery requests and its divisions, affiliates, predecessors, successors, assigns, officers, directors, parents, subsidiaries, agents, employees, investigators, attorneys, consultants, and all other persons acting or purporting to act for any of them or on their behalf or under their control or direction.

2.      "Plaintiff" or the "The University of Texas" means the Board of Regents of The University of Texas System and all present and former parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assigns thereof, including the University of Texas M. D. Anderson Cancer Center, and all directors, officers, employees, agents, consultants, representatives, or persons acting or purporting to act on behalf of, or under the control of, any of the foregoing entities; and all other persons, acting or purporting to act under The University of Texas's control or on The University of Texas's behalf, and/or under the control of or on behalf of The University of Texas's present and former parent companies, subsidiaries and affiliates, predecessors and successors in interest, present and former directors, officers, employees, attorneys, agents, and any other representatives.

3.      "Defendants" or "Alnylam" means Defendants Alnylam Pharmaceuticals, Inc. and Alnylam U.S., Inc., and all present and former parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assigns thereof, and all directors, officers, employees, agents, consultants, representatives, or persons acting or purporting to act on behalf of, or under the control of, any of the foregoing entities; and all other persons, acting or purporting to act under

1

**Exhibit 1**
**Page 16**

Alnylam's control or on Alnylam's behalf, and/or under the control of or on behalf of Alnylam's present and former parent companies, subsidiaries and affiliates, predecessors and successors in interest, present and former directors, officers, employees, attorneys, agents, and any other representatives.

4.    "District" shall refer to the Western District of Texas and its geographical bounds.

5.    "Person" or "Persons" mean, unless otherwise specified, any natural person, firm, entity, company, corporation partnership, trust, proprietorship, association, joint venture, government, or government agency or other form of business organization or arrangement of every nature and type, and any director, officer, employee, or agent working or acting on behalf thereof, and means both the singular and plural.

6.    "Time Period" shall refer to December 12, 2018 through the present.

7.    "Accused Product" means Patisiran, as approved by the U.S. Food and Drug Administration and sold under the brand name Onpattro, and any prototype of Patisiran that was researched prior to and/or after approval.

8.    "Employee" refers to an individual or entity retained to perform work for or on behalf of Defendants and is compensated (monetarily or other) for such work, including but not limited to, full-time employees, part-time employees, contractors, interns, and employees, without regard to the tax status or identification of such individuals.

9.    "Third Party" or "Third Parties" mean any natural Person and/or any business, legal, and/or governmental entity and/or association and, where applicable, their current and former officers, directors, employees, consultant, attorneys, experts, agents, partners, corporate parents, subsidiaries, predecessors and/or affiliates of any of them, that are not a party to this litigation.

Exhibit 1
Page 17

10.    "Document" or "Documents" mean documents and things are broadly defined in Rule 34 of the Federal Rules of Civil Procedure, and includes papers of all kinds and non-paper information storage means, including by way of example and without limitation, originals and copies, however made, of letters, memoranda, notes, computer generated data, calendars, records, minutes, studies, reports, notebooks, messages, telegrams, ledgers, legal instruments, agreements, drawings, sketches, graphs, prints, hand-written notes, rough drafts, secretarial notes, work pads, diaries, films, tapes, videotapes, pictures, photographs, books, pamphlets, publications, advertisements, sales literature, brochures, manuals, price lists, announcements, electronic mail message, or other writings, records, or tangible objects produced or reproduced mechanically, electrically, photographically, or chemically. This definition is subject to any other regarding document discovery to be agreed upon by the parties and/or ordered by the Court.

11.    "Thing" or "Things" mean any tangible item other than a Document.

12.    "Concerning" means relating to, referring to, describing, evidencing, or constituting and shall be construed in the broadest sense to require the production of all Documents which contain and comprise any Communications (including representation, requests, demands, and the like) referred to, and Documents that discuss, mention, or pertain to the subject matter of the request.

13.    "Reflecting," "referring," "relating to," or any derivation thereof mean, without limitation consisting of, constituting, containing, mentioning, describing, summarizing, evidencing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, concerning, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

Exhibit 1
Page 18

14.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses or documents that otherwise might be construed to be outside of its scope.

15.    "All," "any," and "each," as used herein, shall be construed to mean "each and every."

16.    "Including" (and the like) means including, without limitation.

17.    "Date" means the exact day, month, and year, if ascertainable; and if not ascertainable, the closest approximation that can be made by means of relationship to other events, locations, or matters.

18.    "Agreement" means a contract, arrangement, subscription, or understanding, formal or informal, oral written between two or more Persons.

19.    "Communications" means without limitation every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, email personal delivery or otherwise, including but not limited to letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

20.    The use of the singular form of any word includes, the plural and vice-versa and any verbs encompass all tenses.

21.    "Motion to Dismiss" means Defendants Motion to Dismiss the Complaint for Improper Venue or in the Alternative Transfer Under Rule 12(b)(3), filed at Dkt. No. 21 in Case No. 1:24-cv-1524-DAE, all exhibits attached thereto, and any further venue transfer briefing that Defendants submit in this matter.

Exhibit 1
Page 19

## <u>INSTRUCTIONS</u>

The following instructions apply to the topics for examination found below.

1.      No later than ten (10) days prior to the commencement of the deposition, Alnylam is requested to provide Plaintiff with: (1) the identity of each designated individual; (2) the subject matter upon which each such individual is designated to testify; and (3) confirmation that all potentially responsive Documents Relating to the below topics has been or will be produced.

2.      For each topic listed below, the designated witness should be prepared to provide testimony concerning and to explain the meaning of Documents produced by You that relate to the topic.

3.      The definitions set forth herein have the broadest meaning under the Federal Rules of Civil Procedure, the Local Rules of the Western District of Texas, and all other applicable rules related to this lawsuit.

4.      Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to Include past, present, and future tenses; and the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of these topics any information that might otherwise be considered outside their purview.

**Exhibit 1**
**Page 20**

## TOPICS FOR EXAMINATION

1.    The identity, role, job responsibilities, tenure, and assigned territory, if any, of all Alnylam employees in the Western District of Texas, employees whose assigned territory encompasses any portion of the District, or other individuals referred to in Defendants' Motion to Dismiss and the Declaration of Steve Bossone in support of Defendants' Motion to Dismiss (*see* Dkt. No. 21-1).

2.    The identity and location of any Person, including Third Parties, that Alnylam may call as a witness in this matter, and the subject matter of their knowledge and potential testimony.

3.    Alnylam's hiring processes for positions that are "based on territory" where the "territory" encompasses any portion of the District.

4.    Alnylam's policies, official and/or unofficial, regarding in-person reporting, hybrid employment, remote employment, and reimbursements.

5.    Alnylam's sales territories, regions, or other geographic market segments, including subdivisions thereof, and how Alnylam assigns employees to those locations.

6.    Materials that Alnylam provides, makes available, or reimburses purchase costs for employees in the District relating to the Accused Product and/or the employee's job responsibilities.

7.    Alnylam's sales, revenues, profits, advertising, or attempts to generate revenues, profits, or sales of the Accused Product within the District during the Time Period.

8.    Alnylam's policies regarding commissions (or other types of credit, including non-monetary credit) for sales of the Accused Product.

9.    The date, location, and circumstances of each visit or meeting by an Alnylam Employee or contract Employee to a location in the state of Texas for the purposes of conducting

6

**Exhibit 1**
**Page 21**

Alnylam Business, excluding instances where an Alnylam employee is a Texas resident and was at home and no other persons were present conducting Alnylam business.

10.     The date, location, and circumstances surrounding each research project or clinical trial conducted by or involving Alnylam that occurred in whole or in part in the District, including the sponsor, the primary investigator, any other investigators, any contract companies or employees used in the project or trial, the nature of the project or trial, and the aspects of it that were or are being conducted in.

11.     Alnylam's completed, ongoing, and planned activities in the District relating to the Accused Product.

12.     Alnylam's efforts to identify relevant witnesses, including how such witnesses were identified; all Employees interviewed and/or considered; the relevant, unique, and noncumulative knowledge contended to be unique that is held by the witness; possible alternative witnesses.

**Exhibit 1**
**Page 22**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM** | Civil Action No. 1:24-cv-1524 |
| **Plaintiff,** | |
| **vs.** | **JURY TRIAL DEMANDED** |
| **ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.** | |
| **Defendants.** | |

**PLAINTIFF THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM'S FIRST SET OF INTERROGATORIES TO DEFENDANTS (NOS. 1-16)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33 of the Local Civil Rules for the Western District of Texas, Plaintiff the Board of Regents of the University of Texas System ("Plaintiff" or the "The University of Texas") hereby propounds its First Set of Interrogatories (Nos. 1-16) (the "Interrogatories") to Defendants Alnylam Pharmaceuticals, Inc. and Alnylam U.S., Inc. ("Alnylam" or "Defendants"). Unless otherwise agreed to by the parties, Defendants must respond under oath to this First Set of Interrogatories within thirty (30) days of the date of service.

**DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be given their usual meaning and shall be interpreted in their common, ordinary sense. As used in these Interrogatories, the terms set forth below shall be defined as follows:

1.      The terms "Alnylam," "Defendants," "You," and "Your" refer to Defendants Alnylam Pharmaceuticals, Inc. and Alnylam U.S., Inc., together with their predecessors, successors, divisions, past and present domestic or foreign parents, wholly or partially owned

Exhibit 1
Page 23

subsidiaries, partnerships, and joint ventures and affiliates thereof, all and assigns thereof, and any and all past and present directors, officers, employees, agents, investigators, attorneys, consultants, representatives, and any other persons acting or purporting to act on their behalf or under their control.

2.      "Accused Product" means Patisiran, as approved by the U.S. Food and Drug Administration and sold under the brand name Onpattro, and any prototype of Patisiran that was researched prior to and/or after approval.

3.      "Agreement" means a contract, arrangement, subscription, or understanding, formal or informal, oral written between two or more Persons.

4.      "All," "any," and "each," as used herein, shall be construed to mean "each and every."

5.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses or documents that otherwise might be construed to be outside of its scope.

6.      "Asserted Patent" or "Patent-in-Suit" means U.S. Patent No. 8,895,717 ("the '717 Patent").

7.      "Communications" means without limitation every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, email personal delivery or otherwise, including but not limited to letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

**Exhibit 1**
**Page 24**

8. "Concerning" means relating to, referring to, describing, evidencing, or constituting and shall be construed in the broadest sense to require the production of all Documents which contain and comprise any Communications (including representation, requests, demands, and the like) referred to, and Documents that discuss, mention, or pertain to the subject matter of the request.

9. "Date" means the exact day, month, and year, if ascertainable; and if not ascertainable, the closest approximation that can be made by means of relationship to other events, locations, or matters.

10. "Document" or "Documents" mean documents and things are broadly defined in Rule 34 of the Federal Rules of Civil Procedure, and includes papers of all kinds and non-paper information storage means, including by way of example and without limitation, originals and copies, however made, of letters, memoranda, notes, computer generated data, calendars, records, minutes, studies, reports, notebooks, messages, telegrams, ledgers, legal instruments, agreements, drawings, sketches, graphs, prints, hand-written notes, rough drafts, secretarial notes, work pads, diaries, films, tapes, videotapes, pictures, photographs, books, pamphlets, publications, advertisements, sales literature, brochures, manuals, price lists, announcements, electronic mail message, or other writings, records, or tangible objects produced or reproduced mechanically, electrically, photographically, or chemically. This definition is subject to any other regarding document discovery to be agreed upon by the parties and/or ordered by the Court.

11. "Employee" refers to an individual or entity retained to perform work for or on behalf of Defendants and is compensated (monetarily or other) for such work, including but not limited to, full-time employees, part-time employees, contractors, interns, and employees, without regard to the tax status or identification of such individuals.

**Exhibit 1**
**Page 25**

12.     "Entity" means all types and kinds of business or other entities, including, but not limited to, corporations, partnerships, joint ventures, associations, and sole proprietorships.

13.     "Identification," "identify," "identity," or "identifying" when used in reference to:

a.     a natural person, mean: to state, to the extent known, (1) the person's full name or title, last known address, e-mail address, and telephone number; (2) the person's present employer(s) and place(s) of employment; and (3) the person's job title or position held;

b.     an entity, other than a natural person, mean: to state, to the extent known, (1) the name or title of the entity; (2) the type of entity; and (3) the present or last known address and telephone number of its business and/or organizational offices;

c.     a document, mean: to identify the document by (1) its date, author, and addressee(s); (2) state the type of document (e.g., letter, memorandum, etc.); (3) identify its present location and identity of its custodian; and (4) identify the document by its Bates number range;

d.     a statement, either written or spoken, mean: (1) the substance of each such statement; (2) the exact words used by each person participating in the statement; (3) to identify each person engaging in the statement; (4) the identity of each person present at the making or reception of such statement; (5) the time and place of the statement; (6) the means of such statement (e.g., written, telephone, face-to-face, etc.).

14.     "Including" (and the like) means including, without limitation.

15.     "Parties" means the terms "Plaintiff" and "Defendants" as defined herein.

**Exhibit 1**
**Page 26**

16.    "Person" or "Persons" mean, unless otherwise specified, any natural person, firm, entity, company, corporation partnership, trust, proprietorship, association, joint venture, government, or government agency or other form of business organization or arrangement of every nature and type, and any director, officer, employee, or agent working or acting on behalf thereof, and means both the singular and plural.

17.    "Plaintiff" or the "University of Texas" means the Board of Regents of The University of Texas System and all present and former parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assigns thereof, including the University of Texas M. D. Anderson Cancer Center, and all directors, officers, employees, agents, consultants, representatives, or persons acting or purporting to act on behalf of, or under the control of, any of the foregoing entities; and all other persons, acting or purporting to act under The University of Texas's control or on The University of Texas's behalf, and/or under the control of or on behalf of The University of Texas's present and former parent companies, subsidiaries and affiliates, predecessors and successors in interest, present and former directors, officers, employees, attorneys, agents, and any other representatives.

18.    "Reflecting," "referring," "relating to," or any derivation thereof mean, without limitation consisting of, constituting, containing, mentioning, describing, summarizing, evidencing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, concerning, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

19.    "Related Application" means any and all applications related to the Patent-in-Suit, any continuations, continuations-in-part, divisionals, interferences, reexaminations, reissues, parents, Foreign Counterpart applications, and any other applications disclosing, describing, or

5

Exhibit 1
Page 27

claiming any invention disclosed, described, or claimed in the Patent-in-Suit, or claiming the benefit of the filing date of any application whose benefit is claimed in the Patent-in-Suit, whether or not abandoned and whether or not issued.

20.    "Related Patent" means any or all patents based upon any Related Application, including any patents that may have been opposed, contested, or subjected to any nullity proceedings.

21.    "Thing" or "Things" mean any tangible item other than a Document.

22.    "Third Party" or "Third Parties" mean any natural Person and/or any business, legal, and/or governmental entity and/or association and, where applicable, their current and former officers, directors, employees, consultant, attorneys, experts, agents, partners, corporate parents, subsidiaries, predecessors and/or affiliates of any of them, that are not a party to this litigation.

23.    The use of the singular form of any word includes, the plural and vice-versa and any verbs encompass all tenses.

**Exhibit 1**
**Page 28**

## <u>INSTRUCTIONS</u>

1.       In construing these Interrogatories: (i) the singular shall include the plural and the plural shall include the singular; (ii) masculine, feminine, or neuter pronouns shall not exclude other genders; (iii) the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of this request all information that might otherwise be construed to be outside its scope; (iv) each of the words "all," "each," "any," and "every" shall be deemed to include each of the other functional words; (v) the definition of each term defined above shall be used regardless of whether the term is capitalized; and (vi) the past tense of a verb used herein includes the present tense and the present tense includes the past tense.

2.       Answer each Interrogatory set forth below separately and completely in writing and under oath. The answers and any objections are to be signed and verified by the person making them, as required by Federal Rule of Civil Procedure 33(b).

3.       Each Interrogatory shall be answered fully. Objections can be made only in good faith, and the reasons for objection shall be set forth fully and in detail. If an objection pertains to only a portion of an Interrogatory, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to answer the remainder of the Interrogatory.

4.       If Your of Your counsel assert that any information responsive to any Interrogatory is privileged or otherwise protected from discovery, You are to comply with the requirements of Federal Rule of Civil Procedure 26(b)(5) as to each document, thing, communication (whether oral or otherwise) or piece of information for which a claim of privilege or protection from discovery is made. For any document or information withheld on the grounds that it is privileged or otherwise claimed to be excludable from discovery, identify the information or document, described its subject matter and date, identify all authors and all recipients (including copied and blind copied recipients), and specify the basis for the claimed privilege or other grounds of exclusion.

7

**Exhibit 1**
**Page 29**

5.      If You do not or provide or are not able to provide a complete answer to any interrogatory, state that fact explicitly; explain why You are not able to do so, and answer as fully as possible.  If a legal objection is made, set forth the specific nature of the grounds for that objection.  If only a portion of any Interrogatory cannot or will not be answered, provide a full answer to the remaining portion and specifically set forth (a) the fact that the answer is incomplete and (b) the reasons or grounds for any omission or for your inability or refusal to complete the answer.  If an Interrogatory can be answered only in part on the basis of information available at the time of the response, (a) provide an answer on the basis of that information; (b) indicate that your answer is so limited; and (c) provide a further response when further information becomes available.  If any information is withheld on the basis of a claim of privilege or work product, then the answer shall:  (a) generally identify the information withheld by subject matter, author, addressees, and carbon copy recipient(s); (b) state the basis for withholding the information; and (c) identify the person(s) knowledgeable about the subject matter of the withheld information.

6.      When an Interrogatory asks you to "describe" an act or transaction, provide the following information, to the extent known, with respect to the act or transaction: the date the act or transaction occurred, the place where the act or transaction occurred, the identity of each person participating in the act or transaction and on whose behalf the person was acting, the nature and substance of all communications that occurred in connection with the act or transaction, and the identity of all materials referring to or reflecting the act or transaction.

7.      If any responsive Document, thing, Communication (whether oral or otherwise), or piece of information referred to in your responses to these Interrogatories was, but is no longer, in existence, in Your possession, custody, or control, or cannot be located, You must nonetheless identify it, describe its subject matter, and describe its disposition, including, without limitation,

8

Exhibit 1
Page 30

identifying the entity and natural person having knowledge of the disposition.  If any document referred to in response to these Interrogatories has been lost or destroyed, describe in detail the circumstances of such loss or destruction and identify each lost or destroyed document, including all files that contained such Document.

8.    If no document exists which is responsive to a particular Interrogatory, state that no such document exists.

9.    A request to identify each Communication means to:

    e.    State the date and place of each such Communication;

    f.    State the medium through which such Communication was made (e.g., in person, by telephone, by electronic mail or means, etc.);

    g.    Identify each person who participated in the Communication;

    h.    Identify each Person (other than a participant) who heard, had access to or was notified of the Communication and provide the date on which the Communication was made available to said person;

    i.    State the substance of the Communication, including any discussion constituting or regarding the Communication, the order in which such discussion was had, and any decisions or conclusions reached in the course of or as result of the Communication; and

    j.    Identify each document or thing reflecting or concerning the substance of the Communication.

10.    A request to identify each Person refers to each natural Person or entity and requires that You provide such Person's or entity's full name and relationship to You (currently and at the

**Exhibit 1**
**Page 31**

time of the identified Communication) and the current business or employment address and, if a natural Person, such Person's residence address and telephone number.

11.     A request to identify each Document means to provide a description sufficient to obtain production thereof by subpoena, discovery request, or court order, including:

      a.     The name and current business or residential address of the individual or individuals who (i) prepare it, (ii) signed it or under whose signature it was issues, and (iii) to whom it was addressed or distributed;

      b.     The title and nature of its contents;

      c.     The date appearing on it and the date when it was prepared;

      d.     The current physical location of it; and

      e.     The Bates number(s) that have been assigned to it.

      f.     Alternatively, you may identify any Document by, instead, attaching a full, clear, legible copy thereof to Your response hereto, provided that each such copy contains a reference to each Interrogatory to which it is responsive.

12.     For each of the Interrogatories contained herein, the information sought is that which is current to the date of your response.  These Interrogatories are continuing in nature and the answers to them are to be promptly supplemented or amended if, after the time of Your initial answers, You learn that any answer is or has become in some respect incomplete or incorrect, to the full extent provided for by Federal Rule of Civil Procedure 26(e).

13.     All Interrogatories must be answered fully and in writing in accordance with Federal Rules of Civil Procedure 11 and 33.

14.     Each Interrogatory shall be set forth immediately prior to the response thereto.

**Exhibit 1**
**Page 32**

15.    If the procedure for answering Interrogatories as authorized by Federal Rule of Civil Procedure 33(d) is used, for each Interrogatory and subpart thereof, specify the production (i.e., Bates) numbers of the specific document or group of documents.

Exhibit 1
Page 33

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each version of the Accused Product made, used, offered for sale, sold, imported or exported into the United States. Your Identification for each product should include: (a) the product name; (b) product description; (c) model, version, or other identification number; (d) all internal names, code names and designations; and (e) the date of first use, sale, offer for sale, importation into, and/or or exportation from the United States. Your answer should also include an identification of the person(s) most knowledgeable about your answer and an identification of documents that relate to or support your answer.

**INTERROGATORY NO. 2:**

Describe the Accused Product's research and development. Your answer should include: (a) the research and development timeline, including a description of when research and development began; (b) the motivations and circumstances that led to the research and development; (c) an identification of all versions and/or prototypes researched and developed; (d) the date of first prototype and the date of first testing; (e) an identification of any of Defendants' employees, agents, or third parties responsible for, involved in, or related to such research and development, prototyping, and testing; (f) an identification of all documents that relate to such research and development, prototyping, and testing; and (f) where the research and development (including conception, design, and testing) occurred. Your answer should also include an identification of the person(s) most knowledgeable about your answer and an identification of documents that relate to or support your answer.

**INTERROGATORY NO. 3:**

Describe in detail the earliest date, facts and circumstances in which You became aware of the Patent-in-Suit and any Related Applications or Related Patents, including any actions that you

**Exhibit 1
Page 34**

took in response to that awareness, any investigations that you conducted and the results thereof, the specific information you knew, and the persons who had that knowledge. Your answer should also include an identification of the person(s) most knowledgeable about your answer and an identification of documents that relate to or support your answer.

## INTERROGATORY NO. 4:

On an annual and monthly basis since the date of first sale or offer for sale, for each of the Accused Product that is, in whole or in part, made, used, sold, offered for sale, imported into or exported from the United States, identify the following: (a) the sales by units sold; (b) the gross sales in U.S. dollars; (c) the net sales in U.S. dollars (after any discounts or allowances); (d) the cost of goods sold; (e) the gross profit margins; and (f) the average per-unit sales price. Your answer should include a description of any other direct or indirect costs (besides costs of goods sold) generally allocated to each sale on a gross and unit basis (including a description of the method used to allocate such costs). Your answer should also include an identification of the person(s) most knowledgeable about your answer and an identification of documents that relate to or support your answer.

## INTERROGATORY NO. 5:

For each claim of the Patent-in-Suit that you contend is not infringed by the Accused Product: (a) set forth in detail (on an element-by-element basis) the factual and legal basis for your contention of non-infringement; and (b) identify any documents you intend to rely on to support such contention or that relate to your contention. Your answer should also include an identification of the person(s) most knowledgeable about your answer.

**Exhibit 1**
**Page 35**

**INTERROGATORY NO. 6:**

Separately for each asserted claim of the Patent-in-Suit, identify and describe all facts (including the technical and financial details) related to any acceptable non-infringing alternative(s) or design around(s) available to You, of which You are or were aware, which You are presently investigating, or which You may rely upon for any purpose in this case (including at trial). Your answer should additionally identify any documents by Bates number that relate to, support, or refute Your answer.

**INTERROGATORY NO. 7:**

Identify each Third Party with whom You have entered into an agreement or contract relating to the design, testing, implementation, sale, and/or distribution of any Accused Product, and identify all such agreements and contracts.

**INTERROGATORY NO. 8:**

Describe in detail all instructions, technical requirements, documents showing the physical and chemical structure of, or specifications relating to the design or manufacture of the Accused Product.

**INTERROGATORY NO. 9:**

Identify and describe the content of all patent or product license agreements, settlement agreements, technology transfer agreements, covenants not to sue, or any other agreements entered into by You, or of which You are aware that: (a) relate to the Accused Product; (b) relate to technology disclosed by the Patent-in-Suit; or (c) you contend are comparable to a license that You would have agreed to in a hypothetical negotiation taking place at the time of your first infringement of the Patent-in-Suit.  Your answer should also include an identification of the

14

Exhibit 1
Page 36

person(s) most knowledgeable about your answer and an identification of documents that relate to, support, or refute Your answer.

**INTERROGATORY NO. 10:**

Describe Your definition of a person having ordinary skill in the art for each claim of the Patent-in-Suit and explain in detail the basis for Your definition, Including an Identification of all facts and Documents that relate to (Including those that tend to support as well as those that may rebut) Your definition.

**INTERROGATORY NO. 11:**

Identify and describe each Third Party that You, Your attorneys, or anyone acting on Your behalf has met or communicated with in any way Relating to this litigation, Plaintiff, or the Patent-in-Suit, including (1) the names of each such Third Party; (2) the date(s), location(s), duration(s), and modes of Communication used for each communication; and (3) the subject matter(s) and content(s) of each Communication.

**INTERROGATORY NO. 12:**

To the extent that You claim that Your infringing actions are indemnified by third-parties, set forth the factual and legal bases for each such claim, including: (a) identifying each third-party You contend indemnifies You; (b) describing the legal and factual bases for each such contention; (c) identifying all documents and or testimony with specific references to pages that support each such contention; (d) identifying each product that is subject to such indemnification; (e) identifying all documents and things tending to refute such contention(s); and (f) identifying all documents and things relating to the bases for each such contention.

15

**Exhibit 1
Page 37**

**INTERROGATORY NO. 13:**

Identify every Alnylam Employee or contract Employee that has resided in the Western District of Texas since 2019. Your answer should include the dates of employment, type of employment, a detailed description of job responsibilities (including any involvement with the Accused Product or technologies involving lipid compositions or research), the advertisement or other job posting used to recruit the employee, the employee's address, whether the Employee works remotely and the nature of the Employee's remote work, how frequently the Employee is required to report to Alnylam in-person, and for contract employees, the details of the contractual arrangement.

**INTERROGATORY NO. 14:**

Identify the date, location, and circumstances of each visit or meeting by an Alnylam Employee or contract Employee to a location in the state of Texas for the purposes of conducting Alnylam Business. Your response should identify the (1) Alnylam employee(s) involved, (2) the permanent residence of the Alnylam employee(s), (3) the persons and institutions the Alnylam employee(s) were visiting (e.g., medical practice, hospital, or infusion center), (4) the purpose of the visit (e.g., a sales meeting, medical education, meeting regarding clinical trial), and (5) whether the meeting related to Onpattro or technologies involving lipid compositions. For Alnylam employees who are Texas residents, you may exclude instances where they were at home and no other persons were present conducting Alnylam business.

**INTERROGATORY NO. 15:**

Identify each Alnylam Employee who holds a position that is "based on territory" where the "territory" encompasses any portion of the District. Your answer should include the dates of employment, type of employment, a detailed description of job responsibilities (including any

**Exhibit 1
Page 38**

involvement with the Accused Product or technologies involving lipid compositions or research), the advertisement or other job posting used to recruit the employee, the employee's address, whether the Employee works remotely and the nature of the Employee's remote work, how frequently the Employee is required to report to Alnylam's in-person, and for contract employees, the details of the contractual arrangement.  Your answer should further identify each person or entity in the District with whom they have conducted Alnylam business.

**INTERROGATORY NO. 16:**

Identify each research project or clinical trial conducted by or involving Alnylam that occurred in whole or in part in the District.  Your response should include the title, any National Clinical Trial number or similar identifier, the sponsor, the primary investigator, any other investigators, any contract companies or employees used in the project or trial, the nature of the project or trial, and the aspects of it that were or are being conducted in

**Exhibit 1
Page 39**

Dated: May 7, 2025                                      **MCKOOL SMITH, P.C.**

                                                        */s/ Christian Hurt*
                                                        Christian Hurt
                                                        Texas Bar No. 24059987
                                                        churt@mckoolsmith.com
                                                        **MCKOOL SMITH, P.C.**
                                                        300 Crescent Court, Suite 1200
                                                        Dallas, TX 75201
                                                        Telephone: 214-978-4000
                                                        Telecopier: 214-978-4044

                                                        Jamie Levien (*Admitted to W.D. Tex.*)
                                                        New York Bar No. 6161970
                                                        jlevien@mckoolsmith.com
                                                        **MCKOOL SMITH, P.C.**
                                                        1717 K Street NW, Suite1000
                                                        Washington, DC 20006
                                                        Telephone: 202-370-8300
                                                        Telecopier: 202-370-8344

                                                        Jennifer Truelove
                                                        Texas Bar No. 24012906
                                                        jtruelove@mckoolsmith.com
                                                        **MCKOOL SMITH, P.C.**
                                                        104 East Houston Street, Suite 300
                                                        Marshall, TX 75670
                                                        Telephone: (903) 923-9000
                                                        Telecopier: (903) 923-9099

                                                        Saif Askar (*Admission Pending*)
                                                        New York Bar No. 5833181
                                                        saskar@mckoolsmith.com
                                                        **MCKOOL SMITH, P.C.**
                                                        600 Travis Street, Suite 7000
                                                        Houston, Texas 77002
                                                        Telephone: (713) 485-7300
                                                        Telecopier: (713) 485-7344

                                                        ***ATTORNEYS FOR PLAINTIFF THE
                                                        BOARD OF REGENTS OF THE
                                                        UNIVERSITY OF TEXAS SYSTEM***

**Exhibit 1
Page 40**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record on May 7, 2025.

/s/ *Christian Hurt*
Christian Hurt

Exhibit 1
Page 41

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM** | **Civil Action No. 1:24-cv-1524-DAE** |
| **Plaintiff,** | |
| **vs.** | **JURY TRIAL DEMANDED** |
| **ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.** | |
| **Defendants.** | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR**
**PRODUCTION TO DEFENDANTS (NOS. 1-40)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff the Board of Regents of the University of Texas System ("Plaintiff" or "The University of Texas") hereby propounds its First Set of Requests for Production (Nos. 1- 40) (the "Requests") to Defendants Alnylam Pharmaceuticals, Inc. and Alnylam U.S., Inc. (collectively, "Alnylam" or "Defendants") and requests that Defendants provide responsive documents, electronically stored information, and tangible things to Plaintiffs' counsel of record's office at McKool Smith, 300 Crescent Court, Suite 1500, Dallas, Texas 75201, within thirty (30) days after the date of service.

**DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be given their usual meaning and shall be interpreted in their common, ordinary sense. As used in these Requests, the terms set forth below shall be defined as follows:

1.      The terms "Alnylam," "Defendants," "You," and "Your" refer to Defendants Alnylam Pharmaceuticals, Inc. and Alnylam U.S., Inc., together with their predecessors, successors, divisions, past and present domestic or foreign parents, wholly or partially owned

**Exhibit 1**
**Page 42**

subsidiaries, partnerships, and joint ventures and affiliates thereof, all and assigns thereof, and any and all past and present directors, officers, employees, agents, investigators, attorneys, consultants, representatives, and any other persons acting or purporting to act on their behalf or under their control.

2.      "Accused Product" means Patisiran, as approved by the U.S. Food and Drug Administration and sold under the brand name Onpattro, and any prototype of Patisiran that was researched prior to and/or after approval.

3.      "Agreement" means a contract, arrangement, subscription, or understanding, formal or informal, oral written between two or more Persons.

4.      "All," "any," and "each," as used herein, shall be construed to mean "each and every."

5.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses or documents that otherwise might be construed to be outside of its scope.

6.      "Asserted Patent" or "Patent-in-Suit" means U.S. Patent No. 8,895,717 ("the '717 Patent").

7.      "Communications" means without limitation every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, email personal delivery or otherwise, including but not limited to letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

8.      "Concerning" means relating to, referring to, describing, evidencing, or

Exhibit 1
Page 43

constituting and shall be construed in the broadest sense to require the production of all Documents which contain and comprise any Communications (including representation, requests, demands, and the like) referred to, and Documents that discuss, mention, or pertain to the subject matter of the request.

9.      "Date" means the exact day, month, and year, if ascertainable; and if not ascertainable, the closest approximation that can be made by means of relationship to other events, locations, or matters.

10.      "Document" or "Documents" mean documents and things are broadly defined in Rule 34 of the Federal Rules of Civil Procedure, and includes papers of all kinds and non-paper information storage means, including by way of example and without limitation, originals and copies, however made, of letters, memoranda, notes, computer generated data, calendars, records, minutes, studies, reports, notebooks, messages, telegrams, ledgers, legal instruments, agreements, drawings, sketches, graphs, prints, hand-written notes, rough drafts, secretarial notes, work pads, diaries, films, tapes, videotapes, pictures, photographs, books, pamphlets, publications, advertisements, sales literature, brochures, manuals, price lists, announcements, electronic mail message, or other writings, records, or tangible objects produced or reproduced mechanically, electrically, photographically, or chemically. This definition is subject to any other regarding document discovery to be agreed upon by the parties and/or ordered by the Court.

11.      "Employee" refers to an individual or entity retained to perform work for or on behalf of Defendants and is compensated (monetarily or other) for such work, including but not limited to, full-time employees, part-time employees, contractors, interns, and employees, without regard to the tax status or identification of such individuals.

12.      "Entity" means all types and kinds of business or other entities, including, but not

**Exhibit 1
Page 44**

limited to, corporations, partnerships, joint ventures, associations, and sole proprietorships.

13.    "Foreign counterpart" refers to any and all non-U.S. patents or patent applications corresponding to, claiming priority from, referring to the subject matter of, or directed to the inventions claimed in the Patent-in-Suit, any Related Patent, or any Related Application, regardless of whether such application is now abandoned.

14.    "Identification," "identify," "identity," or "identifying" when used in reference to:

a.    a natural person, mean: to state, to the extent known, (1) the person's full name or title, last known address, e-mail address, and telephone number; (2) the person's present employer(s) and place(s) of employment; and (3) the person's job title or position held;

b.    an entity, other than a natural person, mean: to state, to the extent known, (1) the name or title of the entity; (2) the type of entity; and (3) the present or last known address and telephone number of its business and/or organizational offices;

c.    a document, mean: to identify the document by (1) its date, author, and addressee(s); (2) state the type of document (e.g., letter, memorandum, etc.); (3) identify its present location and identity of its custodian; and (4) identify the document by its Bates number range;

d.    a statement, either written or spoken, mean: (1) the substance of each such statement; (2) the exact words used by each person participating in the statement; (3) to identify each person engaging in the statement; (4) the identity of each person present at the making or reception of such statement;

4

Exhibit 1
Page 45

(5) the time and place of the statement; (6) the means of such statement (e.g., written, telephone, face-to-face, etc.).

15. "Including" (and the like) means including, without limitation.

16. "Parties" means the terms "Plaintiff" and "Defendants" as defined herein.

17. "Person" or "Persons" mean, unless otherwise specified, any natural person, firm, entity, company, corporation partnership, trust, proprietorship, association, joint venture, government, or government agency or other form of business organization or arrangement of every nature and type, and any director, officer, employee, or agent working or acting on behalf thereof, and means both the singular and plural.

18. "Plaintiff" or the "University of Texas" means the Board of Regents of The University of Texas System and all present and former parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assigns thereof, including the University of Texas M. D. Anderson Cancer Center, and all directors, officers, employees, agents, consultants, representatives, or persons acting or purporting to act on behalf of, or under the control of, any of the foregoing entities; and all other persons, acting or purporting to act under The University of Texas's control or on The University of Texas's behalf, and/or under the control of or on behalf of The University of Texas's present and former parent companies, subsidiaries and affiliates, predecessors and successors in interest, present and former directors, officers, employees, attorneys, agents, and any other representatives.

19. "Reflecting," "referring," "relating to," or any derivation thereof mean, without limitation consisting of, constituting, containing, mentioning, describing, summarizing, evidencing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, concerning, pertaining to, prepared in connection with, used in preparation for, or being in any

5

Exhibit 1
Page 46

way legally, logically, or factually connected with the matter discussed.

20.    "Related Application" means any and all applications related to the Patent-in-Suit, any continuations, continuations-in-part, divisionals, interferences, reexaminations, reissues, parents, Foreign Counterpart applications, and any other applications disclosing, describing, or claiming any invention disclosed, described, or claimed in the Patent-in-Suit, or claiming the benefit of the filing date of any application whose benefit is claimed in the Patent-in-Suit, whether or not abandoned and whether or not issued.

21.    "Related Patent" means any or all patents based upon any Related Application, including any patents that may have been opposed, contested, or subjected to any nullity proceedings.

22.    "Thing" or "Things" mean any tangible item other than a Document.

23.    "Third Party" or "Third Parties" mean any natural Person and/or any business, legal, and/or governmental entity and/or association and, where applicable, their current and former officers, directors, employees, consultant, attorneys, experts, agents, partners, corporate parents, subsidiaries, predecessors and/or affiliates of any of them, that are not a party to this litigation.

24.    The use of the singular form of any word includes, the plural and vice-versa and any verbs encompass all tenses.

**Exhibit 1**
**Page 47**

## <u>INSTRUCTIONS</u>

1.      The following instructions apply to the requests below and should be considered part of each request.

2.      In construing these Requests for Production, (i) the singular shall include the plural and the plural shall include the singular, (ii) masculine, feminine, or neuter pronouns shall not exclude other gender, (iii) the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of the Request all information that might otherwise be construed to be outside of its scope, (iv) each of the words "all," "each," "any," and "every" shall be deemed to include each of the other functional words, (v) the definition of each term defined above shall be used regardless of whether the term is capitalized, and (vi) the past tense of a verb used herein includes the present tense and the present tense includes the past tense.

3.      For each of the Requests, the information sought is that which is current as of the date of Your response. All Requests are of a continuing nature and, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, require You to promptly produce any documents or things that You reasonable may acquire, obtain, locate, or identify.

4.      You are to produce all requested documents and things in Your possession, custody, or control, including but not limited to all such documents and things which are in the possession of any of Your agents, employees, directors, officers, or attorneys, and any other person under Your control or acting on Your behalf.

5.      Any document responsive to these Requests that was, but no longer is, in your possession, custody or control, whether actual or constructive, shall be described as completely as possible, and the following information shall be provided:

      a.  The manner of disposal, including destruction, loss, discarding, or any other means of disposal;

7

Exhibit 1
Page 48

b.   The date of disposal;

c.   The reason for disposal;

d.   Person disposing of the document; and

e.   The name and address of the most recent custodian of the document.

6.      Defendants shall product documents and things as they are kept in the usual course of business. Defendants shall produce electronically stored information ("ESI") in a form in which it is ordinarily maintained or in a reasonably usable form.

7.      All documents or things that constitute ESI shall be produced as single-page TIFFs with image load files showing production numbers and document breaks or as otherwise agreed by the parties. Plaintiff reserves the right to request the production of ESI in its native format and/or with associated metadata.

8.      If no document or thing exists which is responsive to a particular Request for Production, state that no responsive materials exist.

9.      Each requested Document, ESI, or thing shall be produced in its entirety and with all attachments, without deletions or excisions, regardless of whether You consider the entire Document or thing or any attachment thereto to be relevant to this Lawsuit or responsive to these Requests. If any document or thing cannot be produced in full, it shall be produced to the extent possible and accompanied by an explanation that states why production of the remainder is not possible.

10.     If Defendants do not answer any Request in full or product documents or things in response to any portion of any Request, (i) state the precise reason for failing to do so, and (ii) provide all documents or things called for by that portion of the Request to which You do not object and/or refuse to respond. If a legal objection is made, set forth the specific nature of the

**Exhibit 1**
**Page 49**

grounds of that objection. If only a portion of any Request cannot or will not be answer, (i) provide a full answer to the remaining portion, and (ii) specifically set forth (a) the fact that the answer is incomplete and (b) the reasons or grounds for any omission or for Defendant's inability or refusal to complete the answer. If a Request can be answered only in part on the basis of information available at the time of the response, (i) provide an answer on the basis of that information, (ii) indicate that Defendant's answer is so limited, and (iii) provide a further response in accordance with Paragraph 2 of these Instructions, when further information becomes available.

11.     If any information is withheld on the basis of privilege, work product, immunity or any similar claim, then Defendants shall produce a log within a reasonable time as agreed by the parties or as ordered by the Court that includes: (i) the date of the document or thing being withheld; (ii) the identify of all persons who prepare or signed the document or thing; (iii) the identity of all Persons designated as addressees or copyees; (iv) the subjection matter of the document or thing; (v) the Person(s) knowledgeable about the subject matter of the withheld information, (vi) the type of document or thing (e.g. e-mail, memorandum); (vii) the type of nature of the privilege asserts (e.g., attorney-client privilege, work product doctrine); (viii) an explanation of the basis for withholding the document or thing; and (ix) any other information required by Federal Rule of Civil Procedure 26(b)(5) or the Local Rules for the Western District of Texas.

12.     Unless otherwise stated, these Requests require the production of documents and things that were prepare, created, written, sent, dated, and/or received from January 27, 2016 to present.

13.     The geographic scope of these Requests is worldwide.

14.     If there is any question as to the meaning of any part of these Requests, or any issue as to whether production of responsive documents or things would impose any undue burden on

Exhibit 1
Page 50

You, undersigned counsel for Plaintiff should be contacted promptly.

    15.    Plaintiff reserves the right to propound additional request for production.

10

**Exhibit 1**
**Page 51**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents concerning the Patent-in-Suit, Related Patents, and Related Applications, including all Documents regarding your knowledge of the Patent-in-Suit, Related Patents, and Related Applications.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents regarding (1) Plaintiff, Dr. Anil K. Sood, Dr. Gabriel Lopez-Berestein, Dr. Charles Landen, or Dr. Arturo Chavez-Reyes and (2) technologies involving lipid compositions, including all Documents relating to meetings between Plaintiff and Alnylam, all Communications regarding Plaintiff and its work in coordination with Alnylam, and all documents relating to the testing of any lipids developed by Drs. Sood, Lopez-Berestein, Landen or Chavez-Reyez and the results of such testing.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and things related to the research, design, development, testing, manufacture, and  physical and chemical structure of the Accused Product, including data files, lab notebooks, memoranda, slide decks, meeting minutes, white papers, presentations and other records, technical papers, reviews white papers, internal memoranda, conference proceedings, book chapters, articles, publications, technical presentations (published or unpublished), datasheets, design guides, technical specifications, engineering protocols, product guides, and product manuals concerning the Accused Product or any future plans for the Accused Product.

11

**Exhibit 1**
**Page 52**

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications related to your research, development, design, testing, commercialization and use of lipids, lipid structures, and particles in connection with the Accused Product (including liposomes, lipid nanoparticles, lipid complexes, phospholipid components, and/or phosphatidylcholine), including the chemistry, manufacturing, controls, human pharmacokinetics (including bioavailability and bioequivalence), physical and chemical structure, charge, and encapsulation properties.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents related to your research, development, design, testing, and use of RNA (including SiRNA) in connection with the Accused Product, including the structure (including the strand structure and number of nucleobases), charge, and encapsulation.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents from any litigation, arbitration, administrative, and/or other proceeding relating to the Accused Product, RNA (including SiRNA), or lipids, lipid structures, and particles in connection with the Accused Product (including liposomes, lipid nanoparticles, lipid complexes, phospholipid components, and/or phosphatidylcholine), including all Documents produced, served, or used in the following cases: *Alnylam Pharmaceuticals, Inc. v. Tekmira Pharmaceuticals Corp.*; *Alnylam Pharmaceuticals, Inc. v. Silence Therapeutics GmbH*; *Alnylam Pharmaceuticals, Inc. v. Pfizer Inc.*; *Alnylam Pharmaceuticals, Inc. v. Moderna, Inc.*; *Acuitas Therapeutics Inc. v. Alnylam Pharmaceuticals, Inc.*; *Max-Planck-Gesellschaft zur Frderung der Wissenschaften e.V. v. Whitehead Institute for Biomedical Research*; *University of Utah v. Max-Planck-Gesellschaft Zur Foerderung Der Wissenschaften e.V.*; *Dicerna Pharmaceuticals, Inc. v. Alnylam*

12

**Exhibit 1**
**Page 53**

*Pharmaceuticals, Inc.*; *Alnylam Pharmaceuticals, Inc. v. Dicerna Pharmaceuticals, Inc.*; and *Hull Leavitt v. Alnylam Pharmaceuticals, Inc.*

**REQUEST FOR PRODUCTION NO. 7:**

All Documents relating to correspondence to or from Defendants and any third party regarding the Accused Product, including Documents sufficient to identify all individuals, persons, or entities, including third parties, who participated in the research, development, testing, production, evaluation, and/or sale of the Accused Product.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications related to testing of and approval of the Accused Product, including any clinical trials, including all Communications between Alnylam and any U.S., Texas State Government, or other entity, government, or agency, including but not limited to the Department of Health and Human Services, U.S. Food and Drug Administration, the National Institutes of Health, the European Medicines Agency, Texas Department of State Health Services, Texas Health and Human Services, and the Texas Health and Human Services Institutional Review Board, including regarding clinical trials in Texas (including in this District).

**REQUEST FOR PRODUCTION NO. 9:**

All Documents relating to the contracts, agreements, terms or conditions between you and customers, potential customers, patients, medical providers, partners, resellers, value added resellers, and/or other similar parties that use or have permission to administer, use, sell, or offer to sell the Accused Product (in whole or in part).

13

**Exhibit 1**
**Page 54**

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning:

    a.   Your document retention and destruction policies in place from 2007 to the present, including your policies, procedures, and practices concerning the length of time documents and records have been retained, are to be retained, or are, in fact, retained;

    b.   Your policies, procedures, and practices concurring document retention or destruction following your entry into litigation or investigation;

    c.   Your practices concerning how, where, and by whom documents are to be possessed, retained, indexed, archived, backed-up, preserved, maintained, or destroyed;

    d.   Your policies, procedures, and practices regarding the retention of email and other electronically stored information; and

    e.   Your adherence or failure to adhere to these policies, procedures, and practices with respect to documents concerning and responsive to these Requests in this action.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and things concerning any policies, procedures, or practices relating to intellectual property, including determining whether any of its products, or its manufacture, offer for sale, sale, or use has infringed, or would or might infringe, the patent rights of another, identifying, analyzing, or reviewing patent rights related to the Accused Product, relating to patent licensing or the exchange of technical information or know-how with others, and introducing any new technology or product, including but not limited to the Accused Product.

14

**Exhibit 1**
**Page 55**

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning your decision to continue to develop, make, use, sell or offer for sale the Accused Product after becoming aware of the Patent-in-Suit, including whether you may need a license to the Patent-in-Suit or whether you may have liability with respect to the Patent-in-Suit.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents concerning any effort or analysis by you to design or redesign the Accused Product so as to avoid infringement of the Patent-in-Suit, the costs of all design around options analyzed, the time spent on such analysis, the estimated time to market for such a design-around, whether the design-around had or has any potential compatibility issues and, if so, the options analyzed to address those issues, whether the design-around had any impact (however measured) on the performance of the systems and services, and the estimated costs that such a design would have added to any product or functionality.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents relating to any alleged noninfringing alternative, including the alleged feasibility and cost to implement such an alternative.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show, on a quarterly and yearly basis, the following information for the Accused Product:

    a.   the actual or expected total number of units manufactured, sold, or offered for sale in the United States;

    b.   the per-unit average sales price of the Accused Product;

**Exhibit 1**
**Page 56**

    c.  the revenues, net of any returns, allowances, or credits, from sales of the Accused Product;

    d.  the cost of goods sold relating to the Accused Product;

    e.  the general and administrative costs attributable to the Accused Product;

    f.  the sales and marketing expenses attributable to the Accused Product;

    g.  the research and development expenses attributable to the Accused Product; and

    h.  all other expenses attributable to the Accused Product.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents relating to the benefits of the Accused Product, including: (1) all Documents comparing, contrasting, weighing, and/or analyzing the relative advantages and disadvantages of the Accused Product and other similar products; (2) all training materials (including videos) provided to customers, employees, contractors, or representatives to the extent such training materials (including videos) related to the sale or use of the Accused Product; (3) all Documents concerning any expected or realized benefits (to you or to your customers or potential customers), including, but not limited to, cost savings, associated with offering the Accused Product, whether technical or financial.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents relating to the success of the Accused Product, including all Documents concerning the realized or expected commercial success, commercial performance, customer satisfaction, customer demand, critiques, problems, shortcomings, challenges, technical success, technical performance, financial performance, financial impact, suitability, competitive position, and/or market position of the Accused Product.

16

**Exhibit 1**
**Page 57**

**REQUEST FOR PRODUCTION NO. 18:**

All documents relating to marketing the Accused Products, including: (1) all Documents relating to marketing, sales, promotion, and advertisement of the Accused Product; (2) all Documents relating to bids, requests for proposal, marketing studies, promotional material, presentations, videos, television advertisements, magazine and/or trade journal advertisements, internet advertising, and radio advertisements concerning said advertising and marketing; (3) all Documents relating to sales literature, user or operating manuals, instruction sheets, specifications and directions, and packaging, including, but not limited to, advertisements, solicitations, videos, internet publications, pamphlets, catalogs, brochures, and all other publications distributed in connection with the manufacture, sale, offer for sale, or transfer of any of the Accused Product, and/or features or components of the Accused Product; and (4) Documents concerning projections, market share, and comparisons of Accused Product features to those of products sold by competitors and market research, studies, surveys, forecasts, comparisons, reports, metrics, evaluations, analyses, commentary, industry reports or assessments concerning the Accused Product.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show the locations (including the U.S., Texas, and this District) where the Accused Product are or were developed, imported, exported, sold, and offered for sale and whether any party other than you was involved in the development, sale, offer for sale, or use.

**REQUEST FOR PRODUCTION NO. 20:**

All business plans relating to each of the Accused Product, including but not limited to, strategic plans, operating plans, marketing plans or studies, sales plans, financial plans, surveys, sales forecasts, budgets, and/or other evaluations, analyses, or assessments concerning the Accused

**Exhibit 1
Page 58**

Product and plans, analyses, forecasts, and/or projections for the pricing of the Accused Product, including documents discussing any list prices, discounts, and/or rebates to be offered for any such Accused Product.

**REQUEST FOR PRODUCTION NO. 21:**

All license agreements that you contend to be for use of technologies that are comparable or analogous to the Patent-in-Suit.

**REQUEST FOR PRODUCTION NO. 22:**

All license agreements concerning the Accused Product.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show royalties paid by Defendants, or paid to Defendants, for the licensing of any patent or technology relating to the Accused Product.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning the financial reports produced, maintained, or run by you in the ordinary course of your business concerning the Accused Product.

**REQUEST FOR PRODUCTION NO. 25:**

All of your periodic (monthly, quarterly, annual) financial statements, from 2010 to the present, including, but not limited to, statements showing realized or expected sales revenue, cost of goods sold, selling expenses, general expenses, administrative expenses, and income, on a product-by-product basis.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and things related to investor events and presentations, including earnings conference calls, webcasts, or other events or presentations, concerning the Accused Product,

**Exhibit 1**
**Page 59**

including video or audio recordings, transcripts, outlines, speaking points, slides, posters, or handouts

**REQUEST FOR PRODUCTION NO. 27:**

All Documents that relate to, refer to, embody, or constitute the organizational or operational documents of Defendants, including any operating agreement, articles of incorporation, bylaws, initial list of officers or directors, organizational minutes, organizational charts, or corporate directories, and documents that relate to your organizational structure(s) for the (a) engineering, design, and research and development, (b) licensing, (c) manufacture and testing, (d) distribution, and (e) marketing, sales, and promotion of the Accused Product, including documents identifying all persons in executive or operational management positions, and Documents sufficient to show the relationship of each of you to each other and to your affiliates, including parent companies, subsidiaries, partnerships, joint ventures, and divisions, including documents sufficient to identify each of your affiliates, parents, and/or subsidiaries that are involved in the developing, making, and/or selling of the Accused Product.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and things referred to, relied upon, and/or identified by Defendants in response to interrogatories served in this action by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents allegedly supporting your claims, defenses, and/or affirmative defenses in the action and/or that you may use to support your claims, defenses, and/or affirmative defenses, including all documents that may be used solely for impeachment, including Your position that venue in this District is inconvenient or improper and any position that refutes Plaintiff's claim for damages.

**Exhibit 1**
**Page 60**

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications sent or received by Steve Bossone relating to this lawsuit, including (1) Documents with or relating to individuals named in his declaration regarding their knowledge or expected testimony and (2) Documents relating to Alnylam's interactions with MD Anderson regarding technologies involving lipid compositions.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show Alnylam's territories, regions, or other geographic market segments, including subdivisions thereof, and how Alnylam assigns employees to those locations and all persons who operate in territories, regions, or other geographic market segments encompassing any part of the District.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications evidencing the employment dates, job descriptions, location of physical office the Employee is expected to report to, if any, sales territory the Employee is assigned to, if any, and city of residence of Employees responsive to Interrogatory No. 1. This request includes both current and former Employees.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications evidencing Alnylam's policies, official and/or unofficial, regarding employee's in-person reporting, hybrid employment, and remote employment and reimbursement of employee expenses.

**REQUEST FOR PRODUCTION NO. 34:**

The business cards of each Employee who resides or has resided in Texas (including this District).

**Exhibit 1
Page 61**

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications evidencing the ownership of and physical location storing data, Documents, or Communications relating to the Accused Product, including but not limited to, clinical research data related to the Accused Product, and the protocols for granting remote access to such data, Documents, or Communications, and the location of any inventory or samples of the Accused Product.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents provided by Alnylam (or on Alnylam's behalf) to medical providers, pharmacies, and patients in Texas (including this District) regarding the operation, facilitation, and administration of the Accused Product, including Communications regarding Alnylam Assist.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications evidencing the operation and facilitation of research and development in Texas and this District, including but not limited to Documents provided to and Communications with medical providers, research administrators, and pharmacies.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications sufficient to identify each pre-clincial experiment, clinical trial, or research project involving Alnylam and/or the Accused Product, including those in this District and with any regulatory agency (*e.g.*, U.S. Food and Drug Administration and the European Medicines Agency).

**REQUEST FOR PRODUCTION NO. 39:**

Communications between Alnylam (or on Alnylam's behalf) and anyone in Texas (including this District), including patients, who (1) use the Accused Product and/or (2) have participated in research or a clinical trial sponsored by or involving Alnylam. By way of non-

**Exhibit 1
Page 62**

limiting example, responsive documents include consent and disclosure forms, "plain language summaries of results" provided to study participants, communications provided in connection with "Alnylam Assist." To the extent that the communications are given to multiple patients in substantially the same form, you may provide an exemplar form and identify how many copies of the form were exchanged between Alnylam and persons in the District. You may redact personally identifying information of patients from these documents, provided that Alnylam indicates that the communication was with a participant in the District.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and analysis supporting Mr. Bossone's claim that the patents in the Orange Book by former or current Alnylam inventors Dinah Sah, Gregory Hinkle, Rene Alvarez, Stuart Milstein, Qingmin Chen, Akin Akinc, Joseph Robert Dorkin, Xiaojun Qin, William Cantley, Muthiah Manoharan, Kallanthottathil G. Rajeev, Jayaprakash Nair, Muthusamy Jayaraman cover the Accused Product, including claim charts, lab notebooks, pre-clinical research and experimentation, and clinical testing,. *See* Dkt. No. 21-1 (First Bossone Decl.), ¶ 16.

22

Exhibit 1
Page 63

Dated: May 7, 2025

**MCKOOL SMITH, P.C.**

*/s/ Christian Hurt*
Christian Hurt
Texas Bar No. 24059987
churt@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: 214-978-4000
Telecopier: 214-978-4044

Jamie Levien (*Admitted to W.D. Tex.*)
New York Bar No. 6161970
jlevien@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1717 K Street NW, Suite1000
Washington, DC 20006
Telephone: 202-370-8300
Telecopier: 202-370-8344

Jennifer Truelove
Texas Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Saif Askar (*Admission Pending*)
New York Bar No. 5833181
saskar@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

***ATTORNEYS FOR PLAINTIFF THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM***

**Exhibit 1
Page 64**

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on May 7, 2025.

*/s/ Christian Hurt*
Christian Hurt

**Exhibit 4**
**Page 65**