IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM**<br><br>**Plaintiff,**<br><br>vs.<br><br>**ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.**<br><br>**Defendants.** | Civil Action No. 1:24-cv-01524-DII<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S UNOPPOSED MOTION TO EXTEND TIME TO
COMPLETE VENUE DEPOSITIONS**

Plaintiff The Board of Regents of the University of Texas System ("Plaintiff" or "Regents") hereby files this Unopposed Motion to Extend Time to Complete Venue Depositions, which currently must be completed on or before August 8, 2025, to extend the deadline to and including September 12, 2025. Plaintiff has met-and-conferred with Defendant, and Defendant does not oppose the relief requested in this Motion.

Good cause exists for this extension. Due to developments after the July 1, 2025 hearing, Plaintiff's counsel now has significant conflicts during the venue-discovery period that impairs the ability to take the six venue depositions by August 8th.

Plaintiff's lead counsel (Christian Hurt) serves as trial counsel for AT&T in the *Headwater Research LLC v. AT&T, Inc.* patent case pending the Eastern District of Texas (2:23-CV-397). On July 17, 2025, the Court set the case for an August 14, 2025 trial date (July 17, 2025 Notice of

Hearing in *Headwater* case).[1] In addition, Plaintiff's counsel (Christian Hurt and Saif Askar) are counsel for all defendants in the *ASUS Technology Licensing Inc. v. AT&T Corp.* case in the Eastern District of Texas (2:23-CV-00486) and have significant roles in that case. On July 7, 2025, the Court entered an August 15, 2025 deadline for rebuttal expert reports.[2] *ASUS* Dkt. No. 533. The *ASUS* case involves eight asserted patents and over a dozen experts. These two new developments makes it extremely difficult for Plaintiff's counsel to depose six Alnylam venue witnesses between now and next Friday (August 8, 2025).

There are six venue depositions that will need to occur in this case. On July 21, 2025, Defendant identified three witnesses to cover Plaintiff's Rule 30(b)(6) topics and Plaintiff, on July 22, 2025, served Rule 30(b)(1) deposition notices for three additional witnesses.[3] The parties met-and-conferred on July 22, 2025 on deposition dates and specifically an extension to allow for these depositions after the *Headwater* trial (expected to be completed by August 22nd). It is Plaintiff's understanding that at least some of Defendant's witnesses are not available the weeks of August 25th or September 1st due to the Labor Day Holiday. On July 25, 2025, Defendant proposed dates for each of the six witnesses, with depositions occurring between August 27, 2025 and September 12, 2025. Plaintiff has accepted those dates (of course, subject to Court approval on extending the venue discovery period). Plaintiff thus has good cause for this Motion.

---

[1] The trial was previously set for July 7, 2025, but the Court informed counsel at the June 24, 2025 Pretrial Conference that "[t]his case is no longer on July 7 jury docket." Dkt. 232 (Minute Entry); June 30, 2025 Notice. Though the Court reset the trial date to August 15, 2025, counsel has since been informed that jury selection will begin on August 14, 2025.

[2] The Court extended the deadline from August 1, 2025 but declined to extend the deadline by 30-days as Defendants requested. Dkt. 541.

[3] These were three of four witnesses whose depositions Plaintiff originally noticed in May. *See* Dkt. 50 (Defendant's Motion for Protective Order). Plaintiff will endeavor to complete these depositions within the ten hours allotted but, if required, may seek leave for additional time.

In addition, no party will be prejudiced by this extension. Per the Court's Order (Dkt. 55), merits discovery and case deadlines are currently stayed. Defendant also does not oppose this extension. Plaintiff does not seek this extension for the purposes of delay, but so its counsel can adequately prepare for and depose these witnesses.

Counsel for the parties conferred in good-faith, and counsel for Defendants do not oppose the requested extension. A proposed order is submitted herewith.

Dated: July 29, 2025

**MCKOOL SMITH, P.C.**

/s/ *Christian J. Hurt*
Christian J. Hurt
Texas Bar No. 24059987
churt@mckoolsmith.com
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: (214) 978-4060
Telecopier: (214) 978-4044

Jamie Levien
New York Bar No. 6161970
jlevien@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1717 K Street NW, Suite 1000
Washington, DC 20006
Telephone: 202-370-8300
Telecopier: 202-370-8344

Jennifer Truelove
Texas Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

>Saif Askar
>New York Bar No. 5833181
>saskar@mckoolsmith.com
>**MCKOOL SMITH, P.C.**
>600 Travis Street, Suite 7000
>Houston, Texas 77002
>Telephone: (713) 485-7300
>Telecopier: (713) 485-7344
>
>*ATTORNEYS FOR PLAINTIFF THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM*

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), counsel for the parties conferred on July 22, 2025. Alnylam does not oppose the Regents' motion.

>/s/ *Christian Hurt*
>Christian Hurt

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on July 29, 2025.

>/s/ *Christian Hurt*
>Christian Hurt

4