IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM<br><br>Plaintiff,<br><br>vs.<br><br>ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.<br><br>Defendants. | Civil Action No. 1:24-cv-1524-DAE<br><br>JURY TRIAL DEMANDED |

**SECOND AMENDED SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 16 and W.D. Tex. Loc. CV-16, the Court issues the following scheduling order.

1. The Parties shall complete ADR in compliance with Local Rule CV-88 no later than December 10, 2025.

2. The Parties asserting claims for relief shall submit a written offer of settlement to opposing parties by November 19, 2025, and each opposing party shall respond, in writing, by November 24, 2025.

3. Fact discovery shall commence on November 14, 2025.[1]

4. The Parties shall file all motions to amend or supplement pleadings or to join additional parties by February 23, 2026.

5. Defendants shall serve preliminary invalidity contentions by November 20, 2025. These contentions should be in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations that Defendants contend are indefinite or lack written description or enablement support under section

---

[1] The stay imposed by the undersigned in his Order on August 6, 2025, Dkt. 64, is now terminated.

112, and (3) an identification of any claims the Defendants contend are directed to ineligible subject matter under section 101. Defendants shall also produce all prior art referenced in the invalidity contentions and technical documents, including software where applicable, sufficient to show the operation of the accused product(s).

    6.    The following schedule shall apply to claim construction proceedings in this case:

        a.    On January 8, 2026, the Parties shall concurrently exchange a list of claim terms a party believes should be construed by the Court.

        b.    On January 15, 2026, the Parties shall concurrently exchange proposed claim constructions.

        c.    On January 15, 2026, the Parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction. With respect to any expert identified, the Parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the Parties shall identify each such item by production number or produce a copy of any such item if not previously produced.

        d.    On or before January 26, 2026, the Parties shall meet and confer to narrow terms in dispute and exchange revised list of terms/constructions.

        e.    On February 2, 2026, Defendants shall file their Opening claim construction brief and any declarations of expert witnesses in support of their positions. The page limit for the Opening Claim Construction Brief shall be 25 pages, exclusive of the caption, signature block, any certificate, and exhibits.

---

[2] Any party may submit rebuttal witness or expert evidence in response to a brief where such evidence is relied upon by the other party.

2

  f. On March 2, 2026, Plaintiff shall file its Responsive claim construction brief with supporting evidence, including any declarations of expert witnesses in support of its responsive positions. The page limit for the Responsive Claim Construction Brief shall be 25 pages, exclusive of the caption, signature block, any certificate, and exhibits.

  g. On March 23, 2026, Defendants shall file their Reply Claim Construction Brief, including any responsive declarations of expert witnesses in support of their responsive positions. The page limit for the Reply Claim Construction Brief shall be 10 pages, exclusive of the caption, signature block, any certificate, and exhibits.

  h. Sur-Reply: On March 30, 2026, Plaintiff shall file its Sur-Reply Claim Construction Brief, including any responsive declaration of expert witnesses in support of its responsive positions. The page limit for the Sur-Reply Claim Construction Brief is 10 pages, exclusive of the caption, signature block, any certificate, and exhibits.

  i. The parties shall file a Joint Claim Construction Statement by April 6, 2026.

  j. Claim Construction Hearing: The *Markman* hearing will be conducted at 9:00 AM on April 27, 2026.

7. Final Infringement Contentions and Final Invalidity Contentions.[3] The deadline for serving Final Infringement Contentions shall be four weeks after the claim construction order is issued. After this date, leave of Court is required for any amendment to infringement contentions. The deadline for serving Final Invalidity Contentions shall be six weeks after the claim construction order is issued. After this date, leave of Court is required for any amendment

---

[3] Neither party will be required to seek leave to amend their contentions prior to the final contention due date. The parties will only be required to seek leave to amend their contentions after the final contention due date.

to invalidity contentions. These deadlines do not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions.

8. The Parties shall complete all fact discovery on or before September 11, 2026.

9. All Parties with the initial burden of proof shall exchange opening expert reports (and all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) on or before October 5, 2026.

10. The Parties shall exchange rebuttal expert reports (and all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) on or before November 2, 2026.

11. The Parties shall exchange reply expert reports (and all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) on or before November 23, 2026.

12. The Parties shall complete all expert discovery on or before December 22, 2026.

13. All motions for summary judgment ("MSJs") and motions to strike expert testimony (including *Daubert* motions) shall be filed no later than January 22, 2027. Responses thereto shall be filed by February 19, 2027. Replies in support of such motions shall be filed by March 5, 2027, but the Court need not wait for the reply before ruling on the motion. The number of MSJs or motions to strike expert testimony (including *Daubert* motions) is not limited. However, opening MSJs and motions to strike expert testimony (including *Daubert* motions) shall be limited to 30 pages total (regardless of the number of motions).[4] Responses shall be limited to 30 pages total for responding to all motions. Replies shall be limited to 15 pages total for replying to all motions.

14. The hearing on MSJs and motions to strike expert testimony (including *Daubert* motions) will be set by the Court after all replies have been filed.

---

[4] For clarity, if a party files 5 motions to strike expert testimony (including *Daubert* motions) and 6 MSJs, that party is limited to 30 pages total for the 5 motions to strike expert testimony (including *Daubert* motions) and 6 MSJs. In other words, each party is limited to 30 pages total for both motions to strike expert testimony (including *Daubert* motions) and MSJs, regardless of the number of motions to strike expert testimony (including *Daubert* motions) and MSJs that party files.

15.    The Court will set this case for final pretrial conference and trial at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The Parties shall consult Local Rule CV-16(f)-(g) regarding matters to be filed in advance of the final pretrial conference. After the pretrial conference has been set, the parties shall meet and confer prior to the final pretrial conference to agree upon and submit a schedule for the exchange of pretrial materials.

16.    The Parties may request that this Court extend any deadline set in this Order by filing a motion on the docket.

SIGNED October 2, 2025,

                         _____
                         MARK LANE
                         UNITED STATES MAGISTRATE JUDGE