UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, | § § § | |
| *Plaintiff*, | § § | |
| | § | No. 1:24-cv-1524-DAE |
| v. | § § | |
| ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC., | § § § | |
| | § | |
| *Defendants*. | § | |

<u>ORDER GRANTING MOTION TO STAY</u>

Before the Court is Defendants Alnylam Pharmaceuticals Inc. and
Alnylam U.S. Inc.'s ("Alnylam" or Defendants") Opposed Motion to Continue to
Stay This Case Pending Resolution of its Renewed Motion to Dismiss and/or
Transfer ("Motion to Stay"), filed on September 24, 2025.  (Dkt. # 68.)  Plaintiff
The Board of Regents of The University of Texas System ("the University" or
"Plaintiff") filed a response on October 1, 2025.  (Dkt. # 75.)  Defendants replied
on October 8, 2025.  (Dkt. # 78.)

The Court finds this matter suitable for disposition without a hearing.
After careful consideration of the parties' briefs and the relevant law, the Court
**GRANTS** Defendants' Motion to Stay for the reasons below.

1

BACKGROUND

This case involves the alleged infringement of the University's U.S. Patent No. 8,895,717 ("'717 Patent"), which is titled "Delivery of siRNA by neutral lipid compositions." (Dkts. ## 1, 1-1.) In its suit, the University alleges that a medication sold by Alnylam, ONPATTRO®, infringes the '717 Patent. (Dkt. # 1 at 5–6.)

On February 5, 2025, Alnylam moved to dismiss the case on the basis that venue is improper in this District. (Dkt. # 21.) On April 30, 2025, Alnylam filed an Opposed Motion to Stay Discovery Pending Resolution of its Motion to Dismiss and/or Transfer ("Alnylam's First Motion to Stay"). (Dkt. # 38.) Following a hearing in front of U.S. Magistrate Judge Mark Lane, Judge Lane issued an order granting in part and denying in part Alnylam's First Motion to Stay. (Dkt. # 55.) Specifically, Judge Lane granted the University's request for limited venue discovery and stayed all other discovery deadlines in the case. (Id.) The Court subsequently denied Alnylam's motion to dismiss without prejudice to refiling it following venue discovery. (Dkt. # 57.) Venue discovery closed on September 12, 2025. (Text Order Granting Dkt. # 60.) On September 24, 2025, Alnylam filed a Renewed Motion to Dismiss the Complaint for Improper Venue or in the Alternative Transfer Under Rule 12(b)(3) ("Renewed Motion to Dismiss or Transfer"). (Dkt. # 70.)

2

Alnylam now moves to stay the case pending resolution of its
Renewed Motion to Dismiss or Transfer.  (Dkt. # 68.)

## LEGAL STANDARD

The Court's authority "to stay proceedings is incidental to the power
inherent in every court to control the disposition of the causes on its docket with
economy of time and effort for itself, for counsel, and for litigants."  Landis v. N.
Am. Co., 299 U.S. 248, 254 (1936); see In re Ramu Corp., 903 F.2d 312, 318 (5th
Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide
discretion to control the course of litigation, which includes authority to control the
scope and pace of discovery.").  The Supreme Court has explained that this power
grants the Court "broad discretion to stay proceedings as an incident to its power to
control its own docket."  Clinton v. Jones, 520 U.S. 681, 706 (1997).  When
deciding whether to stay a case under Landis, courts generally consider "the
competing interests which will be affected by the granting or refusal to grant a stay,
including the possible damage which may result from the granting of a stay, the
hardship or inequity which a party may suffer in being required to go forward, and
the orderly course of justice measured in terms of the simplifying or complicating
of issues, proof, and questions of law which could be expected to result from a
stay."  Fishman Jackson PLLC v. Israely, 180 F. Supp. 3d 476, 482 (N.D. Tex.
2016) (internal quotation marks and citations omitted).

DISCUSSION

Defendants argue that the Court should stay the case until the Court rules on the pending Renewed Motion to Dismiss or Transfer.  (Dkt. # 68 at 2.) Defendants contend that permitting the case to continue in light of the motion would waste judicial resources and result in duplicative proceedings if the case is ultimately transferred.  (Id. at 8–10.)  Defendants further assert that, absent a stay, they will suffer hardship as they will be forced to expend resources litigating substantive matters in this Court where the rules differ from those used by the potential transferee court.  (Id. at 7.)

Plaintiff counters that continuing with the case will not prejudice Defendants because they will need to engage in the same merits discovery whether the case is litigated here or in another forum.  (Dkt. # 75 at 7.)  Rather, Plaintiff argues, should the case be stayed, it is Plaintiff who will be prejudiced, as a stay would only delay the case and interfere with Plaintiff's right to timely enforce its patent.  (Id. at 8–10.)

With these competing interests in mind, the Court finds that granting a stay pending resolution of the Renewed Motion to Dismiss or Transfer is appropriate.  While it is true that Defendants will need to participate in discovery in either forum, the Federal Circuit has recognized that forcing defendants to expend resources litigating substantive matters while a motion to transfer remains

pending wastes party and judicial resources.  See In re Netflix, Inc., No. 2021-190, 2021 WL 4944826, at *1–2 (Fed. Cir. Oct. 25, 2021) ("Delays in resolving transfer motions, coupled with ongoing discovery, claim construction, and other proceedings, frustrate the purpose of § 1404(a) by forcing defendants 'to expend resources litigating substantive matters in an inconvenient venue while a motion to transfer lingers unnecessarily on the docket.'") ; In re Apple Inc., 52 F.4th 1360, 1362–3 (Fed. Cir. 2022).  Moreover, the Federal Circuit has explained that "the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit . . . ." In re Apple at 1363 (citation omitted).  Indeed, "judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected." Id. (cleaned up).

Although Plaintiff argues that it will be prejudiced by a stay while Defendants remain unharmed, the Court is not persuaded by that argument. Plaintiff waited five years to file this suit asserting its patent rights and is seeking only money damages.  (See dkts. ## 68 at 5; 1-1 at 1; 38-4; 1 at 6–7.)  Under these circumstances, the Court finds that Plaintiff is unlikely to suffer significant or undue prejudice from a stay to allow for resolution of the Renewed Motion to Dismiss or Transfer.

In <u>Landis v. North American Co.</u>, the Supreme Court established that district courts have broad discretion to control their dockets, including staying proceedings to promote efficient case management. 299 U.S. at 254. Here, staying the case while the Court addresses the Renewed Motion to Dismiss or Transfer serves both judicial economy and fairness. The Court notes that it will make every effort to expedite consideration of Defendants' Renewed Motion to Dismiss or Transfer (Dkt. # 70) consistent with the Court's difficult docket. Accordingly, the Court **GRANTS** Defendants' Motion to Stay (Dkt. # 68).

CONCLUSION

For the reasons stated above, Defendants' Motion to Stay is **GRANTED**. (Dkt. # 68.)

**IT IS SO ORDERED.**

**SIGNED**: Austin, Texas, November 4, 2024.

Hon. David Alan Ezra
Senior United States District Judge